MORGAN, LEWIS & BOCKIUS LLP
Brian D. Berry, Bar No. 229893
Sarah Zenewicz, Bar No. 258068
One Market
Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001
brian.berry@morganlewis.com
sarah.zenewicz@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Anahi Cruz, Bar No. 324326
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:     +1.213.612.2500
Fax:    +1.213.612.2501
anahi.cruz@morganlewis.com

Attorneys for Defendants
AMAZON.COM INC., AMAZON.COM SERVICES
LLC, AND AMAZON WEB SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE OBRIEN, as an individual and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability corporation; AMAZON WEB SERVICES, INC., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:22-cv-00348-JSC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   April 7, 2022<br>Time:  9:00 a.m.<br>Dept.:  Courtroom E – 15th Floor<br>Hon. Jacqueline Scott Corley<br><br>Action Filed: Dec. 15, 2021 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that on April 7, 2022, at 9:00 a.m., or as soon thereafter as counsel may be heard before the Honorable Jacqueline Scott Corley, of the San Francisco Courthouse of the above-entitled court, located at 450 Golden Gate Ave. San Francisco, CA 94102, Defendants Amazon.com Inc., Amazon.com Services LLC, and Amazon Web Services, Inc. (collectively, "Amazon") will, and hereby do, move this Court pursuant to Fed. R. Civ. P. 12(b)(6) for an order dismissing Plaintiff Michele Obrien's Complaint for failure to state a claim upon which relief can be granted, based on the following grounds:

1.      Plaintiff's First Cause of Action for Age Discrimination in Violation of Fair Employment and Housing Act ("FEHA") fails to state a claim in accordance with Fed. R. Civ. P. 8 because Plaintiff does not set forth factual allegations sufficient to plausibly suggest Amazon discriminated against her because of her age.

2.      Plaintiff's Second Cause of Action for Failure to Prevent or Correct Discrimination Under FEHA fails to state a claim in accordance with Fed. R. Civ. P. 8 because Plaintiff does not set forth factual allegations sufficient to plausibly suggest that Amazon failed to prevent or correct age discrimination.

3.      Plaintiff's Third Cause of Action under California's Unfair Competition Law ("UCL") fails to state a claim because Plaintiff does not allege a violation of FEHA, does not allege that she lacks an adequate remedy at law, and does not have standing to seek equitable relief.

4.      Plaintiff asserts individual and putative class claims that are time-barred.

5.      Plaintiff fails to state any class claims because Plaintiff does not set forth factual allegations sufficient to plausibly suggest that she is similarly situated to the putative class she purports to represent.

6.      Plaintiff fails to allege facts sufficient to plausibly suggest an employment relationship with Defendant Amazon.com Inc. or Defendant Amazon Web Services, Inc.

Amazon also moves this Court pursuant to Fed. R. Civ. P. 12(f) and 23 to strike the class allegations from Plaintiff's Complaint on the grounds that Plaintiff's conclusory allegations fail to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:22-cv-00348-JSC

DEFENDANTS' MOTION TO DISMISS OR STRIKE

1   plausibly allege any class claim.  Compl. ¶¶ 34-42, Prayer for Relief 1-3, and all references to

2   "Class Members."

3        The Motion to Dismiss and Motion to Strike are based on this Notice of Motion, the

4   Memorandum of Points and Authorities, the pleadings on file herein and such arguments and

5   admissible evidence as may be presented at the time of hearing.

6

7   Dated: February 8, 2022                          MORGAN, LEWIS & BOCKIUS LLP

8

9                                     By  /s/ Brian D. Berry
                                          Brian D. Berry
10                                        Sarah Zenewicz
                                          Anahi Cruz
11                                        Attorneys for Defendants
                                          AMAZON.COM INC., AMAZON.COM
12                                        SERVICES LLC, AND AMAZON WEB
                                          SERVICES, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -                                    Case No. 3:22-cv-00348-JSC
DEFENDANTS' MOTION TO DISMISS OR STRIKE

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ....................................................................................................... 1

II.     SUMMARY OF ALLEGATIONS AND PROCEDURAL HISTORY ......................... 2

    A.      Plaintiff's Employment at the Sycamore Canyon Warehouse in 2018 ................... 2

    B.      Plaintiff's Employment at the Moreno Valley Fulfillment Center in 2019 ........... 3

    C.      Plaintiff's DFEH Charge and Complaint ............................................................. 3

III.    LEGAL STANDARD ................................................................................................ 3

IV.     ARGUMENT ............................................................................................................. 5

    A.      Plaintiff Pleads No Facts to Support an Inference of Intentional Age
        Discrimination (First Cause of Action) ................................................................. 5

        1.      Amazon's Age-Neutral Application of Its Productivity Standards Is
            the Opposite of Disparate Treatment Discrimination ............................... 6

        2.      Plaintiff Alleges No Facts to Support an Inference of Age Animus .......... 7

        3.      Plaintiff Does Not Allege She Performed Her Job Competently ............... 8

    B.      The Complaint Fails to Plead Facts Sufficient to Support a Plausible
        Disparate Impact Claim (First Cause of Action) ................................................... 9

        1.      Plaintiff Does Not Isolate and Identify a Specific Employment
            Practice to Challenge with a Disparate Impact Claim ............................ 10

        2.      Plaintiff Alleges No Facts Regarding the Critical Causation
            Element ................................................................................................ 11

    C.      Plaintiff's FEHA Claim for Failure to Prevent or Correct Discrimination
        Fails Along with Her Underlying Discrimination Claims (Second Cause of
        Action) ............................................................................................................... 12

    D.      Plaintiff Cannot Maintain Her Claim for Violation of California's Unfair
        Competition Law (Third Cause of Action) ......................................................... 13

    E.      Plaintiff Cannot Pursue Time-Barred Individual and Class Claims ..................... 14

    F.      The Court Should Strike or Dismiss the Class Claims Because the
        Complaint Pleads No Facts That Plausibly Suggest She Is Similarly
        Situated to Members of the Class ....................................................................... 16

    G.      The Complaint Lacks Facts Sufficient to Support Claims Against
        Amazon.com Inc. and Amazon Web Services, Inc ............................................. 18

V.      CONCLUSION ....................................................................................................... 19

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Abdul-Haqq v. Kaiser Emergency in San Leandro*
2017 WL 1549480 (N.D. Cal. May 1, 2017) ................................................................. 13

*Ahmed v. W. Ref. Retail, LLC*
2021 WL 2548958 (C.D. Cal. 2021) .......................................................................... 14

*Airy v. City of Hesperia*
2019 WL 8017811 (C.D. Cal. Sept. 13, 2019) .............................................................. 12

*Alvarado v. Wal-mart Assocs., Inc.*
2020 WL 6526372 (C.D. Cal. Aug. 7, 2020) ................................................................ 17

*Am. Fed'n of State, Cty., & Mun. Emps., AFL-CIO (AFSCME) v. State of Wash.*
770 F.2d 1401 (9th Cir. 1985) ............................................................................. 7, 10

*Andrade v. Arby's Rest. Grp., Inc.*
2015 WL 6689475 (N.D. Cal. Nov. 3, 2015) ................................................................ 18

*Aplin v. Faurecia Interior Sys., Inc.*
2020 WL 7017385 (E.D. Mich. July 30, 2020) ............................................................... 6

*Arizona ex rel. Horne v. Geo Grp., Inc.*
816 F.3d 1189 (9th Cir. 2016) ........................................................................... 15, 16

*Asencio v. Miller Brewing Co.*
283 F. App'x. 559 (9th Cir. 2008) ........................................................................... 13

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ........................................................................................ 4, 7

*Ayala v. Frito Lay, Inc.*
263 F. Supp. 3d 891 (E.D. Cal. 2017) ...................................................................... 13

*Baker v. City of San Diego*
463 F. Supp. 3d 1091 (S.D. Cal. 2020) ..................................................................... 12

*Barnett v. Kapla*
2020 WL 7428321 (N.D. Cal. Dec. 18, 2020) ............................................................... 14

*Barranco v. 3D Sys. Corp.*
952 F.3d 1122 (9th Cir. 2020) .............................................................................. 13

