1

**LAW OFFICE OF ERIC HONIG**
Eric S. Honig (State Bar No. 140765)
P.O. Box 10327
Marina Del Rey, CA 90295
Telephone: (310) 699-8051
Facsimile: (310) 943-2220
erichonig@aol.com

2

3

4

5

**LAW OFFICES OF PETER M. HART**
Peter M. Hart (State Bar No. 198691)
Ashlie E. Fox (State Bar No. 294407)
12121 Wilshire Blvd., Suite 525
Los Angeles, CA 90025
Telephone: (310) 478-5789
Facsimile: (509) 561-6441
hartpeter@msn.com
ashlie.fox.loph@gmail.com

6

7

8

9

10

Attorneys for Plaintiff MICHELE OBRIEN

11

12

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

13

14

15

MICHELE OBRIEN, as an individual and on behalf of others similarly situated,

|  |
|---|
| Case No. 3:22-cv-00348-JSC |

16

Plaintiff,

17

v.

18

AMAZON.COM INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability corporation; AMAZON WEB SERVICES, INC., a Delaware corporation; and DOES 1 through 100, inclusive,

19

20

21

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR STRIKE CLASS ACTION COMPLAINT**

Date:  April 7, 2022
Time:  9:00 a.m.
Dept.:  Courtroom E – 15th Floor
Hon. Jacqueline Scott Corley

Action filed:  Dec. 15, 2021

22

Defendants.

23

24

25

26

27

28

i

# TABLE OF CONTENTS

I.  INTRODUCTION........................................................................................... 1

II.  FACTUAL AND PROCEDURAL BACKGROUND ............................... 3

    A.  PLAINTIFF'S EMPLOYMENT WITH AMAZON.................................... 3

    B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES & PROCEDURAL HISTORY. ...................................................................... 3

III.  LEGAL STANDARD ...................................................................... 4

IV.  ARGUMENT ..................................................................................... 5

    A.  PLAINTIFF'S CLAIM FOR DISPARATE TREATMENT CAN BE STRICKEN. ................... 5

    B.  PLAINTIFF HAS PLEAD FACTS SUFFICIENT TO SUPPORT A PLAUSIBLE DISPARATE IMPACT CLAIM. ...................................... 5

        1.  Plaintiff Has Sufficiently Identified the Challenged Employment Practice as Amazon's Requirement that Workers Meet a Required Rate of Production Quota. ............................... 7

        2.  Plaintiff's Complaint Adequately Alleges Amazon's Practice Causes a Disparate Impact on Protected Older Workers. ......................... 9

    C.  BECAUSE PLAINTIFF'S UNDERLYING DISCRIMINATION CLAIM SUCCEEDS, HER CLAIM FOR FAILURE TO PREVENT OR CORRECT DISCRIMINATION ALSO SUCCEEDS. ................... 11

    D.  PLAINTIFF'S UCL CLAIM ALSO IS SUFFICIENTLY PLEAD. ................... 11

    E.  THE RELEVANT TIME PERIOD FOR PLAINTIFF'S CLAIMS .................... 13

        1.  Plaintiff's Employment with Amazon Ending in October 2018. ................................ 13

        2.  Plaintiff's Class Definition Properly States the Relevant Time Period. ................... 13

    F.  PLAINTIFF HAS ALLEGED SUFFICIENT FACTS DEMONSTRATING SHE IS SIMILARLY SITUATED TO MEMBERS OF THE CLASS. ................... 14

    G.  PLAINTIFF'S CLAIMS AGAINST DEFENDANTS AMAZON.COM INC. AND AMAZON WEB SERVICES, INC. ARE PLAUSIBLE. ................... 15

V.  CONCLUSION ........................................................................ 17

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR STRIKE CLASS ACTION COMPLAINT
Case No. 3:22-cv-00348-JSC

# TABLE OF AUTHORITIES

Federal Cases

*Aberin v. Am. Honda Motor Co., Inc.*
  2018 U.S. Dist. LEXIS 49731, at *26 (N.D. Cal. Mar. 26, 2018) .................................. 12

*Adkins v. Comcast Corp.*
  2017 U.S. Dist. LEXIS 137881, at *7 (N.D. Cal. Aug. 1, 2017) .................................... 12

*Bayne v. Bowles Hall Found.*
  2021 WL 3426921, at *17 (N.D. Cal. Aug. 5, 2021) ...................................................... 16

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544, 570 (2007) .................................................................................................. 4

*Byrd v. Masonite Corp.*
  2016 WL 756523, at *4 (C.D. Cal. Feb. 25, 2016) ........................................................ 14

*Cahill v. Liberty Mutual Insurance Co.*
  80 F.3d 336, 337-38 (9th Cir. 1996) ................................................................................. 4

*Center For Biological Diversity v. Veneman*
  394 F.3d 1108, 1109-1114 (9th Cir. 2005) ................................................................. 4, 16

*Chaidez v. Ford Motor Company*
  937 F.3d 998, 1007 (7th Cir. 2019) .................................................................................. 6

*Conley v. Gibson*
  355 U.S. 41, 45-46 (1957) ............................................................................................. 4, 7

*Connecticut v. Teal*
  457 U.S. 440, 446 (1982) .................................................................................................. 6

*Deras v. Volkswagen Grp. of Am., Inc.*
  2018 U.S. Dist. LEXIS 83553, at *19 (N.D. Cal. May 17, 2018) .................................. 12

*Eclectic Properties E., LLC v. Marcus & Millichap Co.*
  751 F.3d 990, 995 (9th Cir. 2014) .................................................................................... 4

*EEOC v. Dial Corp.*
  469 F.3d 735 (8th Cir. 2006) ............................................................................................ 9

*Epstein v. Wash. Energy Co.*
  83 F.3d 1136, 1140 (9th Cir. 1996) .................................................................................. 4

*Freeman v. Cty. of Sacramento Dep't of Human Assistance*
  2020 WL 2539268, at *2 (E.D. Cal. May 19, 2020) ........................................................ 5

*Freyd v. University of Oregon*
  990 F.3d 1211, 1224 (9th Cir. 2021) ............................................................................. 6, 7

