UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE OBRIEN,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM INC., et al.,<br><br>    Defendants. | Case No. 22-cv-00348-JSC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

Michele Obrien alleges on behalf of herself and a putative class of Amazon warehouse workers that Amazon has a policy or practice that has an unlawful disparate impact on employees over age 40. Now pending before the Court is Defendants' motion to dismiss. (Dkt. No. 10.) After considering the parties' written submissions, the Court concludes that oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS the motion to dismiss.

1.  Plaintiff fails to plausibly state a claim for disparate impact discrimination under FEHA. *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) ("only a complaint that states a plausible claim for relief with well-pleaded facts demonstrating the pleader's entitlement to relief can survive a motion to dismiss").

First, while she identifies as the discriminatory policy Defendants' "rate of production and/or work production quotas," (Dkt. No. 1-1 at ¶ 21), she alleges no specific facts as to the "and/or" policy: What is a rate of production? What rate of production, if any, does she challenge? For what specific tasks? Is there a single rate of production that applies to several tasks or separate rates for separate tasks? Or, is there no rate and instead a quota? What quota? The complaint's reader is left with the impression that the complaint drafter does not even know what is being challenged. A plaintiff cannot plausibly state a disparate impact claim when the

1  policy being challenged is identified so generally.  *See Smith v. City of Jackson,* 544 U.S. 228, 241 (2005).

Second, Plaintiff does not allege facts sufficient to support a plausible inference that the unspecified rate of production and/or quota policies have a disparate impact.  Instead, Plaintiff baldly alleges that older employees, including herself, "suffered transfers or demotions" along with adverse scheduling and terminations at a higher rate than younger employees.  (Dkt. No. 1-1 ¶ 47.)  She merely alleges conclusions; she does not allege facts supporting an inference that her conclusion is plausible as opposed to just conceivable.  *See Whitaker,* 985 F.3d at 1176 (the allegation of a policy of discrimination was inadequate because it "lacked factual allegations that could nudg[e] [his] claim of purposeful discrimination across the line from conceivable to plausible.") (cleaned up).

Plaintiff's insistence that Defendant's burden is "to show beyond doubt that Plaintiff can prove no set of facts in support of her claim that would entitle her to relief" is wrong.  *See Henry v. Adventist Health Castle Med. Ctr.*, 970 F.3d 1126, 1132 (9th Cir. 2020), cert. denied sub nom. *Henry v. Castle Med. Ctr.,* 142 S. Ct. 67, 211 L. Ed. 2d 9 (2021) (noting that the "no set of facts" standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), was abrogated by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

2. Plaintiff fails to plausibly plead a FEHA claim for failure to prevent or correct discrimination for the same reason the disparate impact claim fails.  *See Trujillo v. N. Cty. Transit Dist.*, 63 Cal. App. 4th 280, 286-89 (1998).

3. Plaintiff also fails to plead a claim under California's Unfair Competition law.  Plaintiff's contention that this claim survives even if the FEHA claim does not is based on her misapprehension of the pleading standard.  Here, too, she must plead facts that plausibly support an entitlement to relief.  The lack of factual allegations that doomed her FEHA claim dooms her section 17200 claim as well.  Plaintiff has also not sufficiently alleged her standing to pursue such a clam since only equitable relief, not damages, are recoverable.  *See Ozeran v. Jacobs*, 789 F. App'x 120, 122 (9th Cir. 2020) ("The only remedies available to a private plaintiff under California's UCL are the equitable remedies of injunction and restitution.").

4. Plaintiff's claims against Amazon.com, Inc. and Amazon Web Services, Inc. are dismissed for the additional reason that she pleads no facts to support her legal conclusion that all three named defendants were her "joint employer" or "direct employer" or "actual employer."

5. Plaintiff's FEHA disparate treatment claim is dismissed in light of Plaintiff's concession that her complaint does not plausibly allege such a claim. (Dkt. No. 11 at 11.)

6. Plaintiff's request for injunctive relief is dismissed as she concedes that as she no longer works for any defendant she has no standing to pursue injunctive relief. (Dkt. No. 11 at 19.)

7. Plaintiff's FEHA claims are dismissed to the extent they arise out of her pre-2019 Amazon employment in light of her concession that any FEHA claims arising out of her earlier employment are barred by the statute of limitations. (Dkt. No. 11 at 19.)

8. Plaintiff's request for discovery to determine if she can state a claim is denied. The Ninth Circuit has explained:

> This argument fails because the Supreme Court has been clear that discovery cannot cure a facially insufficient pleading. *Iqbal* specifically cautioned that "Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions," and *Twombly* went further, observing "[i]t is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management ...," Our case law does not permit plaintiffs to rely on anticipated discovery to satisfy Rules 8 and 12(b)(6); rather, pleadings must assert well-pleaded factual allegations to advance to discovery.

*Whitaker*, 985 F.3d at 1177 (citations omitted).

8. All of the above claims are dismissed with 30 days leave to amend, except for the FEHA claim going back to her pre-2019 employment and her injunctive relief claim. The Court is giving Plaintiff the opportunity to amend her disparate treatment claim. However, as with all amendments, Plaintiff and her counsel are reminded of the requirements of Federal Rule of Civil Procedure 11.

9. Having now reviewed and ruled upon the Motion to Dismiss, the Court finds that it is appropriate to continue the case management conference to June 30, 2022 at 1:30 p.m. via Zoom videoconference with a joint case management conference statement due one week in

3

advance.  Given the lack of specific factual allegations, it is premature to require the parties to discuss a discovery plan and case schedule at this time.  The Court is not staying any initial disclosure requirements.

This Order disposes of Docket No. 10.

**IT IS SO ORDERED.**

Dated: April 1, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge