1 | **LAW OFFICE OF ERIC HONIG**
Eric S. Honig (State Bar No. 140765)
2 | P.O. Box 10327
Marina Del Rey, CA 90295
3 | Telephone: (310) 699-8051
Facsimile: (310) 943-2220
4 |
5 | **LAW OFFICES OF PETER M. HART**
Peter M. Hart (State Bar No. 198691)
6 | 12121 Wilshire Blvd., Suite 525
Los Angeles, CA 90025
7 | Telephone: (310) 478-5789
Facsimile: (509) 561-6441

8 | Attorneys for Plaintiff Michele Obrien

9

10

11

12

13

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE OBRIEN, as an individual and on behalf of all others similarly situated, | Case No. 3:22-cv-00348-JSC |
| | CLASS ACTION |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| v. | |
| AMAZON.COM SERVICES LLC, a Delaware limited liability corporation, and DOES 1-100, | Action filed:  Dec. 15, 2021 |
| Defendants. | |

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Michele Obrien ("Plaintiff" or "Ms. Obrien") hereby submits this First Amended Complaint against Amazon.com Services LLC and DOES 1-100 (hereinafter collectively referred to as "Defendants" or "Amazon") on behalf of herself and the class of persons aged 40 and older employed at any Amazon warehouse in California at any time during the period from January 1, 2019, to the present who have been or may be subjected to Amazon's quota policies and practices.

Warehouse workers covered by this complaint include workers at Amazon warehouses in California during the proposed class period, whether identified as distribution centers, fulfillment centers, delivery centers, or warehouses.  In this Complaint, Plaintiff challenges the quota system Amazon enforces at its warehouse facilities in California, which pushes warehouse workers either to meet a quota or risk injury or termination.  Warehouse workers are required to meet an hourly quota of items moved through their respective work posts, or suffer an adverse employment action if they fail to complete the performance standard.

## INTRODUCTION

1.      The California Fair Employment and Housing Act ("FEHA") prohibits an employer from discharging a person from employment or from discriminating against a person "in compensation, or in terms, conditions, or privileges of employment" on the basis of the person's age.  Cal. Gov't Code § 12940(a).

2.      Plaintiff Michele Obrien brings this action on behalf of herself and a class of current and former employees of Amazon, aged 40 and older, who worked at Amazon warehouses in California, including its fulfillment centers, distribution centers, and delivery centers, and who have been or continue to be subjected to, or had to meet, Amazon's quota policy and practices, during the period from January 1, 2019, to the present. Further, Amazon's warehouse employees, whether a sorter, picker, loader, logistics, or any other position subject to a quota, all were consistently subjected to a common policy and practice by Amazon where employees who could not meet their

FIRST AMENDED COMPLAINT

1  quota suffered adverse job consequences, including being reprimanded and terminated,

2  which had a disparate impact on employees aged 40 and older because of their age.

### JURISDICTION AND VENUE

4      3.      This Court has jurisdiction over this action because Plaintiff's claims arise

5  under state law, including the Fair Employment and Housing Act ("FEHA").

6      4.      This Court has jurisdiction over this Class Action pursuant to Code of

7  Civil Procedure § 382 and is consistent with Fed. R. Civ. P. 23(a), (b)(1), (b)(2), and

8  (b)(3).  The amount in controversy for Plaintiff, as an individual, is less than $90,000,

9  inclusive of compensatory damages, penalties, and interest.

10     5.      Venue is proper because Defendant removed this action from the

11 Alameda County Superior Court pursuant to 28 U.S.C. § 1332, 1441, 1453, 1171, and

12 the Class Action Fairness Act of 2005 ("CAFA").  The Court has CAFA diversity

13 jurisdiction over this matter.  Defendants, and each of them, have conducted business

14 activity in the County of Alameda, including employing class members in this district

15 and, and many of the incidents giving rise to the claims herein took place in this

16 County.

### PARTIES

18     6.      Plaintiff Michele Obrien is an adult woman who resides in Highland,

19 California, and who during all the periods of her employment with Amazon, was over

20 the age of 40 years.

