MORGAN, LEWIS & BOCKIUS LLP
Brian D. Berry, Bar No. 229893
Sarah Zenewicz, Bar No. 258068
Roshni C. Kapoor, Bar No. 310612
One Market
Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:     +1.415.442.1001
brian.berry@morganlewis.com
sarah.zenewicz@morganlewis.com
roshni.kapoor@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Anahi Cruz, Bar No. 324326
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:     +1.213.612.2500
Fax:     +1.213.612.2501
anahi.cruz@morganlewis.com

Attorneys for Defendant
AMAZON.COM SERVICES LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE OBRIEN, as an individual and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES LLC, a Delaware limited liability corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:22-cv-00348-JSC<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS OR STRIKE THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   June 30, 2022<br>Time:  1:30 p.m.<br>Dept.:  Courtroom E – 15th Floor<br>Hon. Jacqueline Scott Corley<br><br>Action Filed: Dec. 15, 2021 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that on June 30, 2022, at 1:30 p.m., or as soon thereafter as counsel may be heard before the Honorable Jacqueline Scott Corley, of the San Francisco Courthouse of the above-entitled court, located at 450 Golden Gate Ave. San Francisco, CA 94102, Defendant Amazon.com Services LLC ("Amazon") will, and hereby does, move this Court pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for an order dismissing Plaintiff Michele Obrien's First Amended Complaint for failure to state a claim upon which relief can be granted, based on the following grounds:

1.     Plaintiff's First Cause of Action for Age Discrimination in Violation of the Fair Employment and Housing Act ("FEHA") fails to state a claim in accordance with Fed. R. Civ. P. 8 because Plaintiff does not set forth factual allegations sufficient to plausibly suggest Amazon discriminated against her because of her age.

2.     Plaintiff's Second Cause of Action for Failure to Prevent or Correct Discrimination Under FEHA fails to state a claim in accordance with Fed. R. Civ. P. 8 because Plaintiff does not set forth factual allegations sufficient to plausibly suggest that Amazon failed to prevent or correct age discrimination.

3.     Plaintiff's Third Cause of Action under California's Unfair Competition Law ("UCL") fails to state a claim because Plaintiff does not allege a violation of FEHA, does not allege that she lacks an adequate remedy at law, and does not have standing to seek equitable relief.

4.     Plaintiff fails to state any class claims because Plaintiff does not set forth factual allegations sufficient to plausibly suggest that she is similarly situated to the putative class she purports to represent.

Amazon also moves this Court pursuant to Fed. R. Civ. P. 12(f) to strike each of Plaintiff's allegations related to her first tenure with Amazon on the grounds that such claims were previously dismissed with prejudice and are therefore surplusage, immaterial, and/or impertinent.  FAC ¶¶ 27-34.  Amazon further moves this Court pursuant to Fed. R. Civ. P. 12(f) and 23 to strike the class allegations from Plaintiff's Complaint on the grounds that Plaintiff's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -                            Case No. 3:22-cv-00348-JSC
DEFENDANT'S MOTION TO DISMISS OR STRIKE THE FIRST AMENDED COMPLAINT

conclusory allegations fail to plausibly allege any class claim.  FAC ¶¶ 2, 41-49, Prayer for Relief 1-3, and all references to "Class Members."

The Motion to Dismiss and Motion to Strike are based on this Notice of Motion, the Memorandum of Points and Authorities, the pleadings on file herein and such arguments and admissible evidence as may be presented at the time of hearing.

Dated: May 16, 2022                                 MORGAN, LEWIS & BOCKIUS LLP


By   /s/ *Brian D. Berry*
Brian D. Berry
Sarah Zenewicz
Roshni C. Kapoor
Anahi Cruz
Attorneys for Defendant
AMAZON.COM SERVICES LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -                                 Case No. 3:22-cv-00348-JSC
DEFENDANT'S MOTION TO DISMISS OR STRIKE THE FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................................................... 1

II.    PROCEDURAL HISTORY ............................................................................................ 1

III.   SUMMARY OF THE FAC'S ALLEGATIONS ............................................................ 3

       A.    Plaintiff's Employment at the Moreno Valley Fulfillment Center in 2019. ........... 3

       B.    Plaintiff's Speculation About the Experiences of Thousands of Amazon
             Warehouse Employees Statewide ............................................................................ 4

       C.    Plaintiff's Allegations About Elevated Injury Rates at Amazon
             Warehouses. .............................................................................................................. 5

IV.    LEGAL STANDARD ..................................................................................................... 5

V.     ARGUMENT ................................................................................................................... 7

       A.    The Complaint Fails to Plead Facts Sufficient to Support a Plausible
             Disparate Impact Claim (First Cause of Action). .................................................... 7

             1.    Plaintiff Does Not Isolate and Identify a Specific Employment
                   Practice to Challenge with a Disparate Impact Claim. .............................. 9

             2.    Plaintiff Alleges No Facts Regarding the Critical Causation
                   Element. .................................................................................................... 10

       B.    Plaintiff's FEHA Claim for Failure to Prevent or Correct Discrimination
             Fails Along with Her Underlying Discrimination Claims (Second Cause of
             Action)..................................................................................................................... 12

       C.    Plaintiff Cannot Maintain Her Claim for Violation of California's Unfair
             Competition Law (Third Cause of Action). ........................................................... 13

       D.    The Court Should Strike Allegations Related to Plaintiff's Time-Barred
             Claim Arising from Her First Tenure of Employment at Amazon ......................... 14

       E.    The Court Should Strike or Dismiss the Class Claims Because the
             Complaint Pleads No Facts That Plausibly Suggest She Is Similarly
             Situated to Members of the Class........................................................................... 15

VI.    CONCLUSION .............................................................................................................. 16

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Silicon Valley

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Abdul-Haqq v. Kaiser Emergency in San Leandro*
2017 WL 1549480 (N.D. Cal. May 1, 2017) .......................................................... 13

*Airy v. City of Hesperia*
2019 WL 8017811 (C.D. Cal. Sept. 13, 2019) ...................................................... 13

*Alvarado v. Wal-mart Assocs., Inc.*
2020 WL 6526372 (C.D. Cal. Aug. 7, 2020) ........................................................ 16

*Am. Fed'n of State, Cty., & Mun. Emps., AFL-CIO (AFSCME) v. State of Wash.*
770 F.2d 1401 (9th Cir. 1985) ................................................................................. 8