*Bayne v. Bowles Hall Found.*
2021 WL 3426921 (N.D. Cal. Aug. 5, 2021) ................................................................. 18

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- ii -                                                                 Case No. 3:22-cv-00348-JSC

DEFENDANTS' MOTION TO DISMISS OR STRIKE

1

2

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

3

4

*Bell Atlantic Corp. v. Twombly*
   550 U.S. 544 (2007) ............................................................................. 3, 4, 7

5

*Bush v. Vaco Tech. Servs., LLC*
   2018 WL 2047807 (N.D. Cal. May 2, 2018) .................................... 17, 18

6

7

*Byrd v. Masonite Corp.*
   2016 WL 756523 (C.D. Cal. Feb. 25, 2016) ........................................ 18

8

9

*Church v. Consol. Freightways, Inc.*
   137 F.R.D. 294 (N.D. Cal. 1991) .................................................... 15, 16

10

*Clausnitzer v. Fed. Express Corp.*
   2008 WL 11333470 (C.D. Cal. Mar. 18, 2008) ..................................... 9

11

12

*Domingo v. New England Fish Co.*
   727 F.2d 1429 (9th Cir.) .................................................................. 15, 16

13

14

*Duarte v. Quality Loan Serv. Corp.*
   2018 WL 2121800 (C.D. Cal. May 8, 2018) ........................................ 11

15

*Durante v. Qualcomm, Inc.*
   144 F. App'x. 603 (9th Cir. 2005) ........................................................ 10

16

17

*Edwards v. Oportun, Inc.*
   193 F. Supp. 3d 1096 (N.D. Cal. 2016) ................................................. 5

18

19

*Ellis v. Costco Wholesale Corp.*
   657 F.3d 970 (9th Cir. 2011) ................................................................ 14

20

*Enoh v. Hewlett Packard Enter. Co.*
   2018 WL 3377547 (N.D. Cal. July 11, 2018) ............................ 11, 12, 16

21

22

*Fantasy, Inc. v. Fogerty*
   984 F.2d 1524 (9th Cir. 1993) ................................................................ 5

23

24

*Foreman v. Clear Channel Outdoor, Inc.*
   2010 WL 5069704 (N.D. Cal. Dec. 7, 2010) ......................................... 8

25

*Fragada v. United Airlines, Inc.*
   2017 WL 4586933 ............................................................................... 13

26

27

*Fresquez v. Cty. of Stanislaus*
   2014 WL 1922560 (E.D. Cal. May 14, 2014) ........................................ 8

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- iii -                              Case No. 3:22-cv-00348-JSC

DEFENDANTS' MOTION TO DISMISS OR STRIKE

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Hall v. Apartment Inv. & Mgmt. Co.*
   2011 WL 940185 (N.D. Cal. Feb. 18, 2011)..........................................................................18

*Harris v. Cty. of Orange*
   682 F.3d 1126 (9th Cir. 2012)..........................................................................................15

*Hassell v. Uber Techs., Inc.*
   2020 WL 7173218 (N.D. Cal. Dec. 7, 2020) ...................................................................13

*Heredia v. TTM Techs. Inc.*
   2018 WL 3566869 (N.D. Cal. July 25, 2018) ....................................................................8

*Hicks v. Netflix, Inc.*
   2020 WL 2463380 (C.D. Cal. Mar. 19, 2020) .................................................................12

*Hovsepian v. Apple, Inc.*
   2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ...................................................................5

*In re Stac Elecs. Sec. Litig.*
   89 F.3d 1399 (9th Cir. 1996)..............................................................................................4

*Int'l Bhd. of Teamsters v. United States*
   431 U.S. 324 (1977).............................................................................................................9

*Jianqing Wu v. Special Couns., Inc.*
   54 F. Supp. 3d 48 (D.D.C. 2014) .......................................................................................6

*Jones v. Lewis*
   2020 WL 6149693 (N.D. Cal. Oct. 20, 2020) ...................................................................8

*Jue v. Costco Wholesale Corp.*
   2010 WL 889284 (N.D. Cal. Mar. 11, 2010) ..................................................................16

*Lacayo v. Donahoe*
   2015 WL 993448 (N.D. Cal. Mar. 4, 2015) ......................................................................8

*Marquez v. Am. Red Cross*
   2009 WL 10673156 (C.D. Cal. Nov. 5, 2009) ...................................................................8

*Mendiondo v. Centinela Hosp. Med. Ctr.*
   521 F.3d 1097 (9th Cir. 2008)............................................................................................4

*Moss v. U.S. Secret Serv.*
   572 F.3d 962 (9th Cir. 2009)..........................................................................................4, 7

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- iv -

Case No. 3:22-cv-00348-JSC

DEFENDANTS' MOTION TO DISMISS OR STRIKE

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Parcinski v. Outlet Co.*
673 F.2d 34 (2d Cir. 1982)....................................................................................... 6

*Rasmussen v. Apple Inc.*
27 F. Supp. 3d 1027 (N.D. Cal. 2014) ..................................................................... 5

*Rhodes v. Adams & Assocs., Inc.*
817 F. App'x. 508 (9th Cir. 2020) ........................................................................... 5

*Sanders v. Apple Inc.*
672 F. Supp. 2d 978 (N.D. Cal. 2009) ..................................................................... 5

*Sidlow v. Nexstar Broad., Inc.*
2015 WL 1044763 (E.D. Cal. Mar. 10, 2015) ......................................................... 8

*Slayman v. FedEx Ground Package Sys., Inc.*
765 F.3d 1033 (9th Cir. 2014)................................................................................. 14

*Smith v. City of Jackson*
544 U.S. 228 (2005) ........................................................................................... 9, 10

*Sonner v. Premier Nutrition Corp.*
971 F.3d 834 (9th Cir. 2020)................................................................................... 13

*Starr v. Baca*
652 F.3d 1202 (9th Cir. 2011)................................................................................... 4

*Stockwell v. City & Cty. of San Francisco*
749 F.3d 1107 (9th Cir. 2014)........................................................................ 5, 9, 10

*Streets v. Space Sys./Loral, LLC*
2021 WL 4146962 (N.D. Cal. Sept. 13, 2021) ........................................... 14, 15, 16

*Trazo v. Nestle USA, Inc.*
2013 WL 4083218 (N.D. Cal. Aug. 9, 2013)............................................................ 5

*Valencia v. N. Star Gas Co.*
291 F. Supp. 3d 1155 (S.D. Cal. 2018) .................................................................. 18

*Vizcaino v. Areas USA, Inc.*
2015 WL 13573816 (C.D. Cal. Apr. 17, 2015) ........................................................ 9

*W. Mining Council v. Watt*
643 F.2d 618 (9th Cir. 1981)..................................................................................... 4

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:22-cv-00348-JSC

DEFENDANTS' MOTION TO DISMISS OR STRIKE

1

2

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

3

4

*Wal–Mart Stores, Inc. v. Dukes*
    564 U.S. 338 (2011) ................................................................................. 14, 17

5

*Whitsitt v. Barbosa*
    2007 WL 1725487 (E.D. Cal. June 14, 2007) ........................................... 6

6

7

*Wood v. City of San Diego*
    2010 WL 2382335 (S.D. Cal. June 10, 2010) ........................................... 7

8

9

*Wood v. City of San Diego*
    678 F.3d 1075 (9th Cir. 2012) ................................................................... 7

10

*Zamora v. Penske Truck Leasing Co., L.P.*
    2021 WL 809403 (C.D. Cal. 2021) ............................................... 4, 16, 17

11

**CALIFORNIA CASES**

12

13

*Guz v. Bechtel Nat. Inc.*
    24 Cal. 4th 317 (2000) ............................................................................ 6, 7

14

15

*Korea Supply Co. v. Lockheed Martin Corp.*
    29 Cal. 4th 1134 (2003) ............................................................................ 14

16

*Mahler v. Jud. Council of California*
    67 Cal. App. 5th 82 (2021) .................................................................. 9, 11

17

18

*Trujillo v. North County Transit Dist.*
    63 Cal. App. 4th 280 (1998) ..................................................................... 12