*Garcia v. Spun Steak Co.*
  998 F.2d 1480, 1484 (9th Cir. 1993) ............................................................................. 5, 6

*Gay v. Waiters' and Dairy Lunchmen's Union*
   694 F.2d 531, 537 (9th Cir. 1982) ................................................................ 5

*Griggs v. Duke Power Co.*
   401 U.S. 424, 431 (1971)............................................................................ 5

*Johnson v. Knowles*
   113 F.3d 1114, 1117 (9th Cir. 1997) ....................................................... 4

*Lee v. City of Los Angeles*
   250 F.3d 668, 679 (9th Cir. 2001) ........................................................ 4, 7

*Lewis v. City of Chicago*
   560 U.S. 205 (2010)................................................................................. 6

*Massachusetts Bd. of Ret. v. Murgia*
   427 U.S. 307, 315 (1976) ....................................................................... 11

*Mier v. Owens*
   57 F.3d 747, 750 (9th Cir. 1995) ............................................................ 4

*Mish v. TForce Freight, Inc.*
   2021 WL 4592124, at *9, fn 1 (N.D. Cal. Oct. 6, 2021) ......................... 12

*Moussouris v. Microsoft Corp.*
   2016 WL 6037978, at *3, *6 (W.D. Wash. Oct. 14, 2016) ....................... 6

*Ricci v. DeStefano*
   557 U.S. 557, 587 (2009)................................................................. 5, 6, 9

*Smith v. City of Jackson*
   544 U.S. 228, 241 (2005).................................................................. 6, 11

*Sonner v. Premier Nutrition Corp.*
   971 F.3d 834, 844 (9th Cir. 2020) ..................................................... 11, 12

*Stout v. Potter*
   276 F.3d 1118, 1121 (9th Cir. 2002) ...................................................... 7

*Swierkiewicz v. Sorema N.A.*
   534 U.S. 506, 508 (2002)............................................................. 4, 5, 6, 9

*Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*
   368 F.3d 1053, 1061 (9th Cir. 2004) .................................................. 4, 16

*Tyler v. Cisneros*
   136 F.3d 603, 607 (9th Cir. 1998) .......................................................... 4

*Valencia v. N. Star Gas Co.*
   291 F. Supp. 3d 1155, 1159 (S.D. Cal. 2018)........................................ 16

*Vicuña v. Alexia Foods, Inc.*
   2012 U.S. Dist. LEXIS 59408 (N.D. Cal. April 27, 2012) ....................... 12

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR STRIKE CLASS ACTION COMPLAINT
Case No. 3:22-cv-00348-JSC

*Wal-Mart Stores, Inc. v. Dukes*
    564 U.S.338, 364 (2011) .................................................................................. 13, 14

*Wards Cove Packing Co. v. Atonio*
    490 U.S. 642 (1989) ................................................................................................ 6

*Wildin v. FCA US LLC*
    2018 U.S. Dist. LEXIS 102583, at *20 (S.D. Cal. June 19, 2018) ................................ 12

California Cases

*Guz v. Bechtel Nat'l, Inc.*
    24 Cal.4th 317, 354 (2000) ...................................................................................... 6

*Harris v. Civil Service Com.*
    65 Cal.App.4th 1356, 1365 (1998) ........................................................................... 5

*Jumaane v. City of Los Angeles*
    241 Cal.App.4th 1390, 1404-05 (2015) ..................................................................... 5

*McKell v. Wash. Mut., Inc.*
    142 Cal. App. 4th 1457, 1473 (2006) ...................................................................... 12

*Trujillo v. North County Transit Dist.*
    63 Cal.App.4th 280, 286-89 (1998) ........................................................................ 11

Statutes

Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL") .......................................... *passim*

Cal. Bus. & Prof. Code § 17208 ................................................................................ 13

Cal. Gov't Code § 12940(a) ....................................................................................... 14

Cal. Gov't Code § 12941 ..................................................................................... 5, 14

Cal. Lab. Code § 2100(f) ............................................................................................. 8

Cal. Lab. Code § 2100(h) ............................................................................................ 9

Cal. Lab. Code § 2100(i) ............................................................................................. 8

California's Fair Employment and Housing Act ("FEHA") ........................................ *passim*

Rules

Fed.R.Civ.P. 8 .................................................................................................... 7, 8

Fed.R.Civ.P. 8(a)(2) ................................................................................................... 4

Fed.R.Civ.P. 12 ........................................................................................................... 2

Fed.R.Civ.P. 12(b)(6) .................................................................................................. 4

Fed.R.Civ.P. 15 ......................................................................................................... 16

v

Fed.R.Civ.P. 26(b) ................................................................................................................. 16

<u>Other Authorities</u>

Assembly Bill 701.............................................................................................. 8, 10, 12, 14

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR STRIKE CLASS ACTION COMPLAINT
Case No. 3:22-cv-00348-JSC

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Day in and day out, in facilities across the State of California, Defendants Amazon.com Inc., Amazon.com Services LLC, and Amazon Web Services, Inc. (collectively, "Amazon" or "Defendants") hold their workers to exacting performance standards designed to provide products to their customers in an ever-faster manner.  While this may be a benefit to consumers, it takes a heavy toll out on the thousands of workers employed by Amazon.  *See generally,* Plaintiff's Request for Judicial Notice in Support of Opposition to Defendants' Motion to Dismiss or Strike Class Action Complaint ("RJN"), filed concurrently.  Data from the Occupational Safety and Health Administration established that since 2017, Amazon has reported nearly double the rate of serious incidents causing employees to miss work or be put on light-duty of other retail warehouse operators.  *See* RJN, Ex. 3.

In her Class Action Complaint ("Complaint"), Plaintiff Michele Obrien ("Plaintiff" or "Ms. Obrien") alleges that when she was employed by Amazon, it required employees, including her, to meet a "rate of production" and/or "work production quota"[1] to fulfill their job duties. Compl., ¶¶ 21, 29.  Plaintiff alleges that this practice causes a disparate impact on Ms. Obrien and other workers who are older (aged 40 and above), and thus discriminates against them in violation of California's Fair Employment and Housing Act ("FEHA").  Compl., ¶ 47.  Plaintiff brings claims for (1) age discrimination in violation of FEHA, (2) failure to prevent or correct age discrimination in violation of FEHA, and (3) unfair business practices stemming from her employment with Amazon.