21     7.      Plaintiff is informed and believes and based thereon alleges that

22 Defendant Amazon.com Services LLC was and is a Delaware corporation with its

23 headquarters located at Seattle, Washington, and is registered with the California

24 Secretary of State and does business in the State of California, including in the County

25 of Alameda, and employed Plaintiff and other similarly situated employees throughout

26 the State of California as further defined herein.

27     8.      Amazon.com Services LLC has more than five employees and is therefore

an employer within the meaning of FEHA.

FIRST AMENDED COMPLAINT

9.      Plaintiff is informed and believes and based thereon alleges that at all times herein named Defendant and DOES 1 through 100, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

10.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 100, inclusive, and for that reason, said Defendants are sued under such fictitious names. Plaintiff will seek leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and the class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

11.     At all times herein mentioned, each Defendant participated in the doing of the acts hereinafter alleged to have been done by the named Defendants. Furthermore, the Defendants, and each of them, were the agents, servants, and employees of each of the other Defendants, as well as the agents of all Defendants, and were acting within the course and scope of said agency and employment.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12.     On behalf of herself and similarly situated employees, Plaintiff Michele Obrien filed a complaint with the Department of Fair Employment and Housing ("DFEH") and received a Notice of Right to Sue from the DFEH on October 4, 2021. The DFEH complaint and Notice of Right to Sue were personally served on Defendant Amazon.com Services LLC on October 21, 2021.

## FACTUAL ALLEGATIONS AND CONTENTIONS

13.     Defendants, during the class period, had and currently have a facility-wide policy and actual practice in their California warehouses of requiring employees to meet an hourly quota of items moved through their respective work posts or else would suffer an adverse employment action. This quota is often colloquially referred to by Amazon

4

FIRST AMENDED COMPLAINT

1   workers inside warehouses, including supervisors and employees, as a "production

2   quota," a "rate of production," and/or "rate"—but all terms refer to the same warehouse

3   facility wide quota system that Amazon applies at its California warehouses.   This

4   quota system is hereby referred to in this First Amended Complaint as "quota"

5          14.     The State of California singled out Amazon regarding its use of quotas.

6   On September 2021, California passed Assembly Bill 701, a bill regulating the use of

7   quotas in warehouses.  In enacting this law, its authors and proponents pointed

8   specifically to Amazon's unsafe work speed and quotas as a key motivator for the

9   legislation.  As a result, the use of quotas in warehouses as referred to herein are

10   expressly regulated in California Labor Code § 2100, et seq., which went into effect on

11   January 1, 2022, and California has defined "quota" at § 2100(h).[1]

12          15.     Amazon has admitted that it has a facility-wide policy of setting work

13   quotas and requiring workers to meet such quotas at its warehouses in California. The

14   warehouse facility-wide quota policy has been applied and applies to jobs generally

15   known as stower, sorter, packer, picker, and logistics worker (although these may also

16   have more specific technical names).

17          16.     Amazon's warehouse employees subject to a quota, whether a sorter,

18   picker, loader, logistics, or any other position subject to a quota, all were consistently

19   subjected to a common policy and practice by Amazon where employees who could not

20   meet their quota were reprimanded and terminated, which had a disparate impact on

21   employees aged 40 and older because of their age.

22          17.     It is a common policy and practice, and a central feature at Amazon

23   warehouses, for Amazon supervisory employees to a) constantly and continually push

24   warehouse workers to meet the quota; b) verbally reprimand warehouse workers who

25   _____

26   [1]   Amazon is subject to the quota, which is defined in the Labor Code similarly to what
      Plaintiff alleges in this Complaint, i.e. "a work standard under which an employee is assigned or
27   required to perform at a specified productivity speed, or perform a quantified number of tasks, or
      to handle or produce a quantified amount of material, within a defined time period and
      under which the employee may suffer an adverse employment action if they fail to complete
      the performance standard."

FIRST AMENDED COMPLAINT

1  fail to meet the quota; c) write up warehouse workers who fail to meet the quota; d)

2  discipline warehouse workers for failing to meet the quota; and e) terminate warehouse

3  workers who fail to meet the quota.