*Asencio v. Miller Brewing Co.*
283 F. App'x 559 (9th Cir. 2008) .......................................................................... 13

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ................................................................................................. 5

*Ayala v. Frito Lay, Inc.*
263 F. Supp. 3d 891 (E.D. Cal. 2017) ................................................................... 13

*Baker v. City of San Diego*
463 F. Supp. 3d 1091 (S.D. Cal. 2020) ................................................................. 12

*Barranco v. 3D Sys. Corp.*
952 F.3d 1122 (9th Cir. 2020) ............................................................................... 14

*Barrow v. Barrow*
2017 WL 2872820 (D. Mass. July 5, 2017) .......................................................... 12

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007) ....................................................................................... 5, 6, 11

*Bush v. Vaco Tech. Svcs., LLC*
2019 WL 3290654 (N.D. Cal. July 22, 2019) ....................................................... 16

*Byrd v. Masonite Corp.*
2016 WL 756523 (C.D. Cal. Feb. 25, 2016) ......................................................... 16

*Clausnitzer v. Fed. Express Corp.*
2008 WL 11333470 (C.D. Cal. Mar. 18, 2008) ...................................................... 8

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Davis v. Infinity Ins. Co.*
   2016 WL 4507122 (N.D. Ala. Aug. 29, 2016) ....................................................................... 12

*Duarte v. Quality Loan Serv. Corp.*
   2018 WL 2121800 (C.D. Cal. May 8, 2018) ........................................................................ 10

*Durante v. Qualcomm, Inc.*
   144 F. App'x. 603 (9th Cir. 2005) ......................................................................................... 8

*Edwards v. Oportun, Inc.*
   193 F. Supp. 3d 1096 (N.D. Cal. 2016) ................................................................................ 7

*Enoh v. Hewlett Packard Enter. Co.*
   2018 WL 3377547 (N.D. Cal. July 11, 2018) ................................................................. 10, 12

*Fantasy, Inc. v. Fogerty*
   984 F.2d 1524 (9th Cir. 1993) ........................................................................................ 7, 15

*Ferdik v. Bonzelet*
   963 F.2d 1258 (9th Cir. 1992) .............................................................................................. 6

*Fragada v. United Airlines, Inc.*
   2017 WL 4586933 (C.D. Cal. June 13, 2017) ................................................................... 13

*Hassell v. Uber Techs., Inc.*
   2020 WL 7173218 (N.D. Cal. Dec. 7, 2020) ..................................................................... 14

*Hearns v. San Bernardino Police Dept.*
   530 F.3d 1124 (9th Cir. 2008) ........................................................................................... 14

*Hicks v. Netflix, Inc.*
   2020 WL 2463380 (C.D. Cal. Mar. 19, 2020) ................................................................... 13

*Hovsepian v. Apple, Inc.*
   2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ..................................................................... 7

*In re Stac Elecs. Sec. Litig.*
   89 F.3d 1399 (9th Cir. 1996) ............................................................................................... 6

*Int'l Bhd. of Teamsters v. United States*
   431 U.S. 324 (1977) ............................................................................................................. 7

*Jue v. Costco Wholesale Corp.*
   2010 WL 889284 (N.D. Cal. Mar. 11, 2010) ..................................................................... 15

*Mandala v. NTT Data, Inc.*
   975 F.3d 202 (2d Cir. 2020) .............................................................................................. 11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

*Mendiondo v. Centinela Hosp. Med. Ctr.*
    521 F.3d 1097 (9th Cir. 2008)..............................................................................6

*Mish v. TForce Freight, Inc.*
    2021 WL 4592124 (N.D. Cal. Oct. 6, 2021)....................................................6, 14, 15

*Moore v. Donohue*
    2012 WL 4742813 (N.D. Cal. Oct. 3, 2012)..........................................................6

*Moss v. U.S. Secret Serv.*
    572 F.3d 962 (9th Cir. 2009)..............................................................................5

*Olavarria v. Cooper*
    2020 WL 1892952 (E.D.N.C. Apr. 16, 2020)........................................................12

*Paige v. California*
    291 F.3d 1141 (9th Cir. 2002)............................................................................11

*Rasmussen v. Apple Inc.*
    27 F. Supp. 3d 1027 (N.D. Cal. 2014) ................................................................7

*Sanders v. Apple Inc.*
    672 F. Supp. 2d 978 (N.D. Cal. 2009) ................................................................7

*Slay v. CVS Caremark Corp.*
    2015 WL 2081642 (E.D. Cal. May 4, 2015)........................................................14

*Smith v. City of Jackson*
    544 U.S. 228 (2005) ..............................................................................8, 9, 10

*Sonner v. Premier Nutrition Corp.*
    971 F.3d 834 (9th Cir. 2020)............................................................................14

*Starr v. Baca*
    652 F.3d 1202 (9th Cir. 2011)............................................................................6

*Stockwell v. City and Cty. of San Francisco*
    749 F.3d 1107 (9th Cir. 2014)......................................................................8, 9, 10

*Tounget v. City of Hemet*
    2009 WL 536835 (C.D. Cal. Feb. 24, 2009)........................................................14

*Trazo v. Nestle USA, Inc.*
    2013 WL 4083218 (N.D. Cal. Aug. 9, 2013)........................................................7

*W. Mining Council v. Watt*
    643 F.2d 618 (9th Cir. 1981)..............................................................................6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

*Wal-Mart Stores, Inc. v. Dukes*
    564 U.S. 338 (2011) .................................................................................................... 15

*Zamora v. Penske Truck Leasing Co., L.P.*
    2021 WL 809403 (C.D. Cal. 2021) ....................................................................... 6, 15

**CALIFORNIA CASES**

*Korea Supply Co. v. Lockheed Martin Corp.*
    29 Cal. 4th 1134 (2003) ............................................................................................ 14

*Mahler v. Jud. Council of Cal.*
    67 Cal. App. 5th 82 (2021) .............................................................................. 7, 10, 11

*Trujillo v. N. Cty. Transit Dist.*
    63 Cal. App. 4th 280 (1998) ..................................................................................... 12

**FEDERAL STATUTES**

Age Discrimination in Employment Act ("ADEA") ............................................................. 8

**CALIFORNIA STATUTES**

California Business & Professions Code §§ 17200, *et seq.* ........................................... 1, 3, 13, 14

California Fair Employment and Housing Act ("FEHA") .......................................................... 12

California Labor Code § 2100(h) ............................................................................................ 9

**OTHER AUTHORITIES**

2 C.C.R § 11074 ..................................................................................................................... 12

Fed. R. Civ. P. 8 ....................................................................................................................... 3

Fed. R. Civ. P. 12 ............................................................................................................. *passim*

Fed. R. Civ. P. 23 ..................................................................................................................... 7

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

## I.     INTRODUCTION

In dismissing the original complaint's disparate impact claim, the Court observed that the complaint's age discrimination allegations were so generic that the "reader is left with the impression that the complaint drafter does not even know what is being challenged." ECF No. 21.  The reader of the First Amended Complaint ("FAC") is left with the same impression.