19

20

*Vernon v. State*
    116 Cal. App. 4th 114 (2004) ................................................................... 18

21

**FEDERAL STATUTES**

22

ADEA ............................................................................................... 6, 7, 9, 16

23

**CALIFORNIA STATUTES**

24

2017 Cal. Legis. Serv. Chapter 799 ................................................... 14, 15

25

California Business & Professions Code § 17200, *et seq.* ..................... *passim*

26

California Government Code § 12960 .................................................. 14, 15

27

California's Fair Employment and Housing Act ..................................... *passim*

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- vi -

Case No. 3:22-cv-00348-JSC

DEFENDANTS' MOTION TO DISMISS OR STRIKE

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

**OTHER AUTHORITIES**

2 C.C.R § 11074 ................................................................................................................ 12

Assembly Bill 9 ................................................................................................................... 14

Fed. R. Civ. P. 23 ................................................................................................................. 5

Rule 12(b)(6) ............................................................................................................... *passim*

Rule 12(f) ........................................................................................................................ 2, 5

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- vii -

Case No. 3:22-cv-00348-JSC

1    **I.      INTRODUCTION**

2          Based on nothing but bare conclusions, Plaintiff Michele Obrien asserts age

3    discrimination claims under California's Fair Employment and Housing Act ("FEHA") against

4    Defendants Amazon.com Inc., Amazon.com Services LLC, and Amazon Web Services, Inc.

5    (collectively, "Amazon").  She purports to represent a sprawling and amorphous class of every

6    older employee at an Amazon warehouse or fulfillment center in California who worked under

7    "any policy or practice of Amazon regarding 'rate of production' for their work and/or work

8    production quotas," since December 15, 2017.[1]  Compl. ¶ 34.  According to Plaintiff, these

9    productivity standards trigger adverse employment actions ranging from reprimands to demotions

10   to terminations—more often for older workers than younger workers.  Plaintiff generically alleges

11   that Amazon uses productivity standards to intentionally discriminate against all older workers

12   statewide and that Amazon's use of these standards has a substantially disproportionate adverse

13   impact on older workers.  But Plaintiff's threadbare allegations are nowhere near enough to state

14   a claim for relief.

15         Plaintiff's disparate treatment claim stands discrimination law on its head.  According to

16   the Complaint, Amazon applied its productivity standards equally to all employees regardless of

17   their ages but should have "adjusted or altered" the standards to accommodate older workers.

18   Compl. ¶¶ 21, 29.  Not surprisingly, the Complaint contains no allegation that age motivated

19   Amazon's use of productivity standards, which dooms her disparate treatment claim.

20         Plaintiff's disparate impact claim fares no better.  She fails to isolate and identify any

21   specific employment practice to challenge, opting instead to vaguely attack all employment

22   practices that somehow relate to productivity standards.  She also pleads no figure, statistic,

23   document, anecdote—nothing—to support a plausible inference that Amazon's productivity

24   standards disproportionately affect older workers.  Without allegations to satisfy the critical

25   causation element, she is left with nothing but her own stereotype that older workers "cannot keep

26

27   _____

28   [1] Amazon uses the term "older" herein to refer to individuals who are 40 years old or older, and it
     uses the term "younger" to refer to individuals who are under 40 years old.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  up" with younger workers.  Compl. ¶¶ 22, 24, 25, 30, 31.  But this mantra, repeated time and

2  again in the Complaint, is no substitute for substantial factual allegations.

3      Other pleading defects abound in the Complaint.  It purports to state time-barred

4  individual and class claims; asserts a UCL claim for which Plaintiff lacks standing; pursues class

5  claims without a shred of support for her conclusion that Plaintiff is similarly situated to all

6  Amazon warehouse and fulfillment center employees across the state; and speculates that

7  Defendant Amazon.com, Inc. and Defendant Amazon Web Services, Inc. employed her.

8      Thus, Amazon respectfully requests an order granting relief under Rule 12(b)(6) and Rule

9  12(f).

10  **II.     SUMMARY OF ALLEGATIONS AND PROCEDURAL HISTORY**

11      **A.     <u>Plaintiff's Employment at the Sycamore Canyon Warehouse in 2018.</u>**

12      Plaintiff alleges that she had two separate tenures working for Amazon in California.

13  Compl. ¶¶ 19, 28.  First, when she was 48 years old, she worked at a warehouse facility in

14  Sycamore Canyon, California for a month or less in October 2018.  *Id*. ¶¶ 19, 26.  Amazon

15  required her and other warehouse employees to meet "'rate of production' and/or work

16  production quotas" for their work "packing, stowing, and sorting . . . packages and filling and

17  emptying . . . boxes and bins and containers."  *Id*. ¶ 23.  Amazon applied the same productivity

18  standards to all employees regardless of their ages.  *Id*. ¶ 21 ("Amazon did not adjust or alter this

19  'rate of production' and/or work production quota to account for Ms. Obrien's or other

20  employees' age and the 'rate of production' and/or work production quota was applied to

21  employees below the age of 40 at the same rate.")  According to Plaintiff's allegations, the

22  productivity standards at the Sycamore Canyon warehouse caused her and other older employees

23  to suffer work-related injuries and to experience significant stress from supervisors' criticisms

24  and reprimands.  *Id*. ¶¶ 24, 25.  Plaintiff also alleges that the productivity standards caused

25  transfers, demotions, and terminations at a higher rate for older employees than younger

26  employees. *Id*. ¶ 47.  Amazon terminated Plaintiff's employment at the Sycamore Canyon facility

27  because she was "not able to meet" the productivity standards.  *Id*. ¶ 26.

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

- 2 -                           Case No. 3:22-cv-00348-JSC

DEFENDANTS' MOTION TO DISMISS OR STRIKE

### B.   Plaintiff's Employment at the Moreno Valley Fulfillment Center in 2019.

Only a year later, in 2019, when Plaintiff was 49 years old, Amazon rehired her to work at a fulfillment center in Moreno Valley.  *Id*. ¶ 28.  Plaintiff alleges that the productivity standards at the Moreno Valley fulfillment center caused her and other older employees to suffer work-related injuries and to experience significant stress from supervisors' criticisms and reprimands, and that the productivity standards caused older employees to suffer higher rates of transfers, demotions and terminations.  *Id*. ¶¶ 31, 33, 47.  When Plaintiff failed to meet the productivity standards at the Moreno Valley fulfillment center, which applied to all employees regardless of age, Amazon terminated her, in October 2019.  *Id*. ¶¶ 29, 30, 32.

### C.   Plaintiff's DFEH Charge and Complaint.

On October 4, 2021, Plaintiff submitted an administrative charge to the Department of Fair Employment and Housing ("DFEH") against Defendants Amazon.com Inc., Amazon.com Services LLC, and Amazon Web Services Inc.  Compl. ¶ 18.

On December 15, 2021, Plaintiff filed her Class Action Complaint for Damages, alleging claims for: (1) age discrimination in violation of FEHA; (2) failure to prevent or correct discrimination under FEHA; and (3) unfair business practices in violation of California Business & Professions Code section 17200, *et seq*. ("UCL").  The "failure to prevent or correct" claim and the UCL claim are derivative of her discrimination claims.  Plaintiff seeks to represent "all current and former employees of Amazon, aged 40 or older, who worked at Amazon warehouses or fulfillment centers in California and who have been or continue to be subjected to, or had to meet, any policy or practice of Amazon regarding 'rate of production' for their work and/or work production quotas, during the period from December 15, 2017 to the present[.]"  Compl. ¶ 34.

## III.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint's allegations.  A court must dismiss a claim unless the complaint articulates "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6).  The "plausibility standard is not akin to a 'probability requirement,' but rather, it asks for more than a sheer possibility that a defendant has acted

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:22-cv-00348-JSC

DEFENDANTS' MOTION TO DISMISS OR STRIKE

1   unlawfully" or "facts that are 'merely consistent with' a defendant's liability." *Ashcroft v. Iqbal*,

2   556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556-57).  A complaint must contain

3   "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of

4   action." *Twombly*, 550 U.S. at 555; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)

5   ("[B]are assertions… amounting to nothing more than a 'formulaic recitation of the elements'" of

6   a claim "are not entitled to an assumption of truth" (quoting *Iqbal*, 556 U.S. at 681).  Therefore,

7   the Court may not "assume the truth of legal conclusions merely because they are cast in the form

8   of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *In re Stac*

9   *Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (holding "[c]onclusory allegations of law

10  and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a

11  claim.").