Defendants' motion feigns ignorance of the specific offending employment practice Plaintiff alleges in the Complaint, but this argument is unconvincing.  Defendants' motion tries to avoid generally known facts that are readily determined and not easily questioned.  The number of workplace injuries caused by Amazon's requirement that employees meet a rate of production quotas in fulfillment of their job duties was so high that it led the California Legislature to enact a statute

---

[1] In her Complaint, Plaintiff alleged that the employment practice at issue is Amazon's requirement that Plaintiff and employees meet "'rate of production' and/or work production quotas" to fulfill their job duties (Compl., ¶¶ 21, 23, 29) and described that these are "quantified work and production targets and quotas" (Compl., ¶23).  Herein, for ease of the Court, Plaintiff will refer to this employment practice as "rate of production quotas."

regulating such warehouse quotas.  *See* RJN, Ex. 1-2.  Moreover, employees often did not even have time to take mandated rest breaks if they wanted to meet Defendants' required "rate."  *Id*.  This practice understandably and logically has a greater impact on older workers, who generally have less physical stamina, are injured more easily, and need more time to recover from strenuous activity than younger employees.

Defendants accuse Plaintiff of merely relying on a "stereotype" of older workers. However, Plaintiff is not relying on a stereotype but on the logical impact that flows from Amazon's uniform rate of production quota requirement.  Because older workers, including Ms. Obrien, had a more difficult time meeting their required rate of production quota, they experienced more adverse employment actions, such as injury, adverse scheduling, criticism, reprimands, quitting, and termination.  Compl., ¶¶ 22, 24-26, 30-32, 47.

**Statement of the Issues to Be Decided**

The issues to be decided on Defendants' motion to dismiss or strike are:

(1) Has Plaintiff plausibly alleged her claim for age discrimination in violation of FEHA by alleging that workers aged 40 and older experience a disparate impact caused by the application of Amazon's rate of production quota policy?

(2) Has Plaintiff plausibly alleged her claim for failure to prevent or correct discrimination in violation of FEHA?

(3) Has Plaintiff plausibly alleged her claim under the "unfair" prong of the UCL?

(4) Has Plaintiff properly alleged the relevant time period for the putative class?

(5) Has Plaintiff plausibly alleged she is similarly situated to members of the putative class?

(6) Has Plaintiff plausibly alleged her claims against Amazon.com Inc. and Amazon Web Services, Inc.?

As described in detail below, Plaintiff has sufficiently plead facts giving Defendants notice of her claims and grounds for relief.  As such, Plaintiff respectfully requests that the Court deny Defendants' Rule 12 motion to dismiss or strike in its entirety, other than the claims which Plaintiff concedes hereinbelow.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.  Plaintiff's Employment with Amazon.

Ms. Obrien had two periods of employment with Amazon.  Compl., ¶¶ 19, 28.  In the first period, Ms. Obrien worked at an Amazon warehouse facility in Sycamore Canyon, CA in October 2018.  *Id*. at ¶ 19.  At the time of this employment, she was 48 years old.  *Id*.  During her employment in Defendants' Sycamore Canyon facility, Amazon applied rate of production quotas to Ms. Obrien, other similarly situated employees aged 40 and over, and also employees below the age of 40.  *Id*. at ¶ 21.  Ms. Obrien was required to meet quantified work and production targets and quotas relating to packing, stowing, and sorting of packages, and filling and emptying of boxes, bins, and containers.  *Id*. at ¶ 23. Ms. Obrien and other employees aged 40 and over could not keep up with the required rate of production quotas due to their age.  *Id*. at ¶ 22.  Ms. Obrien and similarly situated employees aged 40 and over suffered from work-related physical injuries in an effort to keep up with their required rate of production quota, and were criticized and reprimanded for not meeting their rate, and Ms. Obrien was eventually terminated for not meeting the quantified standard.  *Id*. at ¶¶ 24-26.

Ms. Obrien was later re-hired by Amazon in 2019.  *Id*. at ¶ 28.  In this second period of employment, Ms. Obrien worked in Amazon's Moreno Valley, CA fulfillment center.  *Id*.  At the time of this employment, she was 49 years old.  *Id*.  Again, Amazon applied rate of production quotas to Ms. Obrien, other similarly situated employees aged 40 and over, and employees below the age of 40. *Id*. at ¶ 29.  Ms. Obrien and other employees aged 40 and over again could not keep up with the required rate of production quotas due to their age.  *Id*. at ¶ 30.  Again, Ms. Obrien and similarly situated employees were criticized and reprimanded by supervisors for being unable to keep up with the imposed rate of production quotas, and suffered significant stress from the difficult work environment.  *Id*. at ¶ 31.   Ms. Obrien was again terminated in October 2019.  *Id*. at ¶ 32.

### B.  Exhaustion of Administrative Remedies & Procedural History.

Ms. Obrien filed a complaint with the Department of Fair Employment and Housing ("DFEH") and received a Notice of Right to Sue from the DFEH on October 4, 2021.  *Id*. at ¶ 18.  The DFEH complaint and Notice of Right to Sue were personally served on Defendants on October 21, 2021.  *Id*.

1    Ms. Obrien filed her civil complaint in the Alameda County Superior Court on December 15,

2    2021, alleging (1) Age Discrimination in Violation of FEHA (Cal. Gov't Code § 12940, *et seq.*); (2)

3    Failure to Prevent or Correct Discrimination Under FEHA (Cal. Gov't Code § 12940(k)); and (3)

4    Unfair Business Practices (Violation of Cal. Bus. & Prof. Code § 17200, *et seq.*).  Defendants filed a

5    Notice of Removal of the action to this Court on January 18, 2022.

6    **III.    LEGAL STANDARD**

7    When deciding a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a

8    court must accept all factual allegations pleaded as true, and construe and draw all reasonable

9    inferences from them in favor of the non-moving party.  *Cahill v. Liberty Mutual Insurance Co.*, 80

10   F.3d 336, 337-38 (9th Cir. 1996); *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996);

11   *Mier v. Owens*, 57 F.3d 747, 750 (9th Cir. 1995); *Tyler v. Cisneros*, 136 F.3d 603, 607 (9th Cir. 1998).