4       18.     Often these terminations are known as quota-related terminations or rate-

5  related terminations.  The "rate" used in this context is the same as Amazon's quota

6  system.

7       19.     It is Defendant's common policy and practice that Amazon warehouse

8  workers who do not meet their quota are not meeting the requirements of the job.

9       20.     It is a common that employees aged 40 and older who are pressured to

10  meet their quota quit because they cannot meet the quota or are injured trying to meet it,

11  and also quit after these injuries because they are not meeting the quota.

12       21.     Amazon raises the quota requirements at its facilities after the busy winter

13  holiday season, making it harder for employees to meet the quota and causing workers

14  either to quit because they cannot meet the quota or to be fired for failing to meet the

15  quota.  Amazon in this way uses its quota system to cull those it considers to be slower

16  workers either through causing them to quit or by terminating them.  This often creates

17  a post-holiday rush season workforce that is quicker and younger than age 40.

18       22.     Amazon relies on an extremely high-churn model, continually replacing

19  workers to sustain the dangerous and grueling work pace demands.  Workers who

20  cannot keep up with Amazon's extreme quota productivity goals are fired or

21  encouraged to quit and leave their jobs due to injuries.

22       23.     Amazon supervisors pressure warehouse workers to stay at work or to

23  return to work without seeking medical attention for work injuries or rather than taking

24  time off to recover from work injuries—all so that they can meet the quota.

25       24.     Amazon warehouse workers' quota performances are constantly tracked

26  and data is continually sent to managers in real time through Amazon's proprietary

27  software system.

FIRST AMENDED COMPLAINT

1

2

3

25.     The quota system tracks employees' rate and automatically generates warnings or terminations. Warehouse workers know that if they do not hit their quota, they will be written up and eventually fired.

4

5

6

26.     It is a pattern and practice of Amazon to verbally pressure, verbally reprimand, and write up and eventually terminate employees for not meeting their quota.  Older workers such as Plaintiff and the class bear this burden disproportionally.

7

## **PLAINTIFF'S FACTS**

8

9

10

11

27.     Ms. Obrien worked at an Amazon warehouse facility on Sycamore Canyon Drive in Riverside, California in October 2018.  At the time of this employment, she was 48 years old.  Ms. Obrien worked in a position known as a sorter, a position involving sorting of packaging work.

12

13

14

15

28.     Amazon applied a quota to Ms. Obrien's position, requiring Ms. Obrien and other employees at this warehouse to meet an hourly quota of items and scanned and moved through her post.  Amazon applied such quotas facility-wide at Amazon warehouses throughout California.

16

17

18

19

20

21

22

23

29.     Amazon applied this quota to Ms. Obrien and to other similarly situated employees aged 40 and older at its California warehouses. Ms. Obrien and other similarly situated employees had to meet Amazon's quota to remain in good standing as employees and avoid being disciplined or fired.  Amazon did not adjust or alter this work quota to account for Ms. Obrien's or other employees' age, and the work quota was applied to employees below the age of 40 at the same rate.  Ms. Obrien could not keep up with the required quota and she alleges that other similarly situated employees aged 40 and over also could not keep up with the quota Amazon applied to them.

24

25

26

27

30.     The work quota required that Ms. Obrien meet quantified quotas in which the work involved sorting of packages and product items, packing of packages and items, stowing of packages and items, and filling and emptying products and items in boxes and bins and containers.

28

FIRST AMENDED COMPLAINT

1    31.    Because of the work quota Amazon applied to Ms. Obrien and similarly

2  situated employees aged 40 and over, and the constant pressure to meet this work quota

3  or be criticized by managers, disciplined, or be fired, Ms. Obrien suffered from work-

4  related physical injuries in an effort to keep up and, ultimately, she was not able to meet

5  Amazon's imposed or work production quota.

6    32.    Ms. Obrien and similarly situated employees were systemically pushed to

7  meet the work quota, reprimanded by supervisors for being unable to keep up with the

8  imposed work quota, and were constantly subject to the work quota, all of which caused

9  them significant stress in a difficult work environment.