Based on nothing but bare conclusions, Plaintiff Michele Obrien claims that she was subject to a "quota" at Amazon that had a disparate impact on older workers like her, and she purports to represent a sprawling and amorphous class of every older employee at an Amazon warehouse (including any fulfillment, distribution, or delivery center) in California who was subject to any "quota policy and practice or had to meet a quota." FAC ¶ 41.  But, as with the original complaint, the FAC fails to isolate and identify any specific employment practice to challenge, opting instead to vaguely attack Amazon's "quota system" or all "quotas" that Amazon allegedly uses statewide.  The FAC pleads no figure, statistic, document, anecdote—nothing—to support a plausible inference that a single Amazon "quota" (much less all of them) disproportionately affects older workers.  Without allegations to satisfy the critical causation element, she is left with nothing but her own stereotype that older workers "cannot keep up" with younger workers.  FAC ¶¶ 22, 29, 31, 32, 37, 38.  But this mantra, repeated time and again in the Complaint, is no substitute for substantial factual allegations.

Other pleading defects plague the FAC.  It asserts a UCL claim for which Plaintiff lacks standing, and it pursues class claims without a shred of support for her conclusion that Plaintiff is similarly situated to all Amazon warehouse and fulfillment center employees across the state.

Thus, Amazon respectfully requests an order granting relief under Rule 12(b)(6) and Rule 12(f).

## II.     PROCEDURAL HISTORY

On December 15, 2021, Plaintiff filed her Class Action Complaint for Damages, alleging age discrimination in violation of FEHA based on disparate treatment and disparate impact theories, a derivative claim for failure to prevent or correct discrimination under FEHA, and a derivative claim for violation of California Business & Professions Code sections 17200, *et seq.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S MOTION TO DISMISS OR STRIKE THE FIRST AMENDED COMPLAINT

("UCL"). Plaintiff sought to represent "all current and former employees of Amazon, aged 40 or older, who worked at Amazon warehouses or fulfillment centers in California and who have been or continue to be subjected to, or had to meet, any policy or practice of Amazon regarding 'rate of production' for their work and/or work production quotas, during the period from December 15, 2017 to the present[.]" Compl. ¶ 34.

In response, the Amazon Defendants filed a Motion to Dismiss on the grounds that Plaintiff failed to state a claim for relief, failed to allege facts to support her claims against Amazon.com, Inc. and Amazon Web Services, Inc., alleged claims outside the statute of limitations period, and improperly sought injunctive relief. ECF No. 10.

On April 1, 2022, the Court granted Amazon's motion. ECF No. 21. In dismissing Plaintiff's FEHA claims, the Court found that Plaintiff identified "no specific facts" related to the policies she challenged with her disparate impact claim. Among the questions that the original complaint left unanswered were:

> What is the rate of production? What rate of production, if any, does she challenge? For what specific tasks? Is there a single rate of production that applies to several tasks or separate rates for separate tasks? Or, is there no rate and instead a quota? What quota?

ECF No. 21 at 1-2. Given the original complaint's threadbare allegations, the Court observed that "[t]he complaint's reader is left with the impression that the complaint drafter does not even know what is being challenged." *Id.*

The Court also found that the original complaint alleged no facts to support an inference of causation for her disparate impact claim. The Court's order explained that Plaintiff "baldly allege[d] that older employees, including herself, 'suffered transfers or demotions' along with adverse scheduling and terminations at a higher rate than younger employees," and it described the original complaint as "merely alleg[ing] conclusions." *Id.*

In addition, the Court dismissed Plaintiff's time-barred FEHA claims with prejudice to the extent that they arise out of her pre-2019 tenure at Amazon. *Id.*

Recognizing the deficiencies in her original complaint, Plaintiff's Opposition requested an opportunity to take discovery in order to evaluate the potential basis for a claim. ECF No. 11.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -                                                    Case No. 3:22-cv-00348-JSC

DEFENDANT'S MOTION TO DISMISS OR STRIKE THE FIRST AMENDED COMPLAINT

1    Denying this request, the Court noted that "discovery cannot cure a facially insufficient

2    pleading," nor can "plaintiffs . . . rely on anticipated discovery to satisfy Rules 8 and 12(b)(6);

3    rather, the pleadings must assert well-pleaded factual allegations to advance to discovery."  ECF

4    No. 21 at 3 (quoting *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021)).  In

5    granting leave to amend the complaint, the Court reminded Plaintiff and her counsel of their

6    obligations under Rule 11.  *Id.*

7           On April 28, 2022, Plaintiff filed her FAC, which once again purports to assert claims for

8    age discrimination under FEHA based on a disparate impact theory, failure to prevent

9    discrimination, and violation of the UCL.  The FAC abandons Plaintiff's disparate treatment

10   claim and drops Amazon.com, Inc. and Amazon Web Services, Inc. as defendants.  Plaintiff

11   alleges her claims on behalf of herself and "all current and former employees of Amazon, aged 40

12   and older, who worked at Amazon warehouses in California, including its fulfillment centers,

13   distribution centers and delivery centers, and who have been or continue to be subjected to a

14   quota policy and practice or had to meet a quota, during the period from January 1, 2019, to the

15   present."  FAC ¶ 41.

16   **III.    SUMMARY OF THE FAC'S ALLEGATIONS**

17          Like the original complaint, the FAC alleges that Plaintiff had two separate tenures

18   working for Amazon in California.  She worked at the Sycamore Canyon warehouse facility in

19   October 2018, and she worked at the Moreno Valley fulfillment center in 2019.  FAC ¶¶ 27, 35.

20   The Court has already ruled that Plaintiff's tenure at the Sycamore Canyon facility in October

21   2018 is outside the statute of limitations period.  ECF No. 21 ¶ 7.  Thus, Plaintiff's allegations

22   about her work at the Sycamore Canyon facility are immaterial.