12          The Court considers whether the pleading's "factual content… allows the court to draw

13  the reasonable inference that the defendant is liable for the misconduct alleged," such that "it is

14  not unfair to require the opposing party to be subjected to the expense of discovery and continued

15  litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Dismissal is required when a

16  complaint lacks a cognizable legal theory or fails to allege facts sufficient to support a cognizable

17  legal theory. *Twombly*, 550 U.S. at 555; *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d

18  1097, 1104 (9th Cir. 2008); Fed. R. Civ. P. 12(b)(6).

19          In a putative class action, the plausibility standard under *Twombly* applies not only to the

20  named plaintiff's individual claims, but also to the class claims. *Mish v. TForce Freight*, Inc.,

21  2021 WL 4592124, at *8 (N.D. Cal. Oct. 6, 2021) (observing that "district courts do dismiss class

22  allegations on a 12(b)(6) motion, applying the *Twombly/Iqbal* standard, where the complaint

23  lacks *any* factual allegations and reasonable inferences that establish the plausibility of class

24  allegations," and dismissing class allegations); *Zamora v. Penske Truck Leasing Co., L.P.*, 2021

25  WL 809403, at *3 (C.D. Cal. 2021) (dismissing class claims because "Plaintiffs do not assert any

26  factual support for their class allegations. . . Plaintiffs cannot point to a fish in the surf to force

27  Defendant on a deep-sea charter [of class discovery]").

28          Class allegations are also the proper subject of a motion to strike.  Under Rule 12(f), "the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -                                    Case No. 3:22-cv-00348-JSC

DEFENDANTS' MOTION TO DISMISS OR STRIKE

1   court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter."

2   Fed R. Civ. P. 12(f).  The purpose of such a motion is "to avoid the expenditure of time and

3   money that must arise from litigating spurious issues by dispensing with those issues prior to

4   trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *overruled on other grounds*,

5   510 U.S. 517 (1994) (quoting *Sidney–Vinstein v. A.H. Robins Co*., 697 F.2d 880, 885 (9th Cir.

6   1983)).

7        Class allegations "must at least be plausible" or else a court may strike them.  *Edwards v.*

8   *Oportun, Inc.*, 193 F. Supp. 3d 1096, 1100 (N.D. Cal. 2016); *Sanders v. Apple Inc.*, 672 F. Supp.

9   2d 978, 990 (N.D. Cal. 2009) (holding that "[w]here the complaint demonstrates that a class

10  action cannot be maintained on the facts alleged, a defendant may move to strike class allegations

11  prior to discovery."); *Rasmussen v. Apple Inc.*, 27 F. Supp. 3d 1027, 1045-46 (N.D. Cal. 2014)

12  (granting motion to strike class definition on the ground it included class members who did not

13  experience the alleged legal violations).  Under "Rules 23(c)(1)(A) and 23(d)(1)(D), as well as

14  pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the

15  complaint demonstrates that a class action cannot be maintained."  *Hovsepian v. Apple, Inc.*, 2009

16  WL 5069144, at *2 (N.D. Cal. Dec. 17, 2009).  For "class action allegations to survive [a motion

17  to strike], the complaint must make a prima facie showing that Fed. R. Civ. P. 23(a) and 23(b) can

18  be satisfied."  *Trazo v. Nestle USA, Inc.*, 2013 WL 4083218, at *11 (N.D. Cal. Aug. 9, 2013).

19  ## IV.    ARGUMENT

20  ### A.    Plaintiff Pleads No Facts to Support an Inference of Intentional Age
21        Discrimination (First Cause of Action).

22       "[T]he crux of a disparate treatment case is the subjective *motivation* for an adverse

23  employment decision."  *Stockwell v. City & Cty. of San Francisco*, 749 F.3d 1107, 1115, n.4 (9th

24  Cir. 2014) (emphasis original).  To state a claim for discrimination under FEHA, "a plaintiff must

25  plausibly allege that he (1) was a member of a protected class; (2) was performing competently;

26  (3) suffered an adverse employment action; and (4) circumstances suggest a discriminatory

27  motive."  *Rhodes v. Adams & Assocs., Inc.*, 817 F. App'x. 508, 509 (9th Cir. 2020) (quoting

28  *Wilson v. Cable News Network, Inc.*, 7 Cal. 5th 871, 885 (2019)) (internal quotes omitted); *Guz v.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -                                Case No. 3:22-cv-00348-JSC
DEFENDANTS' MOTION TO DISMISS OR STRIKE

1    *Bechtel Nat. Inc.*, 24 Cal. 4th 317, 355 (2000).

2         Here, Plaintiff's disparate treatment claim fails because she does not plead that Amazon

3    applied the productivity standards differently to older and younger workers, that age motivated

4    Amazon's use of productivity standards, or that she suffered an adverse employment action

5    despite performing her job competently.

6         **1.    Amazon's Age-Neutral Application of Its Productivity Standards Is
           the Opposite of Disparate Treatment Discrimination.**

7

8         Plaintiff admits that Amazon applied its productivity standards equally to all employees

9    regardless of their ages.  Compl. ¶ 21 ("the 'rate of production' and/or work production quota [at

10   the Sycamore Canyon warehouse] was applied to employees below the age 40 at the same rate"),

11   ¶ 29 (same regarding the Moreno Valley fulfillment center), ¶ 46 (alleging "uniform application"

12   of production standards regardless of age).  Nonetheless, she argues that Amazon's equal

13   treatment of older and younger workers constitutes intentional age discrimination because

14   Amazon does not "adjust or alter" its productivity standards "to account for [Plaintiff's] or other

15   employees' age." *Id*. ¶¶ 21, 29.  As a matter of law and commonsense, however, "[t]hat is not

16   actionable discrimination."  *Jianqing Wu v. Special Couns., Inc.*, 54 F. Supp. 3d 48, 53 (D.D.C.

17   2014) (dismissing job applicant's claim under the ADEA predicated on the theory that it was

18   unfair to treat older job applicants the same as younger job applicants by "fail[ing] to factor in

19   valuable experience of old and experienced candidates"); *Whitsitt v. Barbosa*, 2007 WL 1725487,

20   at *2 (E.D. Cal. June 14, 2007) (where plaintiff alleged his employer "require[ed] him to produce

21   work product at the level of a person half his age," dismissing age discrimination claim because

22   "[i]t appears plaintiff was seeking preferential treatment with regard to work demands based on

23   plaintiff's age. However, neither the ADEA or California's Fair Employment and Housing Act

24   contemplate preferential treatment; both require that the person must be satisfactorily performing

25   the job."), report and recommendation adopted, 2007 WL 2086758 (E.D. Cal. July 18, 2007); *see
     also, Parcinski v. Outlet Co.*, 673 F.2d 34, 37 (2d Cir. 1982) ("The ADEA does not require an

26

27   employer to accord special treatment to employees over forty years of age."); *Aplin v. Faurecia

28   Interior Sys., Inc.*, 2020 WL 7017385, at *7 (E.D. Mich. July 30, 2020), report and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 6 -                              Case No. 3:22-cv-00348-JSC
DEFENDANTS' MOTION TO DISMISS OR STRIKE

1    recommendation adopted, 2020 WL 6268448 (E.D. Mich. Oct. 26, 2020) ("[T]he ADEA was not

2    intended to entitle older employees to better treatment than younger employees.") (citing *Slenzka*

3    *v. Landstar Ranger, Inc.*, 122 Fed. App'x. 809, 813 (6th Cir. 2004)).[2]

4                   **2.     Plaintiff Alleges No Facts to Support an Inference of Age Animus.**

5            Beyond the non-cognizable theory that FEHA requires Amazon to provide preferential

6    treatment to older employees, the Complaint is devoid of allegations that age motivated

7    Amazon's use of productivity standards.  Plaintiff asserts only that "older employees could not

8    meet the 'rate of production' and/or quota the way younger employees could" and that Amazon

9    "knew" about this purported performance disparity.  Compl. ¶ 46.  Such "naked assertions"

10   without "further factual enhancement" do not figure into the Court's analysis under Rule

11   12(b)(6).  *Iqbal*, 556 U.S. at 678 (internal quotes omitted).  Thus, the Court must dismiss the

12   disparate treatment claim for this reason alone.  *Id.  Twombly*, 550 U.S. at 570; *Moss*, 572 F.3d at

13   969.