12   A pleading setting forth a claim for relief shall contain a short and plain statement of the claim

13   showing that the pleader is entitled to relief.  Fed.R.Civ.P. 8(a)(2).  There is no requirement that

14   Plaintiff plead "'specific facts' beyond those necessary to state [a] claim and the grounds showing

15   entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (quoting *Swierkiewicz v.*

16   *Sorema N.A.*, 534 U.S. 506, 508 (2002)).  All that is required is a "short and plain statement of the

17   claim" that will give defendant fair notice of what the plaintiff's claim is and the grounds upon which

18   it rests.  *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).        A complaint should not be

19   dismissed for failure to state a claim unless it "appears beyond doubt that the plaintiff can prove no set

20   of facts in support of his claim that would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46

21   (1957); *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997).  "[A] well-pleaded complaint may

22   proceed even if it strikes a savvy judge that actual proof is improbable." *Eclectic Properties E., LLC v.*

23   *Marcus & Millichap Co.,* 751 F.3d 990, 995 (9th Cir. 2014) (internal citations omitted) (quoting

24   *Twombly*, 550 U.S. at 556).  "Denial of leave to amend 'is improper unless it is clear . . . that the

25   complaint could not be saved by any amendment.'" *Thinket Ink Info. Res., Inc. v. Sun Microsystems,*

26   *Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004); *Center For Biological Diversity v. Veneman*, 394 F.3d

27   1108, 1109-1114 (9th Cir. 2005).

28

1    It is legal error to require a plaintiff to plead his prima facie case when alleging a

2 discrimination claim; the prima facia case in the discrimination context is meant to be used as a

3 flexible evidentiary standard, not a rigid pleading requirement. *See Swierkiewicz, supra*. Thus, "[t]o

4 state a plausible claim for relief under Title VII and the FEHA, a plaintiff need not plead each element

5 of a prima facie discrimination case." *Freeman v. Cty. of Sacramento Dep't of Human Assistance*,

6 2020 WL 2539268, at *2 (E.D. Cal. May 19, 2020) (citing *Swierkiewicz*, 534 U.S. at 514-15).

7    **IV.    ARGUMENT**

8       **A.  Plaintiff's Claim for Disparate Treatment Can Be Stricken.**

9    At this time, Plaintiff is willing to strike her allegations of intentional discrimination or

10 disparate treatment (*see* Compl., ¶¶ 45-46), without prejudice to seeking leave to amend the complaint

11 at a later date to add these allegations should additional facts indicate they are warranted.

12       **B.  Plaintiff Has Plead Facts Sufficient to Support a Plausible Disparate Impact**

13          **Claim.**

14    Disparate impact claims concern facially neutral employment practices that are, in actuality,

15 "discriminatory in operation" toward a protected group.  *Ricci v. DeStefano*, 557 U.S. 557, 587 (2009)

16 (quoting *Griggs v. Duke Power Co.*, 401 U.S. 424, 431 (1971)).  Intent is irrelevant under a disparate

17 impact theory – an employer cannot effectively defend against a disparate impact claim by

18 demonstrating either "good intent" or a lack of discriminatory intent.  *See Gay v. Waiters' and Dairy*

19 *Lunchmen's Union*, 694 F.2d 531, 537 (9th Cir. 1982); *Garcia v. Spun Steak Co.*, 998 F.2d 1480, 1484

20 (9th Cir. 1993).  In a disparate impact case, the plaintiff demonstrates, generally by proving statistical

21 discrepancies, "that facially neutral employment practices adopted without a deliberately

22 discriminatory motive nevertheless have such significant adverse effects on protected *groups* that they

23 are 'in operation . . . functionally equivalent to intentional discrimination.'" *Jumaane v. City of Los*

24 *Angeles*, 241 Cal.App.4th 1390, 1404-05 (2015) (quoting *Harris v. Civil Service Com.*, 65 Cal.App.4th

25 1356, 1365 (1998).

26    California has codified the use of a disparate impact theory of proof in age discrimination

27 claims.  Cal. Gov't Code § 12941.  Courts applying FEHA "look to pertinent federal precedent . . .

[b]ecause of the similarity between state and federal employment discrimination laws." *Guz v. Bechtel Nat'l, Inc.*, 24 Cal.4th 317, 354 (2000). Initially, a plaintiff must demonstrate by statistical evidence that the challenged employment policy or practice, while neutral on its face, has a discriminatory effect on the protected class. See *Lewis v. City of Chicago*, 560 U.S. 205 (2010); *Ricci, supra*, at 587; *Connecticut v. Teal*, 457 U.S. 440, 446 (1982); *Garcia, supra*, at 1486. Under Title VII, a plaintiff must allege: (1) a significant disparity with respect to employment for the protected group; (2) the existence of a specific employment practice or set of practices, and (3) a causal relationship between the identified practice and the disparity. *Freyd v. University of Oregon*, 990 F.3d 1211, 1224 (9th Cir. 2021).

Employees must "isolat[e] and identif[y] the specific employment practices that are allegedly responsible for any observed statistical disparities." *Smith v. City of Jackson*, 544 U.S. 228, 241 (2005) (quoting *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642 (1989)). However, the pleading standard is "not onerous . . . [t]he plaintiff must only make allegations sufficient to raise an inference or presumption of discrimination." *Moussouris v. Microsoft Corp.*, 2016 WL 6037978, at *3, *6 (W.D. Wash. Oct. 14, 2016) (finding plaintiff's allegations that a ranking system discriminated against females plausible); *see also Chaidez v. Ford Motor Company*, 937 F.3d 998, 1007 (7th Cir. 2019).

Importantly, plaintiffs are not required to establish a prima facie case in their complaint—the Supreme Court has explicitly held that in the discrimination context, a prima facie case is "an evidentiary standard not a pleading requirement." *Swierkiewicz v. Sorema*, 534 U.S. 506, 510 (2002). "Before discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case in a particular case," and the prima facie case "should not be transposed into a rigid pleading standard for discrimination cases." *Id*. at 512.