10    33.    Because of the continuing adverse impact of the application of Amazon's

11  quota applied to Ms. Obrien, and her not able to meet these quantified standards, she

12  was terminated in October 2018.

13    34.    Ms. Obrien suffered lost income as a result of being terminated, suffered

14  emotional distress, and suffered physical injuries because of the quota imposed upon

15  her that she was unable to meet.

16    35.    Ms. Obrien was later re-hired by Amazon in 2019 and she worked as an

17  hourly, non-exempt warehouse employee in Amazon's Moreno Valley, CA fulfillment

18  center.  At the time of this employment, she was 49 years old.

19    36.    Again, Amazon applied a quota to Ms. Obrien and to other similarly

20  situated employees aged 40 and over.  Amazon did not adjust or alter this quota to

21  account for Ms. Obrien or other employees aged 40 and older although the work quota

22  was applied to employees below the age of 40 in a similar manner

23    37.    Again, Ms. Obrien and other employees aged 40 and over could not keep

24  up with the required quota because of their age.

25    38.    Nevertheless, Ms. Obrien and similarly situated employees again were

26  systemically pushed to meet the quota, and reprimanded by supervisors for being

27  unable to keep up with the quota, which caused them significant stress.

8

FIRST AMENDED COMPLAINT

39.     Because of the continuing pressure to meet her quota Amazon applied to Ms. Obrien, she again suffered work-related physical injuries.  She needed to take time off to recover from her injuries, but she was warned that if she did so she would be fired for failing to meet the quota.  She was again terminated in October 2019.  Her last date of work was approximately October 7, 2019.

40.     Ms. Obrien suffered lost income as a result of being terminated, and suffered emotional distress and physical injuries because she could not meet the quota imposed upon her, and was terminated for not meeting it.

## CLASS ACTION ALLEGATIONS

41.     Class Definition:  The named individual Plaintiff brings this action on behalf of herself and the class pursuant to California Code of Civil Procedure § 382 and is consistent with Fed. R. Civ. P. 23(a), (b)(1), (b)(2), and (b)(3).  The class consists of all current and former employees of Amazon, aged 40 and older, who worked at Amazon warehouses in California, including its fulfillment centers, distribution centers, and delivery centers, and who have been or continue to be subjected to a quota policy and practice or had to meet a quota, during the period from January 1, 2019, to the present (collectively, the "Class").

42.     Ms. Obrien is a member of the Class she seeks to represent.

43.     Numerosity:  The members of the class exceed 1,000 persons and are so numerous that joinder of all members would be impractical, if not impossible.  The identity of the members of the class is readily ascertainable by review of Defendants' records, including payroll records.  Plaintiff is informed and believes and based thereon alleges that class members were discriminated against on the basis of their age in violation of FEHA.

44.     Adequacy of Representation:  The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class defined above.  Plaintiff's attorneys are ready, willing and able to fully and adequately represent the Class and the individual Plaintiff.  Plaintiff's attorneys have prosecuted

FIRST AMENDED COMPLAINT

1   and settled class actions in the past and currently have a number of other class actions

2   pending in California courts.

3       45.     Common Question of Law and Fact:  There are predominant common

4   questions of law and fact and a community of interest between the claims of Plaintiff

5   and the claims of the class concerning Defendant.  Common questions include, among

6   others, a) whether Amazon has a policy of requiring quotas at warehouse jobs in

7   California during the putative class period, b) whether Amazon has a policy or practice

8   of reprimanding employees for failing to meet their quota, c) whether Amazon has a

9   policy or practice of writing employees up for failing to meet their quota, d) whether

10  Amazon has a policy or practice of having managers or supervisors at warehouses

11  verbally push employees to meet their quotas, e) whether Amazon has a policy or

12  practice of raising its quota requirements at Amazon warehouses after the winter

13  holiday season is over, f) whether employees aged 40 and older to whom the quota is

14  applied have work-related injuries at a higher rate that employees under age 40, g)

15  whether employees aged 40 and older to whom Amazon's a quota is applied require

16  more time off due to work-related injuries versus younger workers, h) whether