23          **A.    Plaintiff's Employment at the Moreno Valley Fulfillment Center in 2019.**

24          In 2019, when Plaintiff was 49 years old, Amazon hired her to work at a fulfillment center

25   in Moreno Valley.  FAC ¶ 35.  The factual allegations about her work in Moreno Valley are

26   scarce.  FAC ¶¶ 35-40.  Plaintiff alleges no facts about her job duties, the job duties of any other

27   Moreno Valley employee, any "quotas" at Moreno Valley, or the specific adverse actions

28   Amazon purportedly took against her or any other employee for failing to meet any "quota."  *Id.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -                    Case No. 3:22-cv-00348-JSC

DEFENDANT'S MOTION TO DISMISS OR STRIKE THE FIRST AMENDED COMPLAINT

1   The FAC does nothing but vaguely assert that "Amazon applied a quota" to Plaintiff and other

2   older workers at Moreno Valley, that Amazon "did not adjust or alter this quota to account for"

3   the age of any employee, and that older workers "could not keep up with the required quota

4   because of their age." FAC ¶¶ 36-37.

5        According to the FAC, Plaintiff faced "continuing pressure to meet her [unspecified]

6   quota" for unspecified job duties, and suffered unspecified "work-related physical injuries." FAC

7   ¶ 39. She then alleges that "[s]he needed to take time off to recover from her injuries, but was

8   warned that if she did so she would be fired for failing to meet the quota." *Id.* But she does not

9   explain why or how any "quota" continued to apply during her time off, nor does she identify

10   who gave her this "warning." *Id.* Plaintiff says Amazon "terminated [her] in October 2019," but

11   the FAC includes no non-conclusory fact about the purported termination, such as who

12   communicated the termination to her or any reason Amazon provided for purportedly terminating

13   her.

14       **B.       Plaintiff's Speculation About the Experiences of Thousands of Amazon
                    Warehouse Employees Statewide**

16       Plaintiff alleges that Amazon had "a facility-wide policy . . . of requiring [warehouse]

17   employees to meet an hourly quota of items moved through their respective work posts[.]" FAC

18   ¶ 13. Plaintiff asserts that this "facility-wide policy" applies to "jobs generally known as stower,

19   sorter, picker, loader, and logistics worker." *Id.* ¶ 54. Without pleading any factual material

20   about the job duties of any of these positions or providing even a glimmer of what a "quota"

21   might entail for those roles, Plaintiff speculates that anyone who worked for Amazon as "a sorter,

22   picker, loader, logistics *[sic]*, or any other position subject to a quota . . . who could not meet their

23   quota [was] reprimanded and terminated." *Id.* ¶¶ 16-19, 54.

24       Plaintiff also alleges in conclusory fashion that Amazon has "an extremely high-churn

25   model" (FAC ¶ 22), that warehouse workers are "pressure[d]" to work regardless of injuries "so

26   that they can meet the quota" (*id.* ¶ 23), and that Amazon tracks performance and "write[s] up and

27   eventually terminate[s] employees for not meeting their quota" (*id.* ¶¶ 24-26) Plaintiff asserts

28   that "Amazon raises the quota requirements at its facilities after the busy winter season . . . to cull

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -                                        Case No. 3:22-cv-00348-JSC

DEFENDANT'S MOTION TO DISMISS OR STRIKE THE FIRST AMENDED COMPLAINT

[employees] it consider to be slower workers," which "often creates a post-holiday rush season workforce that is quicker and younger than age 40." *Id.* ¶ 21.  Nowhere in the FAC, however, does Plaintiff plead anything of substance related to the applicable "quotas" or "rates," whether during the holiday season or at other times of the year.  Nor does she plead any non-conclusory fact about Amazon's warehouse employees' age demographics—before, during, or after the holiday season.

### C.     Plaintiff's Allegations About Elevated Injury Rates at Amazon Warehouses.

Plaintiff alleges that "Amazon's own records show that its workers are injured on the job at nearly double the average rate of the general warehousing industry," and that OSHA inspectors "specifically pointed to Amazon's 'very high pace of work' and 'monitoring and discipline systems' as causes of its high rate of serious injuries." FAC ¶¶ 58, 59.  Plaintiff says experts, researchers, regulators, and legislators have concluded that Amazon's use of "quotas" has caused elevated injury rates at its warehouses.  *Id.* ¶¶ 14, 58-62.

The FAC asserts that unidentified "investigations" show that "older workers have a higher risk of developing musculoskeletal disorders when performing repetitive tasks . . . performed under quota driven time constraints" and that "older workers require more days away from work to recover from an injury than do younger workers."  FAC ¶¶ 66, 67.

## IV.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint's allegations.  A court must dismiss a claim unless the complaint articulates "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6).  The "plausibility standard is not akin to a 'probability requirement,' but rather, it asks for more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556-57).  A complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ("[B]are assertions . . . amounting to nothing more than a 'formulaic recitation of the elements'"

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -                                    Case No. 3:22-cv-00348-JSC

DEFENDANT'S MOTION TO DISMISS OR STRIKE THE FIRST AMENDED COMPLAINT

of a claim "are not entitled to an assumption of truth" (quoting *Iqbal*, 556 U.S. at 681).

Therefore, the Court may not "assume the truth of legal conclusions merely because they are cast

in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981);

*In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (holding that "[c]onclusory

allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for

failure to state a claim.").

The Court considers whether the pleading's "factual content . . . allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged," such that "it is

not unfair to require the opposing party to be subjected to the expense of discovery and continued

litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Dismissal is required when a

complaint lacks a cognizable legal theory or fails to allege facts sufficient to support a cognizable

legal theory.  *Twombly*, 550 U.S. at 555; *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d

1097, 1104 (9th Cir. 2008); Fed. R. Civ. P. 12(b)(6).  And if a party "repeatedly fails to cure

deficiencies, the court may order dismissal without leave to amend." *Moore v. Donohue*, 2012

WL 4742813, at *7 (N.D. Cal. Oct. 3, 2012); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1261

(9th Cir. 1992).