14           Setting aside the Complaint's *Twombly/Iqbal* deficiencies, Plaintiff's disparate treatment

15   theory is ill-conceived:  a claim for intentional discrimination hinges on an employer's subjective

16   motivation—not its knowledge.  *Am. Fed'n of State, Cty., & Mun. Emps., AFL-CIO (AFSCME) v.*

17   *State of Wash.*, 770 F.2d 1401, 1405 (9th Cir. 1985) ("[i]t is insufficient for a plaintiff alleging

18   discrimination under the disparate treatment theory to show the employer was merely aware of

19   the adverse consequences the policy would have on a protected group."); *Wood v. City of San*

20   *Diego*, 2010 WL 2382335, at *6 (S.D. Cal. June 10, 2010) (a plaintiff "must establish that the

21   defendant implemented the policy 'because of, not merely in spite of,' its adverse effects on the

22   protected group") (quoting *Personnel Adm'r of Massachusetts v. Feeney*, 442 U.S. 256, 279

23   (1979)), aff'd, 678 F.3d 1075 (9th Cir. 2012).  Because the Complaint contains no allegation that

24   suggests age animus underlies Amazon's use of productivity standards, the Court must dismiss

25   the disparate treatment claim for this reason as well.  *See, e.g., Wood v. City of San Diego,* 678

26   F.3d 1075, 1081-82 (9th Cir. 2012) (affirming dismissal because "[w]here, as here, a plaintiff is

27

28   _____
     [2] California courts look to federal precedent when interpreting the discrimination provisions of
     FEHA.  *Guz*, 24 Cal. 4th at 354.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 7 -                                    Case No. 3:22-cv-00348-JSC

DEFENDANTS' MOTION TO DISMISS OR STRIKE

1   challenging a facially neutral policy, there must be a specific allegation of discriminatory intent.

2   We agree with the district court that [plaintiff]'s disparate treatment claim must be dismissed

3   under Rule 12(b)(6)."); *Jones v. Lewis*, 2020 WL 6149693, at *3 (N.D. Cal. Oct. 20, 2020)

4   (dismissing disparate treatment claim based on a facially neutral policy because the complaint

5   lacked "a specific allegation of discriminatory intent"); *Marquez v. Am. Red Cross*, 2009 WL

6   10673156, at *4 (C.D. Cal. Nov. 5, 2009) (dismissing age discrimination claim because the

7   plaintiff did not plead facts that suggest "either directly or through reasonable inference a

8   discriminatory animus for his termination.").[3]

9                   **3.      Plaintiff Does Not Allege She Performed Her Job Competently.**

10          According to the Complaint, Plaintiff "could not keep up" with the productivity standards

11  at the Sycamore Canyon warehouse or the Moreno Valley fulfillment center, Compl. ¶¶ 22, 30,

12  and she faults Amazon for failing to "adjust or alter" these standards to account for her age.  *Id.*

13  ¶¶ 21, 29.  But she pleads nothing about the actual productivity standards that Amazon applied to

14  her, and her generic allegations that the standards were too onerous do not satisfy her obligation

15  to plead non-conclusory facts that suggest she performed her job competently.  *See, e.g., Foreman*

16  *v. Clear Channel Outdoor, Inc*., 2010 WL 5069704, at *3 (N.D. Cal. Dec. 7, 2010) (dismissing

17  disparate treatment claim where plaintiffs "d[id] not plead that they competently performed their

18  jobs"); *Fresquez v. Cty. of Stanislaus*, 2014 WL 1922560, at *5 (E.D. Cal. May 14, 2014)

19  (dismissing disparate treatment claim because plaintiff's "threadbare assertion that she was

20

21  ─────────────────────

    [3] *See also, e.g., Heredia v. TTM Techs. Inc.*, 2018 WL 3566869, at *3 (N.D. Cal. July 25, 2018)

22  (dismissing age discrimination claim because "while the Complaint alleges that [the plaintiff] was
    not selected for a machine operator position for which he was qualified, it contains no factual

23  allegations showing that the denial of his job application was due to his age."); *Lacayo v.
    Donahoe*, 2015 WL 993448, at *15 (N.D. Cal. Mar. 4, 2015) (dismissing age discrimination

24  claim because "merely alleging that the plaintiff is over 40 and that other employees were not
    subject to the same employment action . . . is not enough to state a claim absent other facts that

25  connect the employment action to her age); *Sidlow v. Nexstar Broad., Inc*., 2015 WL 1044763, at
    *4 (E.D. Cal. Mar. 10, 2015) ("The Court finds that Plaintiffs failed to make a prima facie case of

26  disparate treatment based on age because they have failed to show that the persons who decided
    to terminate them had discriminatory motives for making this decision. Plaintiffs simply point to

27  a policy that has an allegedly disparate impact on employees over the age of 40.").

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 8 -                          Case No. 3:22-cv-00348-JSC

DEFENDANTS' MOTION TO DISMISS OR STRIKE

competent to perform her duties" was insufficient to state claim); *Vizcaino v. Areas USA, Inc.*, 2015 WL 13573816, at *4 (C.D. Cal. Apr. 17, 2015) (dismissing disparate treatment claim because plaintiff "merely includes conclusory allegations … that he was performing his job competently, without offering any facts in support of that conclusion").

**B.** **The Complaint Fails to Plead Facts Sufficient to Support a Plausible Disparate Impact Claim (First Cause of Action).**

Disparate impact claims "involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another . . ." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 (1977).  To allege a prima facie disparate impact claim under FEHA, "a plaintiff must allege . . ., usually through statistical disparities, that facially neutral employment practices adopted without a deliberately discriminatory motive nevertheless have significant adverse effects on protected groups that they are in operation . . . functionally equivalent to intentional discrimination."  *Mahler v. Jud. Council of California*, 67 Cal. App. 5th 82, 113 (2021) (internal quotation marks omitted) (citing *Jumaane v. City of Los Angeles*, 241 Cal. App. 4th 1390, 1404-1405 (2015)).

As the Supreme Court explained the first time it recognized the viability of a disparate impact claim under the ADEA, "it is not enough to simply allege that there is a disparate impact on workers, or point to a generalized policy that leads to such an impact. Rather, the employee is 'responsible for isolating and identifying the specific employment practices that are allegedly responsible for any observed statistical disparities.'"  *Smith v. City of Jackson,* 544 U.S. 228, 241 (2005) (quoting *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 656 (1989)); *see also Stockwell*, 749 F.3d at 1114 (explaining that the standard for asserting a prima facie disparate impact claim under FEHA is "parallel to that under the ADEA"); *Clausnitzer v. Fed. Express Corp.*, 2008 WL 11333470, at *4, 11 (C.D. Cal. Mar. 18, 2008) (same).

The Ninth Circuit has stressed that "'[i]dentifying a specific practice is not a trivial burden' in age discrimination cases alleging disparate impact."  *Stockwell*, 749 F.3d at 1114 (quoting *Meacham v. Knolls Atomic Power Lab.,* 554 U.S. 84, 101 (2008)).  As a result, "[p]laintiffs generally cannot attack an overall decisionmaking process in the disparate impact

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 9 -                                                     Case No. 3:22-cv-00348-JSC
DEFENDANTS' MOTION TO DISMISS OR STRIKE

context, but must instead identify the particular element or practice within the process that causes an adverse impact." *Durante v. Qualcomm, Inc.*, 144 F. App'x. 603, 606 (9th Cir. 2005) (quoting *Stout v. Potter*, 276 F.3d 1118, 1124 (9th Cir. 2002)); *Am. Fed'n of State, Cty., & Mun. Emps., AFL-CIO (AFSCME)*, 770 F.2d at 1405 ("Disparate impact analysis is confined to cases that challenge a specific, clearly delineated employment practice applied at a single point in the job selection process.").