Here, Plaintiff has explicitly identified the particular employment practice she challenges and sufficiently plead facts inferring that the practice causes a discriminatory impact on those employees aged 40 and over. For these reasons, Plaintiff's claim for disparate impact is properly plead.

1.   **Plaintiff Has Sufficiently Identified the Challenged Employment Practice as Amazon's Requirement that Workers Meet a Required Rate of Production Quota.**

Amazon argues semantics as it takes issue with Plaintiff's use of the words "any," "and/or," and the plurality of "policies and practices" in describing the challenged employment practice – namely Amazon's requirement that employees meet a "rate of production" and/or "work production quota" in fulfillment of their job duties.  *See* Compl., ¶¶ 20, 24, 34.  Here, Amazon is alleging confusion with Plaintiff "ambiguously gesturing" at "unidentified general policies" (*see* Defendants' Notice of Motion and Motion to Dismiss or Strike; Memorandum of Points and Authorities in Support Thereof ("Defs' Motion") (Dkt. 10), at p. 10).  This is simply not accurate.  Had Plaintiff not described the practice in multiple ways she likely would face Amazon's argument that it did not engage in the specified practice. Moreover, Plaintiff is entitled to challenge a "set of practices," if that is appropriate. *See Freyd*, *supra*, at 1224.  Plaintiff here is not challenging "an overall decisionmaking process" but rather the "particular element or practice within the process that causes an adverse impact." *See Stout v. Potter*, 276 F.3d 1118, 1121 (9th Cir. 2002).

Plaintiff has satisfied the Rule 8 requirements of giving Amazon fair notice of what her claim is and the grounds on which it rests.  *Conley*, *supra*, at 47.  While Amazon quibbles with Plaintiff's word choice, its argument reveals it does indeed have notice of the nature of Plaintiff's claims.  *See Lee, supra,* at 679.  Amazon refers at several points in its motion to its "productivity standards."  *See, e.g.*, Defs' Motion, (Dkt. 10), at pp. 1-3, 6-8, 10, 17.

Here, Plaintiff alleges that Amazon applied a rate of production quota to employees, including Ms. Obrien and similarly situated employees over 40.  Compl., ¶¶ 21, 29.  Plaintiff provides specific facts that as applied to her, and the putative class, the quota policy required that she "meet quantified work and production targets and quotas" for "packing, stowing, and sorting of packages" and for "filling and emptying of boxes[,] . . . bins[,] and containers."  Compl., ¶ 23.  The complaint clearly identifies the specific employment practice being challenged as Amazon's requirement that employees meet a rate of production quota in fulfillment of their job duties.  *See* Compl., ¶¶ 21, 23, 29, 34, 47.

Amazon's motion simply chooses to label its practice as "productivity standards." *See, e.g.*, Defs'

Motion, (Dkt. 10), at pp. 1-3, 6-8, 10, 17. But even in this labeling, it is clear that Amazon is aware of

the specific action that Plaintiff is alleging—rate of production quotas. Plaintiff, indeed, is specifically

identifying uniform and specific type of action, production targets, production quotas, and rates of

production, which Amazon required of Plaintiff and the putative class of older workers. Plaintiff not

only describes with specificity the central fact at issue, but provides facts that allege with specificity

how and to what job practices these rate of production quotas were applied.

In any case, Amazon cannot claim that the Complaint does not provide fair notice pursuant to

pursuant to Fed.R.Civ.P. 8 of what the plaintiff's claim is and the grounds upon which it rests.

Amazon is quite aware of the specific employment practice Plaintiff is challenging, as it is the very

same practice that has already been addressed by the California Legislature and is under review by

many other states. *See* RJN, Ex 1-2. On January 1, 2022, Assembly Bill 701, the "Warehouse Quotas

Law," went into effect, which requires that affected employers give written notice to employees of

quotas to which they are subject, prevents employers from requiring quotas that prevent compliance

with required breaks and safety laws, and allows employees to request information about quotas.[2]  *See*

RJN, Ex. 1. A.B. 701 not only applies to Amazon, but it was enacted specifically in response to

concerns over its employment practices. *See* RJN, Ex. 2, Assembly Floor Analysis at pp. 2-3, Senate

Floor Analysis at pp. 6-7. The State of California found that "[t]he rapid growth of just-in-time

logistics and same- and next-day consumer package delivery, and advances in technology used for

tracking employee productivity, have led to a rise in the number of warehouse and distribution center

workers who are subject to *quantified work quotas*." A.B. 701, Section 1(a) (RJN, Ex., 1).

Furthermore, California has defined a quota as "a work standard under which an employee is assigned

or required to perform at a specified productivity speed, or perform a quantified number of tasks, or to

handle or produce a quantified amount of material, within a defined time period. . . ." Lab. Code §

---

[2] A.B. 701 regulates "Warehouse Distribution Centers," defined by the North American Industry
Classification System codes, including General Warehousing and Storage, Durable Goods Merchant
Wholesalers, Nondurable Goods Merchant Wholesalers, and Electronic Shopping and Mail-Order
Houses. Cal. Lab. Code § 2100(i). A.B. 701 applies to employers who directly or indirectly control
100 or more employees at a single warehouse distribution center or 1,000 or more employees at one or
more warehouse distribution centers in California. Cal. Lab. Code § 2100(f).

1   2100(h).  Plaintiff's Complaint has provided Amazon with sufficient notice of the employment

2   practice at issue.