17  employees aged 40 and older are terminated at a higher rate than employees under age

18  40 to whom a quota is applied, i) whether warehouse employees aged 40 and older to

19  whom a quota is applied quit at a higher rate than employees under age 40 j) whether

20  Amazon's system of requiring warehouse employees to meet quotas disparately impacts

21  employees aged 40 and older in their jobs, k) whether Amazon's system of requiring

22  warehouse employees to meet quotas or be reprimanded, and terminating warehouse

23  employees who do not meet the quota, disparately impacts employees aged 40 and older

24  in violation of age discrimination laws under the California FEHA, and l) whether

25  equitable remedies,  compensatory damages for the Class are warranted.

26      46.     Typicality:  The claims of Plaintiff are typical of the claims of all

27  members of the Class.  Plaintiff and Class Members have been subjected to Amazon's

    common quota policies and practices.

47.     The nature of this action and the laws available to Plaintiff and members of the Class identified herein make the Class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.

48.     The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants; and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests.  Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

49.     Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is representative of, will establish the right of each of the members of the Plaintiff Class to recovery on the causes of action alleged herein.

**FIRST CAUSE OF ACTION**

**Age Discrimination in Violation of FEHA**

**Cal. Gov't Code § 12940, *et seq.***

**(On Behalf of Plaintiff and the Class Against All Defendants)**

50.     Plaintiff hereby incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

51.     FEHA prohibits an employer from discharging a person from employment or from discriminating against a person "in compensation, or in terms, conditions, or privileges of employment" on the basis of the person's age.  Cal. Gov't Code § 12940(a).   As used in FEHA, age means "the chronological age of any individual who has reached his 40th birthday."  Cal. Gov't Code § 12926(b).

52.     Defendants have discriminated against Plaintiff and the Class of similarly situated employees aged 40 and over in violation of FEHA because Defendants' policies subject them to different and adverse employment events as a result of their age.  Plaintiff and the Class of similarly situated employees aged 40 and over have suffered disparate impacts as a result of Defendants' conduct.

53.     Plaintiff alleges that Defendants' uniform application of its quota policy has a disparate impact on Plaintiff and the Class of similarly situated employees aged 40 and over and on the terms, conditions, and privileges of their employment. Defendants' system is not justified by business necessity or, if it could be justified, less discriminatory alternatives exist.

54.     Amazon's warehouse employees subject to a quota, whether a sorter, picker, loader, logistics, or any other position subject to a quota, all were consistently subjected to a common policy and practice by Amazon where employees who could not meet their quota were reprimanded and terminated, which had a disparate impact on employees aged 40 and older because of their age.

55.     The State of California concluded that warehouse jobs cause a high rate of work-related injuries and singled out Amazon as having the highest rate of warehouse work-related injuries.

56.     The State of California concluded that warehouse quotas – such as the ones to which Plaintiff and the Class Members were subjected - are a major factor in causing such a high number of work-related injuries.

57.     Amazon's own records show that its workers are injured on the job at nearly double the average rate of the general warehousing industry and triple the average rate among all private employers.

58.     Amazon's warehouses have a very hard-to-meet quota requirement that the State of California contends contributes to excessively high work-related injuries.

FIRST AMENDED COMPLAINT

59.    In multiple reports, Occupational Health and Safety Administration inspectors specifically pointed to Amazon's "very high pace of work" and its "monitoring and discipline systems" as causes of its high rate of serious injuries.

60.    A joint research brief produced by Human Impact Partners (HIP) and the Warehouse Worker Resource Center (WWRC) concluded that Amazon quotas are too high for a safe and healthy workplace.

61.    Experts contend the reason for the elevated injury rate in warehouse distribution centers is the use of quotas, i.e. the requirement that each worker must handle a specific number of goods in a specific amount of time.

62.    Experts studying Amazon's warehouses have concluded that there is a "direct connection" between Amazon's "very high pace of work," its quotas, and high rates of repetitive stress injuries like strains, sprains, and hernias among the company's warehouse workers.