In a putative class action, the plausibility standard under *Twombly* applies not only to the

named plaintiff's individual claims, but also to the class claims.  *Mish v. TForce Freight, Inc.*,

2021 WL 4592124, at *8 (N.D. Cal. Oct. 6, 2021) (observing that "district courts do dismiss class

allegations on a 12(b)(6) motion, applying the *Twombly/Iqbal* standard, where the complaint

lacks *any* factual allegations and reasonable inferences that establish the plausibility of class

allegations," and dismissing class allegations); *Zamora v. Penske Truck Leasing Co., L.P.*, 2021

WL 809403, at *3 (C.D. Cal. 2021) (dismissing class claims because "Plaintiffs do not assert any

factual support for their class allegations . . . Plaintiffs cannot point to a fish in the surf to force

Defendant on a deep-sea charter [of class discovery]").

Class allegations are also the proper subject of a motion to strike.  Under Rule 12(f), "the

court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter."

Fed R. Civ. P. 12(f).  The purpose of such a motion is "to avoid the expenditure of time and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 6 -

Case No. 3:22-cv-00348-JSC

DEFENDANT'S MOTION TO DISMISS OR STRIKE THE FIRST AMENDED COMPLAINT

money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *overruled on other grounds*, 510 U.S. 517 (1994) (quoting *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).

Class allegations "must at least be plausible" or else a court may strike them. *Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096, 1100 (N.D. Cal. 2016); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) (holding that "[w]here the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery."); *Rasmussen v. Apple Inc.*, 27 F. Supp. 3d 1027, 1045-46 (N.D. Cal. 2014) (granting motion to strike class definition on the ground it included class members who did not experience the alleged legal violations). Under "Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained." *Hovsepian v. Apple, Inc.*, 2009 WL 5069144, at *2 (N.D. Cal. Dec. 17, 2009). For "class action allegations to survive [a motion to strike], the complaint must make a prima facie showing that Fed. R. Civ. P. 23(a) and 23(b) can be satisfied." *Trazo v. Nestle USA, Inc.*, 2013 WL 4083218, at *11 (N.D. Cal. Aug. 9, 2013).

## V.   ARGUMENT

### A.   The Complaint Fails to Plead Facts Sufficient to Support a Plausible Disparate Impact Claim (First Cause of Action).

Disparate impact claims "involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another . . ." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 (1977). To allege a prima facie disparate impact claim under FEHA, "a plaintiff must allege . . . , usually through statistical disparities, that facially neutral employment practices adopted without a deliberately discriminatory motive nevertheless have significant adverse effects on protected groups that they are in operation . . . functionally equivalent to intentional discrimination." *Mahler v. Jud. Council of Cal.*, 67 Cal. App. 5th 82, 113 (2021) (citing *Jumaane v. City of Los Angeles*, 241 Cal. App. 4th 1390, 1404-05 (2015)).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 7 -

Case No. 3:22-cv-00348-JSC

DEFENDANT'S MOTION TO DISMISS OR STRIKE THE FIRST AMENDED COMPLAINT

As the Supreme Court explained the first time it recognized the viability of a disparate impact claim under the Age Discrimination in Employment Act ("ADEA"), "it is not enough to simply allege that there is a disparate impact on workers, or point to a generalized policy that leads to such an impact. Rather, the employee is 'responsible for isolating and identifying the specific employment practices that are allegedly responsible for any observed statistical disparities.'" *Smith v. City of Jackson*, 544 U.S. 228, 241 (2005) (quoting *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 656 (1989)); *see also Stockwell v. City and Cty. of San Francisco*, 749 F.3d 1107, 1114 (9th Cir. 2014) (explaining that the standard for asserting a prima facie disparate impact claim under FEHA is "parallel to that under the ADEA"); *Clausnitzer v. Fed. Express Corp.*, 2008 WL 11333470, at *4, 11 (C.D. Cal. Mar. 18, 2008) (same).

The Ninth Circuit has stressed that "'[i]dentifying a specific practice is not a trivial burden' in age discrimination cases alleging disparate impact." *Stockwell*, 749 F.3d at 1114 (quoting *Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84, 101 (2008)). As a result, "[p]laintiffs generally cannot attack an overall decisionmaking process in the disparate impact context, but must instead identify the particular element or practice within the process that causes an adverse impact." *Durante v. Qualcomm, Inc.*, 144 F. App'x. 603, 606 (9th Cir. 2005) (quoting *Stout v. Potter*, 276 F.3d 1118, 1124 (9th Cir. 2002)); *Am. Fed'n of State, Cty., & Mun. Emps., AFL-CIO (AFSCME) v. State of Wash.*, 770 F.2d 1401, 1405 (9th Cir. 1985) ("Disparate impact analysis is confined to cases that challenge a specific, clearly delineated employment practice applied at a single point in the job selection process.").

In its April 18, 2022 order granting Amazon's motion to dismiss, the Court held that "[a] plaintiff cannot plausibly state a disparate impact claim when the policy being challenged is identified so generally." ECF No. 21. As examples of the complaint's deficiencies, the Court asked:

> What is the rate of production? What rate of production, if any, does she challenge? For what specific tasks? Is there a single rate of production that applies to several tasks or separate rates for separate tasks? Or, is there no rate and instead a quota? What quota?

*Id.* The Court then observed that "[t]he complaint's reader is left with the impression that the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 8 -                                    Case No. 3:22-cv-00348-JSC

DEFENDANT'S MOTION TO DISMISS OR STRIKE THE FIRST AMENDED COMPLAINT

complaint drafter does not even know what is being challenged." *Id.* The FAC fares no better. Plaintiff's disparate impact claim fails because the FAC, like the original complaint, does not isolate and identify a specific employment practice responsible for the purported disparate outcomes, nor does it plead any facts to support an inference of causation.

### 1. Plaintiff Does Not Isolate and Identify a Specific Employment Practice to Challenge with a Disparate Impact Claim.

The FAC does not isolate and identify a specific employment practice to challenge with a disparate impact claim. The FAC purports to challenge Amazon's entire "quota *system*," including each and every "quota" that Amazon has applied to its California workforce. FAC p. 2, ¶¶ 13-15, 18, 21, 41, 54 (emphasis added). The FAC makes these sweeping allegations without alleging any non-conclusory facts about the "quotas" that Amazon allegedly applied to Plainiff or others.