Here, Plaintiff's disparate impact claim fails because she does not isolate and identify a specific employment practice responsible for the purported disparate outcomes, nor does she plead any facts to support an inference of causation.

1. **Plaintiff Does Not Isolate and Identify a Specific Employment Practice to Challenge with a Disparate Impact Claim.**

Plaintiff does not isolate and identify a specific employment practice to challenge with her disparate impact claim. Without alleging any fact about the actual productivity standards that Amazon applied to her or others, she purports to challenge "any" Amazon policy or practice regarding a rate of production "and/or" a work production quota in California. Compl. ¶ 34; *see also id.* at ¶¶ 20, 24 (challenging a plurality of "policies and practices"). But she cannot state a plausible disparate impact claim by ambiguously gesturing at any employment practice related to "productivity" or "quotas" that applied to an open-ended range of job duties that include "*among other things* . . . packing, stowing, and sorting of packages and filling and emptying of boxes and bins and containers." *Id.* ¶ 23 (emphasis added). Nor can Plaintiff state a plausible disparate impact claim by invoking the colloquial "and/or" to artificially tie various unidentified policies and practices together. The law is clear that a plaintiff must target one or more specific components of the employer's decision-making process rather than a "generalized policy" as a whole. *Smith,* 544 U.S. at 241; *Stockwell,* 749 F.3d at 1114.

Here, Plaintiff goes in the opposite direction—toward greater abstraction—by attacking an amalgamation of unidentified general policies relating to any "rate of production . . . and/or work production quota" across Amazon's California workforce. Compl. ¶ 34. Such amorphous allegations are not the material from which a disparate impact claim is built. *See, e.g., Duarte v.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 10 -                                          Case No. 3:22-cv-00348-JSC

DEFENDANTS' MOTION TO DISMISS OR STRIKE

1    *Quality Loan Serv. Corp.*, 2018 WL 2121800, at *5 (C.D. Cal. May 8, 2018) (dismissing

2    disparate impact claims because, "[w]hile Plaintiffs do allege that Defendants reported Plaintiffs'

3    delinquency to the credit reporting agencies 'as part of their collection process,' Plaintiffs fail to

4    allege any facts relating to a specific practice, policy, or selection criterion that Defendants

5    followed in preparing and sending reports to the credit reporting agencies."); *Enoh v. Hewlett*

6    *Packard Enter. Co.*, 2018 WL 3377547, at *14 (N.D. Cal. July 11, 2018) (allegation that the

7    defendant "'allowed an overwhelmingly Caucasian group of selectors to use a 'hazy' selection

8    process for its employment decisions,' is too vague to support Plaintiffs' [age-based] disparate

9    impact claims.").

10           **2.**      **Plaintiff Alleges No Facts Regarding the Critical Causation Element.**

11         A disparate impact claim carries a "robust causality requirement," which ensures an

12    observed disparity "does not, without more, establish a prima facie case of disparate impact."

13    *Mahler*, 67 Cal. App. 5th at 113 (quoting *Texas Dept. of Housing & Community Affairs v.*

14    *Inclusive Communities Project, Inc.*, 576 U.S. 519, 542 (2015). To avoid dismissal, a complaint

15    "must allege facts or statistical evidence demonstrating a causal connection between the

16    challenged policy and a significant disparate impact on the allegedly protected group." *Mahler*,

17    67 Cal. App. 5th at 114.

18         In *Mahler*, the plaintiffs were retired California Superior Court judges who challenged

19    revisions to the state's Temporary Assigned Judges Program that included a 1,320-day limit on

20    service in the program. 67 Cal. App. 5th at 98-99. The plaintiffs asserted that the revised

21    program disadvantaged them by comparison to younger participants, but their complaint alleged

22    "no specifics as to the total number of participants in the [program], or the number of participants

23    allegedly adversely impacted by the challenged changes to the program, or even the age group

24    allegedly adversely impacted. Nor are there any basic allegations of statistical methods and

25    comparison, or even any anecdotal information of a significant *age*-based disparity." *Id.* at 115

26    (internal quotes omitted). Faced with these pleading "infirmities," the Court of Appeal concluded

27    that the plaintiffs failed to state a disparate impact claim. *Id.*

28         Similarly, in this case Plaintiff offers no figure, statistic, document, or even anecdote to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 11 -

Case No. 3:22-cv-00348-JSC

DEFENDANTS' MOTION TO DISMISS OR STRIKE

1  support a plausible inference of causation.  She rests her claim entirely on the conclusory

2  allegation that "employees aged 40 and over could not keep up" with Amazon's performance

3  standards, which supposedly prompted Amazon to subject older employees to an array of adverse

4  employment actions at a disproportionate rate compared to younger workers.  Compl. ¶ 47.

5  These allegations amount to no more than Plaintiff's own stereotype that older workers are slower

6  than younger workers,[4] coupled with speculation that Amazon's performance standards generate

7  significant age-based disparities as a result.  Thus, the Complaint does not come close to

8  adequately pleading the critical causation element, and Plaintiff's disparate impact claim fails.

9  *See, e.g., Baker v. City of San Diego*, 463 F. Supp. 3d 1091, 1103 (S.D. Cal. 2020) (dismissing

10  disparate impact claim for failure "to allege any casual connection between waiving development

11  impact fees and the statistical data. Plaintiffs have failed to establish a robust causal connection

12  between the statistical disparity and the City's policy."); *Enoh*, 2018 WL 3377547, at *14

13  (dismissing disparate impact claim because the complaint did not "allege facts to show that the

14  challenged policy played a role in the decision to terminate or fail to promote or hire them.")

### C.   Plaintiff's FEHA Claim for Failure to Prevent or Correct Discrimination Fails Along with Her Underlying Discrimination Claims (Second Cause of Action).

17      A "failure to prevent or correct" claim requires a predicate violation.  *Trujillo v. North*

18  *County Transit Dist.*, 63 Cal. App. 4th 280, 286–89 (1998).  Thus, when a complaint fails to state

19  a claim for discrimination, retaliation, or harassment under FEHA, a tagalong "failure to prevent

20  or correct" claim fails too.  *Hicks v. Netflix, Inc.*, 2020 WL 2463380, at *5 (C.D. Cal. Mar. 19,

21  2020) (explaining that failure to prevent claim and FEHA claim would "rise and fall together" on

22  motion to dismiss); *Airy v. City of Hesperia*, 2019 WL 8017811, at *4 (C.D. Cal. Sept. 13, 2019)

23  (dismissing failure to prevent claim because no actionable discrimination, harassment or

---

[4] The purpose of FEHA's prohibition on age discrimination is to redress, rather than endorse, Plaintiff's stereotype of older workers.  *See* 2 C.C.R § 11074 ("Statement of Purpose. The purpose of the law prohibiting age discrimination in employment is to guarantee all protected individuals 40 or over employment opportunities commensurate with their abilities.  These regulations are promulgated to assure that employment opportunities for those protected persons over the age of 40 are based upon their abilities and are not conditioned upon age-based stereotypes and unsupported generalizations about their qualifications or job performance").

retaliation claim was sufficiently pleaded); *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 907 (E.D. Cal. 2017) (dismissing failure to prevent disability discrimination claim where plaintiff had failed to sufficiently allege underlying disability discrimination); *Abdul-Haqq v. Kaiser Emergency in San Leandro*, 2017 WL 1549480, at *8 (N.D. Cal. May 1, 2017) (dismissing failure to prevent claims "because plaintiff has not sufficiently pleaded that any protected harassment or discrimination occurred").  Those are the circumstances here.  Plaintiff has not stated an age discrimination claim, as explained above, so she has not stated a "failure to prevent or correct" claim either.

### D.    Plaintiff Cannot Maintain Her Claim for Violation of California's Unfair Competition Law (Third Cause of Action).