3   **2.   Plaintiff's Complaint Adequately Alleges Amazon's Practice Causes a**

4   **Disparate Impact on Protected Older Workers.**

5   Amazon attempts to impose a heightened causation burden on Plaintiff by suggesting she

6   should be able to allege statistical support for her claim—something that would be the focus, in part,

7   of the discovery stage of the case.  Plaintiff is not and should not be expected to meet this heightened

8   burden prior to discovery. However, Plaintiff is not required to establish a prima facie case in the

9   complaint – the prima facie case in a discrimination context is an evidentiary standard, not a pleading

10  requirement.  *Ricci, supra,* at 587 (2009); *Swierkiewicz, supra,* at 510.  Amazon tries to convince the

11  Court that Plaintiff's allegations reflect only "Plaintiff's own stereotype that older workers are slower

12  than younger workers."  *See* Defs' Motion (Dkt. 10), at p. 12.  Unfortunately, many disparate impact

13  discrimination cases do rest on factual claims that a defendant would try to mischaracterize as

14  stereotypes, when in reality these claims are predicated on factual workplace issues that cause

15  disparate impacts on certain groups of employees.  For example, women have proffered evidence they

16  cannot lift and carry heavy objects as well as men.  *See, e.g., EEOC v. Dial Corp.*, 469 F.3d 735 (8th

17  Cir. 2006).  Not surprisingly, a defendant would try to mischaracterize this as a stereotype when it is

18  not, when it is factual in nature and caselaw supports Plaintiff's characterization of this.

19  Here, Plaintiff alleges "as a result of" the application of the required rate of production quotas,

20  Ms. Obrien and employees over 40 "suffered from work related physical injuries in an effort to keep

21  up," and "were criticized and reprimanded" for being unable to keep up.  Compl., ¶¶ 24-25, 31.

22  Further, Plaintiff pleads the rate of production quota policy had a disparate impact on her and similarly

23  situated employees because they had more difficulty meeting the quota "versus younger employees,

24  suffered job injuries at a higher rate than younger employees, suffered adverse scheduling versus

25  younger employees, suffered transfers or demotions versus younger employees, suffered criticism and

26  reprimands versus younger employees, and ultimately quit or were terminated at a higher rate than

27

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR STRIKE CLASS ACTION COMPLAINT
Case No. 3:22-cv-00348-JSC

younger employees, and including quitting or being terminated for not being able to meet" the quota. Compl., ¶ 47.

As shown above, Plaintiff has alleged causation sufficiently.  Plaintiff should not need to provide additional support to allege causation at this pleading stage, although Amazon is on notice that such support exists. The State of California found that "quotas generally do not allow for workers to comply with safety guidelines or to recover from strenuous activity during productive work time, *leaving warehouse and distribution center employees who work under them at high risk of injury and illness*."  AB 701, Section 1(c) (emphasis added).

Moreover, data from the Occupational Safety and Health Administration showed that since 2017, Amazon has reported nearly double the rate of serious incidents causing employees to miss work or be put on light-duty of other retail warehouse operators.  *See* RJN, Ex. 3.

It follows logically then that being subject to such a high rate of production, wherein workers often don't even have time to take required rest breaks, and that is known to cause injuries at an abnormally high rate, would affect older employees over the age of 40 at a detrimentally disparate rate compared with younger employees.  At minimum, Plaintiff should be allowed to proceed to investigate the practices alleged here and to marshal further evidence and support, including statistical support, to present for certification and the trier of fact.  Indeed, the State of California specifically has singled out Amazon's work production quotas as causing injuries at a far higher rate than other employer warehouses in California.  *See, e.g.*, RJN, Ex. 2.  Plaintiff contends that she can find evidence to support certification that these production quotas disparately impact employees aged 40 and above, who generally have less physical stamina, are injured more easily, and need more time to recover from strenuous activity than younger employees.  These employees then would have a harder time meeting Amazon's already very difficult to meet rate of production quotas and, thus, suffer significantly more adverse workplace consequences for failing to meet Amazon's rate of production quotas.

Further, Justice O'Connor's concurring opinion in *Smith v. City of Jackson* observed that "health" is one circumstance that "unquestionably affect[s] older workers more strongly, as a group,

than [] younger workers. . . ." *Smith, supra*, at 255 (internal citations and punctuation omitted).  She went on to confirm that "physical ability generally declines with age." *Id.* at 259 (quoting *Massachusetts Bd. of Ret. v. Murgia*, 427 U.S. 307, 315 (1976)).  This Court can reasonably infer that Plaintiff's Complaint gives Amazon notice that its requirement that employees meet rate of production quotas in fulfillment of their job duties is more difficult for older employees to meet, and thus causes them to be disproportionately affected by adverse employment actions such as injury, adverse scheduling, criticism, reprimands, quitting, and termination.  Plaintiff has met the pleading requirements for her disparate impact claim.

### C. Because Plaintiff's Underlying Discrimination Claim Succeeds, Her Claim for Failure to Prevent or Correct Discrimination Also Succeeds.

Amazon's sole argument in support of dismissal of Plaintiff's second cause of action for failure to prevent or correct discrimination under FEHA is that this is a predicate claim and if the underlying discrimination claim fails, the failure to prevent or correct discrimination claim fails as well.  *See Trujillo v. North County Transit Dist.*, 63 Cal.App.4th 280, 286-89 (1998).  However, because Plaintiff's discrimination claim is sufficiently plead as detailed in Section IV.B. above, Amazon has provided no proper grounds for dismissal of this claim.

### D. Plaintiff's UCL Claim Also is Sufficiently Plead.

Plaintiff's UCL claim is also plead sufficiently.  First, as above with her claim for failure to prevent or correct discrimination, because Plaintiff's underlying discrimination claim is sufficiently plead (*see* Section IV.B.), her claim for violation of California's Unfair Competition Law also is proper.

Second, Amazon argues Plaintiff cannot maintain her UCL claim in federal court because she has an adequate remedy at law.  *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (holding that traditional principles of equitable remedies in federal court require an inadequate remedy at law and apply to a UCL claim in a diversity action).  However, numerous courts have determined that there is no controlling federal authority preventing a plaintiff from pleading alternative remedies and that the time to sort out alternatively pled remedy requests is at the end of the

1    case, not the beginning.  *Wildin v. FCA US LLC*, 2018 U.S. Dist. LEXIS 102583, at *20 (S.D. Cal.

2    June 19, 2018); *see also Aberin v. Am. Honda Motor Co., Inc.*, 2018 U.S. Dist. LEXIS 49731, at *26

3    (N.D. Cal. Mar. 26, 2018); *Adkins v. Comcast Corp.*, 2017 U.S. Dist. LEXIS 137881, at *7 (N.D. Cal.