63.    Amazon is aware that its warehouses have high rate of work-related injuries.

64.    Amazon is aware that its quotas are directly connected to its high numbers of work-related injuries.

65.    Amazon is aware that because of their injuries from working at its warehouses, employees are forced to take time off from work, which leads them to fall further behind in meeting their quotas. Amazon has admitted, for example, that certain specific types of injuries are endemic at its warehouses, and that musculoskeletal disorders account for about 40% of work-related injuries at Amazon warehouses.

66.    Investigations show that older workers have a higher risk of developing musculoskeletal disorders when performing repetitive tasks such as those at Amazon warehouses performed under quota driven time constraints.

67.    Investigations also show that older workers require more days away from work to recover from an injury than do younger workers.

FIRST AMENDED COMPLAINT

68.     Plaintiff hereby alleges that Amazon's quotas and its monitoring and discipline system of enforcing these quotas have a disparate impact on warehouse workers age 40 and above.

69.     Plaintiff hereby alleges that statistics also will support that older workers aged 40 and above suffer disparate impacts caused by Amazon's quotas and its monitoring and discipline system of enforcing these quotas, and that older workers aged 40 and above at Amazon's warehouses are fired at a higher percentage rate than younger workers. Plaintiff also alleges that workers aged 40 and above at Amazon's warehouses quit at higher percentage rates relative to workers under age 40. Plaintiff alleges that older workers at Amazon's warehouses are written up for not meeting their quotas at a higher percentage than younger workers.

70.     Higher numbers of work-related injuries incurred by workers aged 40 and above cause them to be more likely to be unable to meet the quotas imposed by Amazon.  If they do not meet the quotas, they are subject to being terminated, and forced to quit, not given the best shifts, and are not given raises.

71.     Amazon's quota is increased after the busy winter holiday season, which has the effect of forcing employees to quit because they cannot meet the quota, which causes terminations of employees who cannot meet the quota, which, as alleged above, creates a disparate impact on workers aged 40 and older and allows Amazon to achieve a younger work force after the winter holiday season, when other workers are no longer needed.

72.     Amazon's quota system and policy of monitoring, disciplining, and terminating employees for not meeting the quota not only disparately impacts workers aged 40 and older, but also is used by Amazon to cause older persons to be fired or forced to quit, thereby allowing Amazon to have a younger workforce to its benefit and in violation of FEHA.

73.     At all relevant times, Defendants had actual and constructive knowledge of the discriminatory conduct described herein.

FIRST AMENDED COMPLAINT

74.     Plaintiff is informed and believes and thereon alleges that Defendants engaged in other discriminatory practices against Plaintiff and the Class of similarly situated employees aged 40 and older which are not yet fully known.  Plaintiff will seek leave of this Court to amend this complaint at such time as these additional discriminatory practices become known.

75.     As a direct and proximate cause of Defendants' unlawful actions as described herein, Plaintiff and the Class have suffered lost back wages, lost front wages, lost employment benefits, other lost compensation and benefits, and other economic damages in amounts to be proven at trial.

76.     As a direct and proximate cause of Defendants' unlawful actions, Plaintiff and the Class have suffered injury, including but not limited to emotional distress, entitling them to compensatory damages in an amount to be proven at trial.

77.     Plaintiff and the Class are entitled to reasonable attorneys' fees and costs pursuant to California Government Code § 12965(b).

## SECOND CAUSE OF ACTION

### Failure to Prevent or Correct Discrimination Under FEHA

### Cal. Gov't Code § 12940(k)

### (On Behalf of Plaintiff and the Class Against All Defendants)

78.     Plaintiff hereby incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

79.     California Government Code § 12940(k) holds it is an unlawful employment practice for an employer "to fail to take all reasonable steps necessary to prevent discrimination . . . from occurring."

80.     By the actions and omissions of Defendants described hereinabove, Defendants failed their affirmative duty to take all reasonable steps necessary to prevent discrimination on the basis of employees' age from occurring in violation of California Government Code § 12940(k).

FIRST AMENDED COMPLAINT

81.     As a direct and proximate cause of Defendants' unlawful actions, Plaintiff and the Class have suffered lost back wages, lost front wages, lost employment benefits, other lost compensation and benefits, and other economic damages in amounts to be proven at trial.