The FAC's allegations about AB 701—new legislation related to workplace safety and the use of quotas at warehouses—are counter-productive. AB 701 articulates requirements related to any "work standard under which an employee is assigned or required to perform at a specified productivity speed, or perform a quantified number of tasks, or to handle or produce a quantified amount of material, within a defined time period and under which the employee may suffer an adverse employment action if they fail to complete the performance standard." Labor Code § 2100(h) (definition of "quota"). Because AB 701 is a piece of legislation, it is not surprising that it covers a *type* of employment practice (i.e., the use of "quotas") in general terms. In stark contrast to the generality of legislation, a disparate impact claim must target a "specific practice," which the FAC plainly does not do. *See Stockwell*, 749 F.3d at 1114.

Indeed, Plaintiff cannot state a plausible disparate impact claim by ambiguously gesturing at Amazon's "quotas" or quota "system" that applied to an open-ended range of job duties or positions that include "a sorter, picker, loader, logistics [employee] or *any other position subject to a quota*." FAC ¶ 15 (emphasis added). The law is clear that a plaintiff must target one or more specific components of the employer's decision-making process rather than a "generalized policy" as a whole. *Smith*, 544 U.S. at 241; *Stockwell*, 749 F.3d at 1114. Here, Plaintiff goes in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 9 -                                    Case No. 3:22-cv-00348-JSC

DEFENDANT'S MOTION TO DISMISS OR STRIKE THE FIRST AMENDED COMPLAINT

the opposite direction—toward greater abstraction—by attacking not a particular aspect of the "quota" that allegedly applied to her, but rather Amazon's entire "quota system" as a whole and all "quotas" across Amazon's California workforce.  FAC p. 2, ¶¶ 13-15, 28, 21, 41, 54.

Such amorphous allegations are not the material from which a disparate impact claim is built.  *Smith*, 544 U.S. at 241; *Stockwell*, 749 F.3d at 1114; *Duarte v. Quality Loan Serv. Corp.*, 2018 WL 2121800, at *5 (C.D. Cal. May 8, 2018) (dismissing disparate impact claims because, "[w]hile Plaintiffs do allege that Defendants reported Plaintiffs' delinquency to the credit reporting agencies 'as part of their collection process,' Plaintiffs fail to allege any facts relating to a specific practice, policy, or selection criterion that Defendants followed in preparing and sending reports to the credit reporting agencies."); *Enoh v. Hewlett Packard Enter. Co.*, 2018 WL 3377547, at *14 (N.D. Cal. July 11, 2018) (allegation that defendant "'allowed an overwhelmingly Caucasian group of selectors to use a "hazy" selection process for its employment decisions,' is too vague to support Plaintiffs' [age-based] disparate impact claims").

### 2.      Plaintiff Alleges No Facts Regarding the Critical Causation Element.

A disparate impact claim carries a "robust causality requirement," which ensures an observed disparity "does not, without more, establish a prima facie case of disparate impact." *Mahler*, 67 Cal. App. 5th at 113 (quoting *Tex. Dept. of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519, 542 (2015)).  To avoid dismissal, a complaint "must allege facts or statistical evidence demonstrating a causal connection between the challenged policy and a significant disparate impact on the allegedly protected group." *Mahler*, 67 Cal. App. 5th at 114.

In *Mahler*, the plaintiffs were retired California Superior Court judges who challenged revisions to the state's Temporary Assigned Judges Program that included a 1,320-day limit on service in the program.  67 Cal. App. 5th at 98-99.  The plaintiffs asserted that the revised program disadvantaged them by comparison to younger participants, but their complaint alleged "no specifics as to the total number of participants in the [program], or the number of participants allegedly adversely impacted by the challenged changes to the program, or even the age group allegedly adversely impacted.  Nor are there any basic allegations of statistical methods and comparison, or even any anecdotal information of a significant *age*-based disparity." *Id.* at 115.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 10 -                                    Case No. 3:22-cv-00348-JSC

DEFENDANT'S MOTION TO DISMISS OR STRIKE THE FIRST AMENDED COMPLAINT

Faced with these pleading "infirmities," the Court of Appeal concluded that the plaintiffs failed to state a disparate impact claim.  *Id.*

Similarly, in this case Plaintiff offers no figure, statistic, document, or even anecdote to support a plausible inference of causation.  She rests her claim on the conclusory allegation that "employees aged 40 and over could not keep up" with Amazon's performance standards, which supposedly prompted Amazon to subject older employees to an array of adverse employment actions at a disproportionate rate compared to younger workers.  FAC ¶ 54.  Plaintiff says experts, researchers, regulators, and legislators have concluded that Amazon's use of "quotas" has caused elevated injury rates at its warehouses.  *Id.* ¶¶ 14, 58-62, 66, 67.  But none of these sources suggests that Amazon's injury rates are higher—let alone higher at a statistically significant rate—for older workers.  *Id.*

The FAC asserts that unidentified "[i]nvestigations show that older workers have a higher risk of developing musculoskeletal disorders when performing repetitive tasks such as those at Amazon warehouses performed under quota driven time constraints."  FAC ¶ 66.  But this allegation is completely opaque.  The FAC does not identify the investigator, the scope or purpose of the investigation, or the group of "older workers" studied (e.g., did it investigate individuals over the age of 35?  40?  50?  60?).  Conspicuously absent from the FAC is any suggestion that the purported "investigation" included workers at Amazon's warehouses or any other warehouse environment.  Indeed, it appears Plaintiff read some unidentified report (or conducted it herself) and developed the lay opinion that the report applies to the work conditions at Amazon's warehouses.  Regardless, it is the kind of conclusory allegation that courts disregard under *Twombly*.  Thus, without more, the FAC does nothing to suggest that any of Amazon's "quotas" (much less all of them) have had a disparate impact on workers aged 40 or over, which is a fatal deficiency.  *See, e.g.*, *Paige v. California*, 291 F.3d 1141, 1147 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (July 18, 2002) (holding "that an internal pool is the proper comparative group for use in determining whether the various parts of the CHP's promotional process have a disparate impact on non-white officers"); *Mandala v. NTT Data, Inc.*, 975 F.3d 202, 210–12 (2d Cir. 2020) (affirming dismissal of disparate impact claim targeting

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 11 -                                          Case No. 3:22-cv-00348-JSC