Like her claim for failure to prevent or correct discrimination, Plaintiff's claim for violation of California's Unfair Competition Law is purely derivative of her discrimination claims and fails along with them.  *See, e.g., Asencio v. Miller Brewing Co.*, 283 F. App'x. 559, 561 (9th Cir. 2008) (affirming dismissal of derivative UCL claim where the complaint failed to adequately allege a FEHA claim); *Fragada v. United Airlines, Inc.*, 2017 WL 4586933, at *8-9 (C.D. Cal. June 13, 2017) (holding a UCL claim failed because the underlying FEHA claim failed).

In addition, Plaintiff's UCL claim fails because she has not alleged, and cannot allege, that she lacks an adequate remedy at law.  When a state law claim for equitable relief is in federal court, "the necessary prerequisite for a court to award equitable remedies is the absence of an adequate remedy at law."  *Barranco v. 3D Sys. Corp.*, 952 F.3d 1122, 1129 (9th Cir. 2020).  It follows that a plaintiff cannot maintain a UCL claim unless she lacks an adequate legal remedy because the UCL provides only equitable remedies.  *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) ("we hold that the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action."); *see also, e.g., Mish,* 2021 WL 4592124, at *6 (applying *Sonner* and dismissing derivative UCL claim in wage and hour case); *Hassell v. Uber Techs., Inc.*, 2020 WL 7173218, at *8 (N.D. Cal. Dec. 7, 2020) (same).  Because Plaintiff's Complaint alleges no facts showing that the legal remedies available to her under

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 13 -                         Case No. 3:22-cv-00348-JSC
DEFENDANTS' MOTION TO DISMISS OR STRIKE

1   FEHA are inadequate, she fails to state a UCL claim.  Compl. ¶¶ 59-65.[5]

2          Finally, Plaintiff cannot pursue injunctive relief under the UCL because she is no longer

3   an Amazon employee.  *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 364 (2011)

4   (acknowledging that those plaintiffs no longer employed by the defendant "lack standing to seek

5   injunctive or declaratory relief against its employment practices."); *Slayman v. FedEx Ground*

6   *Package Sys., Inc.*, 765 F.3d 1033, 1048 (9th Cir. 2014) ("Because none of the *Slayman* class's

7   named plaintiffs worked for FedEx at the time the complaint was filed, the *Slayman* class lacked

8   Article III standing to seek prospective relief."); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970,

9   986 (9th Cir. 2011).[6]

10          **E.    Plaintiff Cannot Pursue Time-Barred Individual and Class Claims.**

11          California Government Code section 12960 governs the deadline for employees to submit

12   FEHA complaints.  Prior to January 1, 2020, an employee had one year from the date of a

13   discriminatory employment act to file a DFEH charge.  2017 Cal. Legis. Serv. Ch. 799 (A.B.

14   1556) (WEST).  In the 2019-20 legislative session, California enacted Assembly Bill 9 ("AB 9").

15   The legislation amended section 12960, effective January 1, 2020, by extending the deadline for

16   an employee to file a DFEH charge from one year to three years.  Stats. 2019, ch. 709, §§ 1, 3.

17   But AB 9 expressly states, "[t]his act shall not be interpreted to revive lapsed claims."  *Id.* § 3;

18   *Streets v. Space Sys./Loral, LLC*, 2021 WL 4146962, at *4 (N.D. Cal. Sept. 13, 2021) (AB 9 "did

19   not (and should not be interpreted to) revive lapsed claims."); *Barnett v. Kapla*, 2020 WL

20   7428321, at *20 (N.D. Cal. Dec. 18, 2020) (same).[7]

21

22
---
23   [5] Although Plaintiff purports to seek "disgorgement" of Amazon's allegedly "unfairly obtained
    profits," Compl. ¶ 64, "nonrestitutionary disgorgement" is not an available remedy under the
24   UCL.  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1151-52 (2003).

25   [6] *See also Mish*, 2021 WL 4592124, at *7-8 (holding former employee lacked standing to pursue
    injunctive relief under the UCL); *Ahmed v. W. Ref. Retail, LLC*, 2021 WL 2548958, at *7 (C.D.
26   Cal. 2021) (dismissing request for UCL injunctive relief because Plaintiff, a former employee,
    failed to establish a "personal need for prospective injunctive relief against Defendant.").

27   [7] AB 9 reorganized Government Code §12960.  The previous version of the statute stated the one-
    year exhaustion period in subsection (d). The amended and current version of the statute states the
28   three-year exhaustion period in subsection (e).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

2

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

### 1.   Plaintiff's Claims Predicated on Her Tenure with Amazon that Ended in October 2018 are Time-Barred.

Plaintiff alleges that she had two separate tenures working at Amazon.  She first worked at an Amazon warehouse in Sycamore Canyon, California and "was terminated in October 2018."  Compl. ¶¶ 19, 26.  Amazon re-hired her at a fulfillment center in Moreno Valley, California in 2019, and she "was again terminated in October 2019."  *Id.* ¶¶ 28, 32.

Plaintiff's deadline to file a DFEH charge related to her first tenure at Amazon lapsed in October 2019—one year after her termination in October 2018—under the then-effective version of section 12960 that carried a one-year limitations period.  2017 Cal. Legis. Serv. Ch. 799 (A.B. 1556) (WEST).  Plaintiff did not file her DFEH charge until October 4, 2021—three years after her initial termination in October 2018.  Compl. ¶ 18.  Thus, the Court must dismiss or strike the Complaint's claims predicated on Plaintiff's first tenure of employment at Amazon because those claims are time-barred.  *Streets*, 2021 WL 4146962, at *7 (N.D. Cal. Sept. 13, 2021) ("Streets' employment was terminated on June 28, 2018, and he therefore had until June 28, 2019 to file his charge for retaliatory termination. He failed to do so. And because the time within which to file a charge lapsed before the January 1, 2020 amendment, Streets does not benefit from the three-year extension. Cal. Gov't Code § 12960; 2018 Cal AB 9.")

### 2.   The Court Should Strike the Putative Class Definition as Overbroad Because Claims that Pre-Date January 1, 2019 are Time-Barred.

The single filing rule allows absent class members to "piggyback" on a DFEH charge filed by the named plaintiff in a class action.  *Harris v. Cty. of Orange*, 682 F.3d 1126, 1137 (9th Cir. 2012).  Under this rule, the date of the named plaintiff's charge determines the outer temporal bounds of the class period.  *Id.*; *Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1203 (9th Cir. 2016) (in the context of the 300-day exhaustion period for a Title VII claim, "[t]he proper starting date of the EEOC and Division's class action is 300 days prior to [plaintiff's] charge").  But the named plaintiff may use her charge to represent only those "class members whose claims were not already time-barred at the time [s]he filed h[er] charge."  *Domingo v. New England Fish Co.*, 727 F.2d 1429, 1442 (9th Cir.), modified, 742 F.2d 520 (9th Cir. 1984); *Church v. Consol.*

DEFENDANTS' MOTION TO DISMISS OR STRIKE

*Freightways, Inc.*, 137 F.R.D. 294, 309 (N.D. Cal. 1991) (limiting temporal scope of ADEA collective action to "prevent[] the resurrection of claims which could not be brought because they were not filed on time."); *Enoh*, 2018 WL 3377547, at *14 (striking the overbroad class definition because "[t]he named plaintiff in a Title VII class action 'may represent only those similarly situated individuals who either have filed timely charges with the EEOC or who could have filed a timely charge on the same date as the named plaintiff.'") (quoting *Church*, 137 F.R.D. at 309).

Here, Plaintiff purports to represent a class that extends back to December 15, 2017—four years prior to the date that she filed her Complaint. Compl. ¶ 34. This purported class period is overbroad. The date of Plaintiff's FEHA charge determines the temporal scope of her individual and putative class claims. *Arizona ex rel. Horne*, 816 F.3d at 1203. As noted above, the three-year exhaustion period for a FEHA claim under AB 9 did not take effect until January 1, 2020, and AB 9 did not revive time-barred claims. Stats. 2019, ch. 709, §§ 1, 3; *Streets*, 2021 WL 4146962, at *7 (N.D. Cal. Sept. 13, 2021). Thus, any claim that arose on or before December 31, 2018 is time-barred because it expired (based on the then-applicable one-year exhaustion period) on or before December 31, 2019—the day before AB 9 took effect. As a result, the purported class period cannot extend back prior to January 1, 2019. *Domingo*, 727 F.2d at 1442; *Arizona ex rel. Horne*, 816 F.3d at 1203; *Church*, 137 F.R.D. at 309; *Enoh*, 2018 WL 3377547, at *14.[8]

### F.   The Court Should Strike or Dismiss the Class Claims Because the Complaint Pleads No Facts That Plausibly Suggest She Is Similarly Situated to Members of the Class.