4    Aug. 1, 2017); *Vicuña v. Alexia Foods, Inc.*, 2012 U.S. Dist. LEXIS 59408 (N.D. Cal. April 27, 2012);

5    *Deras v. Volkswagen Grp. of Am., Inc.*, 2018 U.S. Dist. LEXIS 83553, at *19 (N.D. Cal. May 17,

6    2018).  The Court also should note that the ruling in *Sonner* even occurred on the eve of trial.  *See*

7    *Sonner, supra.*

8            Moreover, Plaintiff's UCL claim is not solely derivative of the unlawful conduct alleged in her

9    FEHA violations.  Plaintiff also alleges that Amazon engaged in "unfair business practices" and

10   "seeks restitution to restore any and all monies withheld, acquired, and/or converted by Defendants by

11   means of the unfair business practices. . . ."  Compl., ¶¶ 61, 64.  Where the plaintiff asserts a claim

12   under the "unfair" prong of the UCL, the legal remedy may not be adequate because it is not

13   equivalent to the UCL claim.  *See Mish v. TForce Freight, Inc.,* 2021 WL 4592124, at *9, fn 1 (N.D.

14   Cal. Oct. 6, 2021).

15           A business practice violates the "unfair" prong of the UCL if it is contrary to "established

16   public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers

17   which outweighs its benefits."  *McKell v. Wash. Mut., Inc.,* 142 Cal. App. 4th 1457, 1473 (2006).

18   Here, Plaintiff alleges that Amazon applied rate of production quotas to employees that required her

19   and similarly situated employees to meet quantified work and production targets and quotas.  *See, e.g.*,

20   Compl., ¶¶ 23, 34.  Amazon's conduct has provided Amazon with an unfair advantage over its

21   competitors and allowed it to unfairly obtain profits.  Compl., ¶ 63; *see* A.B. 701 §§ 1(b)-(c) (RJN, Ex.

22   1-2) (finding that "employees who work under these quotas are expected to complete a quantified

23   number of tasks within specific time periods" and the quotas "generally do not allow for workers to

24   comply with safety guidelines or to recover from strenuous activity. . . leaving them at high risk of

25   injury and illness."); *see also* RJN, Ex. 3 (showing Amazon has an injury rate nearly twice that of

26   competitors due to production standards).  As such, Amazon's unfair conduct as alleged in the

27   Complaint is unethical and contrary to public policy.  Because Plaintiff plead her UCL under the

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR STRIKE CLASS ACTION COMPLAINT
Case No. 3:22-cv-00348-JSC

1  "unfair" prong of the UCL, her legal remedy may not be adequate and therefore she has properly

2  stated a claim upon which relief can be granted.

3        Plaintiff admits that she is no longer employed by Amazon and therefore, does not have

4  standing to seek injunctive relief.  *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S.338, 364 (2011).

5  Plaintiff is willing to strike that request from the Complaint.

6        **E.  The Relevant Time Period for Plaintiff's Claims**

7        **1.  Plaintiff's Employment with Amazon Ending in October 2018.**

8        Plaintiff admits that she did not meet the one-year statute of limitations period applicable to her

9  first period of employment with Amazon ending in October 2018.  *See* Compl., ¶¶ 19, 26.  As such,

10  she agrees with Defendants that only her FEHA claims arising out of her tenure at Amazon ending in

11  October 2018 (plead with the first and second causes of action) are time-barred.  Nevertheless,

12  Plaintiff has knowledge of Amazon's employment practices, policies, working conditions, employee

13  experiences, etc. from that period of employment.  As such, the facts she has alleged or will allege

14  from that first stint of employment are relevant and proper.

15        **2.  Plaintiff's Class Definition Properly States the Relevant Time Period.**

16        Plaintiff agrees with Defendant that the relevant time period for her individual and putative

17  class FEHA claims (pled within the first and second causes of action) should properly be from January

18  1, 2019, to the present, given the changes in the statute of limitations to bring a discrimination claim.

19        Plaintiff's claim under the "unfair" prong of the UCL nevertheless sufficiently states a claim

20  upon which relief may be granted, as discussed above in Section IV.D.  The statute of limitations for a

21  UCL cause of action is four years.  Cal. Bus. & Prof. Code § 17208.  Thus, Plaintiff's class definition

22  representing a class extending back to December 15, 2017—four years prior to the filing of the

23  complaint is proper and not overbroad.  If necessary, Plaintiff can amend the class definition to include

24  a FEHA subclass (extending back to January 1, 2019) and a UCL subclass (extending back to

25  December 15, 2017) or the Court can simply order or the parties can stipulate that this is the time-

26  scope of the putative class and subclass.

27

1

2

**F.  Plaintiff Has Alleged Sufficient Facts Demonstrating She Is Similarly Situated to Members of the Class.**

3      Amazon's claim that Plaintiff hasn't sufficiently plead the commonality requirement is

4   perplexing –and incorrect.  Indeed, Plaintiff's class claims must be based on a "common contention"

5   that "is capable of class-wide resolution—which means that determination of its truth or falsity will

6   resolve an issue that is central to the validity of each one of the claims in one stroke."  *Dukes*, *supra*, at

7   350.  Here, Plaintiff alleges that Defendant imposes a rate of production quota on its employees,

8   including Plaintiff, that they are required to meet in fulfillment of their job duties.  Compl., ¶ 21.

9   Plaintiff contends that Defendant's uniform application of this rate of production quota policy causes a

10   disparate impact on those employees aged 40 and over in the terms, conditions, and privileges of their

11   employment.  This includes their having more difficulty meeting the rate of production quota,

12   suffering job injuries at a higher rate, suffering adverse scheduling, suffering more transfers or

13   demotions, suffering more criticism and reprimands, and ultimately quitting or being terminated at a

14   higher rate.  Compl., ¶ 47.  The case turns on this contention – does Defendant's rate of production

15   quota policy have a disproportionately adverse effect on workers aged 40 and above?  If so, it is a

16   discriminatory practice in violation of FEHA.  *See* Compl., ¶ 38; *see also* Cal. Gov't Code §§

17   12940(a), 12941.  Defendant can argue it does not but, regardless of truth or falsity, it is a common

18   issue on which liability turns and is capable of class-wide resolution.