82.     As a direct and proximate cause of Defendants' unlawful actions, Plaintiff and the Class have suffered injuries, including but not limited to emotional distress, entitling them to compensatory damages in an amount to be proven at trial.

83.     Plaintiff and the Class are entitled to reasonable attorneys' fees and costs pursuant to California Government Code § 12965(b).

**THIRD CAUSE OF ACTION**

**Violation of California's Unfair Competition Law**

**Cal. Bus. & Prof. Code §§ 17200,** *et seq.*

**(On Behalf of Plaintiff and the Class Against All Defendants)**

84.     Plaintiff hereby incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

85.     California's Unfair Competition Law prohibits "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.

86.     Amazon engaged in unlawful and unfair business practices as described hereinabove, including but not limited to applying its required quota to Plaintiff and Class Members, causing Plaintiff and Class Members to suffer adverse employment decisions for being unable to meet the quotas, and failing to prevent discrimination against Plaintiff and Class Members.

87.     Plaintiff and Class Members have suffered injury in fact and have lost money or property as a result of Amazon's acts and omissions.

88.     Amazon's acts and omissions constitute unfair competition and provide Amazon with an unfair advantage over its competitors.  As a direct and proximate cause of Amazon's unlawful conduct alleged herein, Amazon unfairly obtained profits.

FIRST AMENDED COMPLAINT

1    Therefore, Plaintiff and Class Members are entitled to disgorgement by Amazon of

2    those profits.

3         89.    Plaintiff, on behalf of herself and the Class, seeks restitution to restore any

4    and all monies withheld, acquired, and converted by Defendants by means of the unfair

5    business practices complained of herein.

6         90.    Plaintiff, on behalf of herself and the Class seeks an award of attorneys'

7    fees and costs pursuant to Code of Civil Procedure § 1021.5.

8

9                                **PRAYER FOR RELIEF**

10        WHEREFORE, Plaintiff on her own behalf and on the behalf of the

11   members of the Class, prays for judgment against Defendant as follows:

12        1.     For an order certifying the proposed Class;

13        2.     For an order appointing Plaintiff Michele Obrien as the representative of

14   the Class;

15        3.     For an order appointing Counsel for Plaintiff as Class Counsel;

16        4.     For front wages, back wages, salary, employment benefits, and other

17   compensation denied to or lost by Plaintiff and Class Members in an amount to be

18   proven at trial;

19        5.     For any other economic losses incurred by Plaintiff and Class Members in

20   an amount to be proven at trial;

21        6.     For compensatory damages to Plaintiff and Class Members for pain and

22   suffering in an amount to be proven at trial;

23        7.     For restitution to Plaintiff and Class Members who were deprived of

24   wages, compensation, employment benefits, or other equitable monetary relief caused

25   by Defendants' unlawful practices as permitted by law;

26        8.     For and award of reasonable attorneys' fees and costs as provided by

27   California Government Code § 12965(b) and Code of Civil Procedure § 1021.5;

         9.     For all pre- and post-judgment interest as permitted by law; and

1      10.     For such other and further relief the court may deem just and proper.

2

3   DATED:  April 28, 2022                    **LAW OFFICE OF ERIC HONIG and**
                                             **LAW OFFICES OF PETER M. HART**

4

5

6

7                                      By:        */s/ Eric S. Honig*
                                             Eric S. Honig
8                                            Peter M. Hart
                                             Attorneys for Plaintiff
9                                            Michele Obrien

10

11                     **DEMAND FOR JURY TRIAL**

12      Plaintiff demands a trial by jury for herself and the Class on all claims so triable.

13

14  DATED:  April 28, 2022                    **LAW OFFICE OF ERIC HONIG and**
                                             **LAW OFFICES OF PETER M. HART**

15

16

17

18

19

20                                     By:        */s/ Eric S. Honig*
                                             Eric S. Honig
21                                           Peter M. Hart
                                             Attorneys for Plaintiff
22                                           Michele Obrien

23

24

25

26

27

28

18
FIRST AMENDED COMPLAINT