DEFENDANT'S MOTION TO DISMISS OR STRIKE THE FIRST AMENDED COMPLAINT

policy not to hire applicants with certain convictions, including felonies, based on statistics about nationwide incarceration rates for African Americans); *Olavarria v. Cooper*, 2020 WL 1892952, at *3 (E.D.N.C. Apr. 16, 2020), *aff'd*, 823 F. App'x 228 (4th Cir. 2020) (dismissing disparate impact claim where plaintiff's "vague reference to 'employment statistic[s] kept by the State of North Carolina' fails to plausibly allege a disparate impact on any protected class.)[1]

At bottom, Plaintiff's causation allegations reduce to her own stereotype that older workers are slower than younger workers,[2] coupled with speculation that Amazon's "quotas" generate significant age-based disparities as a result.  Thus, the Complaint does not come close to adequately pleading the critical causation element, and Plaintiff's disparate impact claim fails. *See, e.g.*, *Baker v. City of San Diego*, 463 F. Supp. 3d 1091, 1103 (S.D. Cal. 2020) (dismissing disparate impact claim for failure "to allege any casual connection between waiving development impact fees and the statistical data. Plaintiffs have failed to establish a robust causal connection between the statistical disparity and the City's policy."); *Enoh*, 2018 WL 3377547, at *14 (dismissing disparate impact claim because complaint did not "allege facts to show that the challenged policy played a role in the decision to terminate or fail to promote or hire [plaintiffs].")

**B.** **Plaintiff's FEHA Claim for Failure to Prevent or Correct Discrimination Fails Along with Her Underlying Discrimination Claims (Second Cause of Action).**

A "failure to prevent or correct" claim requires a predicate violation.  *Trujillo v. N. Cty.*

---

[1] *See also, e.g.,* "); *Barrow v. Barrow*, 2017 WL 2872820, at *3 (D. Mass. July 5, 2017) (dismissing disparate impact claim of race discrimination under Fair Housing Act where "the only allegation of discrimination in the complaint consists of vague and general references to academic literature," and "[s]uch general references to academic literature, without any tie to the acts or practices [at issue], are insufficient to state a claim for relief that is plausible on its face"); *Davis v. Infinity Ins. Co.*, 2016 WL 4507122, at *8–10 (N.D. Ala. Aug. 29, 2016) (dismissing plaintiff's disparate impact claim that challenged employer's Spanish-English bilingual requirement based on unsupported assumption that Spanish speakers would be disproportionately Hispanic).

[2] Notably, the purpose of FEHA's prohibition on age discrimination is to redress, rather than endorse, Plaintiff's stereotype of older workers.  *See* 2 C.C.R. § 11074 ("Statement of Purpose. The purpose of the law prohibiting age discrimination in employment is to guarantee all protected individuals 40 or over employment opportunities commensurate with their abilities.  These regulations are promulgated to assure that employment opportunities for those protected persons over the age of 40 are based upon their abilities and are not conditioned upon age-based stereotypes and unsupported generalizations about their qualifications or job performance").

*Transit Dist.*, 63 Cal. App. 4th 280, 286–89 (1998).  Thus, when a complaint fails to state a claim for discrimination, retaliation, or harassment under FEHA, a tagalong "failure to prevent or correct" claim fails too.  *See* ECF No. 21 ¶ 3 (dismissing Plaintiff's "FEHA claim for failure to prevent or correct discrimination for the same reason the disparate impact claim fails"); *see also Hicks v. Netflix, Inc.*, 2020 WL 2463380, at *5 (C.D. Cal. Mar. 19, 2020) (explaining that failure-to-prevent claim and FEHA claim would "rise and fall together" on motion to dismiss); *Airy v. City of Hesperia*, 2019 WL 8017811, at *4 (C.D. Cal. Sept. 13, 2019) (dismissing failure-to-prevent claim because no actionable discrimination, harassment or retaliation claim was sufficiently pleaded); *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 907 (E.D. Cal. 2017) (dismissing failure-to-prevent disability discrimination claim where plaintiff had failed to sufficiently allege underlying disability discrimination); *Abdul-Haqq v. Kaiser Emergency in San Leandro*, 2017 WL 1549480, at *8 (N.D. Cal. May 1, 2017) (dismissing failure-to-prevent claims "because plaintiff has not sufficiently pleaded that any protected harassment or discrimination occurred").  Those are the circumstances here.  Plaintiff has not stated an age discrimination claim, as explained above, so she has not stated a "failure to prevent or correct" claim either.

### C. Plaintiff Cannot Maintain Her Claim for Violation of California's Unfair Competition Law (Third Cause of Action).

Like her claim for failure to prevent or correct discrimination, Plaintiff's claim for violation of California's UCL is purely derivative of her discrimination claims and fails along with them.  ECF No. 21 ¶ 3 ("The lack of factual allegations that doomed [Plaintiff's] FEHA claim dooms her section 17200 claim as well[.]"); *see also, e.g.*, *Asencio v. Miller Brewing Co.*, 283 F. App'x 559, 561 (9th Cir. 2008) (affirming dismissal of derivative UCL claim where complaint failed to adequately allege FEHA claim); *Fragada v. United Airlines, Inc.*, 2017 WL 4586933, at *8-9 (C.D. Cal. June 13, 2017) (holding that UCL claim failed because underlying FEHA claim failed).

In addition, Plaintiff's UCL claim fails because she has not alleged, and cannot allege, that she lacks an adequate remedy at law.  When a state law claim for equitable relief is in federal court, "the necessary prerequisite for a court to award equitable remedies is the absence of an

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 13 -   Case No. 3:22-cv-00348-JSC
DEFENDANT'S MOTION TO DISMISS OR STRIKE THE FIRST AMENDED COMPLAINT

adequate remedy at law." *Barranco v. 3D Sys. Corp.*, 952 F.3d 1122, 1129 (9th Cir. 2020).  It follows that a plaintiff cannot maintain a UCL claim unless she lacks an adequate legal remedy because the UCL provides only equitable remedies.  *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) ("[W]e hold that the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action."); *see also, e.g.*, *Mish,* 2021 WL 4592124, at *6 (applying *Sonner* and dismissing derivative UCL claim in wage and hour case); *Hassell v. Uber Techs., Inc.*, 2020 WL 7173218, at *8 (N.D. Cal. Dec. 7, 2020) (same).

This Court previously dismissed Plaintiff's UCL claim because she had "not sufficiently alleged her standing to pursue such a claim since only equitable relief, not damages, are recoverable." ECF No. 21 ¶ 3.  The FAC does nothing to rectify this failure.  Because Plaintiff's FAC alleges no facts showing that the legal remedies available to her under FEHA are inadequate, she fails to state a UCL claim.  FAC ¶¶ 84-90.[3]

### D.     The Court Should Strike Allegations Related to Plaintiff's Time-Barred Claim Arising from Her First Tenure of Employment at Amazon.