Class claims "must be supported by sufficient factual allegations demonstrating that the class device is appropriate and discovery on class certification is warranted." *Jue v. Costco Wholesale Corp.*, 2010 WL 889284, at *6 (N.D. Cal. Mar. 11, 2010); *Zamora*, 2021 WL 809403, at *3 (dismissing class claims for lack of supporting allegations because "Plaintiffs cannot point to a fish in the surf to force Defendant on a deep-sea charter [of class discovery]"). An essential

---

[8] Plaintiff pleads a four-year class period based on the four-year statute of limitations for a UCL claim. But as explained above, her UCL claim fails. *See supra* at § IV.D. Thus, even if Plaintiff could pursue class claims that accrued prior to December 31, 2018, which she cannot, the putative class period could not start prior to October 4, 2018 (i.e., three years before she filed her DFEH charge on October 4, 2021). Compl. ¶ 18.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 16 -                    Case No. 3:22-cv-00348-JSC
DEFENDANTS' MOTION TO DISMISS OR STRIKE

element of the class device is that the named plaintiff's "claims must depend on a common

contention" and "[t]hat common contention . . . must be of such a nature that it is capable of

class-wide resolution—which means that determination of its truth or falsity will resolve an issue

that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350

(emphasis added).  Plaintiff has not plausibly alleged commonality.

To meet the commonality requirement under the *Twombly/Iqbal* standard, a named

plaintiff in a putative class action "must do more than conclude that Defendants have a policy and

practice to violate California labor laws." *Bush v. Vaco Tech. Servs., LLC*, 2018 WL 2047807, *7

(N.D. Cal. May 2, 2018) (dismissing class claims).  Yet that is precisely what Plaintiff does here.

The only common question she raises is "whether Amazon's policy and practice of applying a

standard, required 'rate of production' and or work production quota to all employees that

disproportionally affects employees over the age of 40 violates California laws[.]"  Compl. ¶ 38.

Further underscoring this pleading deficiency is the fact that Plaintiff does not limit her putative

class definition to the productivity standards that Amazon applied to her.  Instead, she purports to

plead class claims on behalf of every older employee in California who was subject to "any

policy or practice of Amazon regarding 'rate of production' for their work and/or work

production quotas." *Id.* ¶ 34; *see also supra* at § IV.B.1.

Courts in the Ninth Circuit frequently dismiss class allegations where, as here, the named

plaintiff fails to allege facts that plausibly suggest putative class members were subject to the

same policies or had sufficiently similar work experiences. *See, e.g.*, *Zamora*, 2021 WL 809403,

at *3; *Mish*, 2021 WL 4592124, at *9 (dismissing unpaid wage claims on behalf of class where

plaintiff failed to allege details about her worksite, location, other employees at her location,

whether her role was the same or different than others at the company, whether her worksite was

typical of other worksites, how many worksites there were in California or details that could

allow an inference that plaintiff's experience was typical of the class); *Alvarado v. Wal-mart

Assocs., Inc.*, 2020 WL 6526372, at *3 (C.D. Cal. Aug. 7, 2020) (dismissing class action

allegations where plaintiff had not alleged "she has any knowledge of employment practices"

across California or "specific facts" showing that employees at her location had the same

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 17 -                    Case No. 3:22-cv-00348-JSC

DEFENDANTS' MOTION TO DISMISS OR STRIKE

1   experiences).[9]  The Court should do the same thing here.

2       **G.**   <u>**The Complaint Lacks Facts Sufficient to Support Claims Against**</u>
           <u>**Amazon.com Inc. and Amazon Web Services, Inc.**</u>

3

4       "A plaintiff seeking to hold multiple entities liable as joint employers must plead specific

5   facts that explain how the defendants are related and how the conduct underlying the claims is

6   attributable to each." *Andrade v. Arby's Rest. Grp., Inc.*, 2015 WL 6689475, at *2 (N.D. Cal.

7   Nov. 3, 2015) (quoting *Freeney v. Bank of Am. Corp.*, 2015 WL 4366439, at *18 (C.D. Cal. July

8   16, 2015)) (dismissing employment claims against franchisor because Plaintiff failed to allege

9   that the franchisor controlled his employment).  In determining whether a defendant is a joint

10   employer under FEHA, courts consider the totality of the circumstances bearing on the nature of

11   the work relationship of the parties, focusing on the level of control that the defendant exercises

12   over a plaintiff's performance of her job duties.  *Hall v. Apartment Inv. & Mgmt. Co.*, 2011 WL

13   940185, at *5 (N.D. Cal. Feb. 18, 2011) (enumerating relevant factors); *Vernon v. State*, 116 Cal.

14   App. 4th 114, 124 (2004).

15       Here, Plaintiff alleges her claims against her former employer, Amazon.com Services

16   LLC, along with Amazon.com Inc. and Amazon Web Services, Inc.  But her complaint is devoid

17   of any facts—let alone "specific facts"—suggesting Amazon.com Inc. or Amazon Web Services,

18   Inc. exercised control over her employment.  *See, e.g.*, Compl. ¶¶ 8, 10-27.  Instead, she relies on

19   generic boilerplate language that each of the Defendants is a "joint employer."  *Id.* ¶ 15.  That is

20   not nearly enough.  Thus, the Court should dismiss Plaintiff's claims against Amazon.com Inc.

21   and Amazon Web Services, Inc.  *See Bayne v. Bowles Hall Found.*, 2021 WL 3426921, at *17

22   (N.D. Cal. Aug. 5, 2021) (dismissing claims against University regents because plaintiff failed to

23   allege sufficient facts that they controlled plaintiff's employment to support that they were joint

24   employers); *Valencia v. N. Star Gas Co.*, 291 F. Supp. 3d 1155, 1159 (S.D. Cal. 2018)

---

[9] *See also, e.g.*, *Bush*, 2019 WL 3290654, at *5 (dismissing class claims and finding that
"[w]ithout a single non-conclusory, factual allegation about these potential class members,
Plaintiff has not plausibly alleged that any of these employees experienced the same alleged
violations as Plaintiff"); *Byrd v. Masonite Corp.*, 2016 WL 756523, at *4 (C.D. Cal. Feb. 25,
2016) (dismissing class claims where "Plaintiff alleges no facts to demonstrate or even suggest
that any member of the putative class had similar work experiences" or to "show[ ] that
Defendants had statewide policies or practices giving rise to Plaintiff's causes of action").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 18 -    Case No. 3:22-cv-00348-JSC

DEFENDANTS' MOTION TO DISMISS OR STRIKE

(dismissing California Labor Code claims because the plaintiff failed adequately to allege a joint-employer relationship).

**V.     CONCLUSION**

At bottom, the Complaint is little more than a series of conclusory assertions that fail to state a cognizable age discrimination claim (or derivative claim) or any plausible class claim. The Complaint also erroneously attempts to assert time-barred individual and class claims, and to name two non-employing Amazon entities as Defendants without providing any basis for inferring that either of them employed Plaintiff or members of the putative class.  The Court should therefore dismiss each of Plaintiff's claims and dismiss or strike her class allegations.

Dated: February 8, 2022                    MORGAN, LEWIS & BOCKIUS LLP


By   */s/ Brian D. Berry*
        Brian D. Berry
        Sarah Zenewicz
        Anahi Cruz
        Attorneys for Defendants
        AMAZON.COM INC., AMAZON.COM
        SERVICES LLC, AND AMAZON WEB
        SERVICES, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 19 -                    Case No. 3:22-cv-00348-JSC
DEFENDANTS' MOTION TO DISMISS OR STRIKE