19      Amazon's efforts to persuade the Court that Plaintiff has failed to allege a specific common

20   employment practice capable of class-wide resolution are disingenuous.  *See* RJN, Ex. 1-2 (addressing

21   workers at Amazon and other warehouse being subjected to quantified work quotas).  The actions of

22   the California Legislature in enacting A.B. 701 are sufficient to demonstrate that Amazon "had

23   statewide policies or practices giving rise to Plaintiff's causes of action."  *See Byrd v. Masonite Corp.*,

24   2016 WL 756523, at *4 (C.D. Cal. Feb. 25, 2016).  This is the employment practice that Plaintiff

25   sufficiently described in her Complaint and is contending discriminates against Plaintiff and the

26   putative class that creates disparate negative impacts on the described class of employees aged 40 and

27

28

older.  Amazon, thus, has notice of what the plaintiff's claim is and the grounds upon which it rests.
Moreover, Plaintiff has knowledge that her experience is not limited to her warehouses.

And contrary to Amazon's assertions, Plaintiff has adequately alleged that putative class
members were subject to the same policies or similar work experiences. Plaintiff worked in two
different Amazon facilities – the Sycamore Canyon, California warehouse facility and the Moreno
Valley, California fulfillment center – in two separate time periods.  Compl., ¶¶ 19, 28.  Plaintiff
alleges that on both occasions, Amazon applied a rate of production quota to herself and other
employees, both those aged 40 and over and those below 40.  Compl., ¶¶ 21, 29.

Moreover, Plaintiff has knowledge and so alleges that she and similarly situated employees
aged 40 and over had difficulty meeting the required rate of production quota, suffered from work-
related injuries in trying to meet the rate of production quota, were criticized and reprimanded for
failing the meet their rate of production quotas and ultimately, Plaintiff was terminated. Compl., ¶¶ 22,
24-25, 30-32.  Plaintiff has met the standards showing putative class members had similar experiences
to hers.  While Plaintiff is able to amend her Complaint to provide additional facts regarding
employees' common experiences, it is not necessary at this point.  The practice, the facts, and the
common experiences are known to Amazon as they have already been subjected to legislation by the
State of California as to the rate of production quotas and requirements that Plaintiff has described.

### G.  Plaintiff's Claims Against Defendants Amazon.com Inc. and Amazon Web Services, Inc. are Plausible.

Plaintiff's Complaint states that each Defendant, Amazon.com Inc., Amazon.com Services
LLC, and Amazon Web Services, Inc., is her actual employer.  Plaintiff alleges that each of the named
Defendants is her direct "employer."  Compl., ¶ 15.  Plaintiff alleges that she worked at the collective
Defendants' warehouse facility in Sycamore Canyon, CA in October 2018.  Compl., ¶ 19.  Plaintiff
further alleges that she was re-hired by the collective Defendants and worked in their Moreno Valley,
CA fulfillment center in 2019.  Compl., ¶ 28.  These allegations must be taken to be true and notably,
Amazon does not challenge Plaintiff's direct employer allegations.

Moreover, the employment relationship between Defendants and Plaintiff is relevant to Plaintiff's FEHA claim and is information more properly within the knowledge of Defendants. Thus, Plaintiff contends that pursuant to Federal Rule of Civil Procedure 26(b), she is entitled to discovery on the issue. If after discovery, only one or two entities are determined to be the actual employer-- then Plaintiff can appropriately dismiss the other entity or entities. However, at this stage, Plaintiff properly and correctly has pleaded that each of the named Amazon entities, Amazon.com Inc., Amazon.com Services LLC, and Amazon Web Services, Inc., is her actual employer in fact.

Defendants erroneously concentrate their argument only in the context of a joint employer relationship and suggest that Plaintiff does not allege facts to suggest Amazon.com Inc. and Amazon Web Services, Inc. exercised control over her employment. Although Plaintiff also alleges alternatively that each of the named Defendants was her "joint employer," (Compl., ¶ 15), Plaintiff contends this is not the appropriate inquiry where, as here, Plaintiff has definitely alleged each named Defendant was her actual employer in fact. Moreover, the cases cited by Defendants in support of their argument[3] were decided only in the context of a joint employment analysis and are also distinguishable as they concerned separate entities not alleged to be the plaintiff's direct employer (and in one case the entity in question was merely a human resources services provider).[4] Nevertheless, if this Court is concerned that the "joint employment" should be pleaded with more facts in support, Plaintiff is fully able to amend her Complaint to add such facts. Leave to amend should be granted freely, if necessary. *See* Fed.R.Civ.P. 15; *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (holding that denial of leave to amend is not proper unless it is clear the complaint cannot be saved by any amendment); *Center For Biological Diversity v. Veneman*, 394 F.3d 1108, 1109-1114 (9th Cir. 2005).

///

///

///

---

[3] *See Bayne v. Bowles Hall Found.*, 2021 WL 3426921, at *17 (N.D. Cal. Aug. 5, 2021); *Valencia v. N. Star Gas Co.*, 291 F. Supp. 3d 1155, 1159 (S.D. Cal. 2018).
[4] *See Valencia, supra.*

## V.    CONCLUSION

Accepting all factual allegations pleaded in the Complaint as true, and drawing all reasonable inferences from them in favor of the non-moving party, Plaintiff, the Complaint gives Amazon fair notice of what Plaintiff's claims are and the grounds upon which they rest.  Amazon has not met its burden to show beyond doubt that Plaintiff can prove no set of facts in support of her claim that would entitle her to relief.  Accordingly, for the foregoing reasons, Defendants' Motion to Dismiss or Strike Class Action Complaint should be denied in its entirety, aside from those issues that Plaintiff has conceded herein, and Plaintiff respectfully requests that this Court strike only those conceded claims or grant Plaintiff leave to file an amended complaint omitting those claims.

DATED:  February 28, 2022             **LAW OFFICE OF ERIC HONIG and**
                                      **LAW OFFICES OF PETER M. HART**


By:    */s/ Eric S. Honig*
       Eric S. Honig
       Peter M. Hart
       Attorneys for Plaintiff
       MICHELE OBRIEN