"Superfluous historical allegations are properly subject to a motion to strike." *Slay v. CVS Caremark Corp.*, 2015 WL 2081642, at *10 (E.D. Cal. May 4, 2015); *see also Tounget v. City of Hemet*, 2009 WL 536835, at *14 (C.D. Cal. Feb. 24, 2009) ("A court may strike surplusage or time-barred allegations in the complaint pursuant to Fed.R.Civ.P. 12(f)."); *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1132 (9th Cir. 2008) ("One option would have been to simply strike the surplusage from the FAC").

Here, the Court dismissed with prejudice Plaintiff's FEHA claims arising "out of her pre-2019 Amazon employment" because those claims are barred by the statute of limitations.  ECF No. 21 ¶¶ 7, 8.  But Plaintiff re-pleads the factual allegations related to her first tenure with Amazon (i.e., FAC ¶¶ 27-34), even though they have no bearing on any claim that arises from her second tenure with Amazon.  Because the factual allegations related to her first tenure with

---

[3] Although Plaintiff purports to seek "disgorgement" of Amazon's allegedly "unfairly obtained profits," FAC ¶ 88, "nonrestitutionary disgorgement" is not an available remedy under the UCL. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1151-52 (2003).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 14 -                        Case No. 3:22-cv-00348-JSC
DEFENDANT'S MOTION TO DISMISS OR STRIKE THE FIRST AMENDED COMPLAINT

1   Amazon are superfluous, immaterial, and impertinent, the Court should strike them from the

2   FAC.  *See* Fed. R. Civ. P. 12(f); *Fantasy, Inc*, 984 F.2d at 1527.

3   **E.**   **The Court Should Strike or Dismiss the Class Claims Because the Complaint**
        **Pleads No Facts That Plausibly Suggest She Is Similarly Situated to Members**
4       **of the Class.**

5   Class claims "must be supported by sufficient factual allegations demonstrating that the

6   class device is appropriate and discovery on class certification is warranted."  *Jue v. Costco*

7   *Wholesale Corp.*, 2010 WL 889284, at *6 (N.D. Cal. Mar. 11, 2010); *Zamora*, 2021 WL 809403,

8   at *3 (dismissing class claims for lack of supporting allegations because "Plaintiffs cannot point

9   to a fish in the surf to force Defendant on a deep-sea charter [of class discovery]").  An essential

10  element of the class device is that the named plaintiff's "claims must depend on a common

11  contention" and "[t]hat common contention . . . must be of such a nature that it is capable of

12  class-wide resolution—which means that determination of its truth or falsity will resolve an issue

13  that is central to the validity of each one of the claims in one stroke."  *Wal-Mart Stores, Inc. v.*

14  *Dukes*, 564 U.S. 338, 350 (2011).  Plaintiff has not plausibly alleged commonality.

15  Here, the FAC identifies as purportedly common questions whether Amazon has

16  maintained various "quota" policies and whether these purported "quota" policies have caused a

17  disparate impact on older workers.  FAC ¶ 45.  That is not enough.  She cannot plead class claims

18  on behalf of every older employee in California who was subject to "a quota policy and practice

19  or had to meet a quota" (FAC  ¶ 41), without identifying some "glue" that binds these various

20  "quotas" together for purposes of class proceedings.  *Dukes*, 564 U.S. at 352 ("Without some glue

21  holding the alleged reasons for all those decisions together, it will be impossible to say that

22  examination of all the class members' claims for relief  will produce a common answer to the

23  crucial question *why was I disfavored*."); *see also supra* at § V.A.1.

24  Courts in the Ninth Circuit frequently dismiss class allegations where, as here, the named

25  plaintiff fails to allege facts that plausibly suggest putative class members were subject to the

26  same policies or had sufficiently similar work experiences.  *See, e.g.*, *Zamora*, 2021 WL 809403,

27  at *3; *Mish*, 2021 WL 4592124, at *9 (dismissing unpaid wage claims on behalf of class where

28  plaintiff failed to allege details about her worksite, location, other employees at her location,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 15 -                    Case No. 3:22-cv-00348-JSC

DEFENDANT'S MOTION TO DISMISS OR STRIKE THE FIRST AMENDED COMPLAINT

whether her role was the same or different than others at the company, whether her worksite was typical of other worksites, how many worksites there were in California or details that could allow an inference that plaintiff's experience was typical of the class); *Alvarado v. Wal-mart Assocs., Inc.*, 2020 WL 6526372, at *3 (C.D. Cal. Aug. 7, 2020) (dismissing class action allegations where plaintiff had not alleged "she has any knowledge of employment practices" across California or "specific facts" showing that employees at her location had the same experiences).[4]  The Court should do the same thing here.

## VI.    CONCLUSION

At bottom, the FAC is little more than a series of conclusory assertions that fail to state a cognizable disparate impact claim (or derivative claim) or any plausible class claim.  The Court should therefore dismiss each of Plaintiff's claims and dismiss or strike her class allegations.

Dated: May 16, 2022                                MORGAN, LEWIS & BOCKIUS LLP


By  */s/ Brian D. Berry*
    Brian D. Berry
    Sarah Zenewicz
    Roshni C. Kapoor
    Anahi Cruz
    Attorneys for Defendant
    AMAZON.COM SERVICES LLC

---

[4] *See also, e.g., Bush v. Vaco Tech. Svcs., LLC*, 2019 WL 3290654, at *5 (N.D. Cal. July 22, 2019) (dismissing class claims and finding that "[w]ithout a single non-conclusory, factual allegation about these potential class members, Plaintiff has not plausibly alleged that any of these employees experienced the same alleged violations as Plaintiff"); *Byrd v. Masonite Corp.*, 2016 WL 756523, at *4 (C.D. Cal. Feb. 25, 2016) (dismissing class claims where "Plaintiff alleges no facts to demonstrate or even suggest that any member of the putative class had similar work experiences" or to "show[ ] that Defendants had statewide policies or practices giving rise to Plaintiff's causes of action").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 16 -                          Case No. 3:22-cv-00348-JSC

DEFENDANT'S MOTION TO DISMISS OR STRIKE THE FIRST AMENDED COMPLAINT