**LAW OFFICE OF ERIC HONIG**
Eric S. Honig (State Bar No. 140765)
P.O. Box 10327
Marina Del Rey, CA 90295
Telephone: (310) 699-8051
Facsimile: (310) 943-2220
erichonig@aol.com

**LAW OFFICES OF PETER M. HART**
Peter M. Hart (State Bar No. 198691)
Ashlie E. Fox (State Bar. No. 294407)
12121 Wilshire Blvd., Suite 525
Los Angeles, CA 90025
Telephone: (310) 478-5789
Facsimile: (509) 561-6441
hartpeter@msn.com
ashlie.fox.loph@gmail.com

Attorneys for Plaintiff MICHELE OBRIEN

[Counsel for Defendant listed on following page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE OBRIEN, as an individual and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES LLC, a Delaware limited liability corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:22-cv-00348-JSC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:       June 30, 2022<br>Time:      1:30 p.m.<br>Dept.:     Courtroom E – 15th Floor<br>Hon. Jacqueline Scott Corley<br><br>Action Filed: December 15, 2021 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

**MORGAN, LEWIS & BOCKIUS LLP**
Brian D. Berry, Bar No. 229893
Sarah Zenewicz, Bar No. 258068
Roshni C. Kapoor, Bar No. 310612
One Market
Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:     +1.415.442.1001
brian.berry@morganlewis.com
sarah.zenewicz@morganlewis.com
roshni.kapoor@morganlewis.com

**MORGAN, LEWIS & BOCKIUS LLP**
Anahi Cruz, Bar No. 324326
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:     +1.213.612.2500
Fax:     +1.213.612.2501
anahi.cruz@morganlewis.com

Attorneys for Defendant
AMAZON.COM SERVICES LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

JOINT CASE MANAGEMENT - CASE NO. 3:22-CV-00348-JSC

**JOINT CASE MANAGEMENT STATEMENT**

Plaintiff Michele Obrien ("Plaintiff" or "Ms. Obrien") and Defendant Amazon.com Service LLC ("Amazon" or "Defendants") jointly submit this Joint Rule 26(f) Report & Case Management Statement.

**I.**   **Jurisdiction and Service:**

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and involves between citizens of different states.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because the (i) aggregate number of putative class members is 100 or greater; (ii) diversity of citizenship exists between one or more Plaintiffs and one or more Defendants; and (iii) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interests and costs.

All parties have been served and no issues exist regarding personal jurisdiction and venue.

**II.**   **Facts:**

**a.**   **Plaintiff's Statement of Facts**

Plaintiff, a former Amazon employee, alleges that it is Amazon's common practice that employees are required to meet an hourly quota of items moved through their respective work posts or suffer an adverse employment action if they fail to do so.  First Amended Complaint ("FAC") (ECF 22), p. 2, lines 12-14, ¶¶ 2, 13, 16, 54.  Amazon's use of this quota system drives employees excessively and causes work injuries far greater than at other businesses' warehouses, and creates a disparate impact on employees aged 40 and older.

Amazon's facility-wide quota applies to jobs generally known as stower, sorter, packer, picker, and logistics worker.  FAC, ¶¶ 13, 15.  Employees who do not meet their quota are pushed to meet it, verbally reprimanded, written up, otherwise disciplined, and terminated.  *Id*. at ¶ 17.  Employees' quota performances are constantly tracked and the system automatically generates warnings or terminations when the quota is not met. *Id*. at ¶¶ 24-25.

Amazon quotas are "grueling" and very "hard to meet" and thus lead to Amazon having the highest rate of warehouse work-related injuries. *Id*. at ¶¶ 22, 55-62.  Older workers aged 40

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

JOINT CASE MANAGEMENT - CASE NO. 3:22-CV-00348-JSC
C:\Users\MP097697\Desktop\Obrien - Joint CMC
Statement.DOCX

and above are more likely to develop injuries and when they do, they require more time away from work than younger workers. *Id*. at ¶¶ 65-67. Older workers aged 40 and over therefore are less likely to be able to meet their quotas and , thus, more likely to suffer adverse employment actions such as terminations. *Id*. at ¶¶ 65, 68-70.

Ms. Obrien had two periods of employment with Amazon. *Id*. at ¶¶ 27, 35. In the first period (which is anecdotal and not part of her claim), Ms. Obrien worked at an Amazon warehouse facility in Riverside, CA in October 2018. *Id*. at ¶ 27. At the time of this employment, she was 48 years old. *Id*. During her employment in Defendants' Riverside facility, Amazon applied a facility-wide quota to Ms. Obrien, other similarly situated employees aged 40 and over, and also employees below the age of 40. *Id*. at ¶¶ 28-29. Ms. Obrien was required to meet an hourly quota of items scanned and moved through her post. *Id*. at ¶ 28.

Ms. Obrien and other employees aged 40 and over could not keep up with the required rate of production quotas due to their age. *Id*. at ¶ 29. Ms. Obrien and similarly situated employees aged 40 and over suffered from work-related physical injuries in an effort to keep up with the required quota, and were criticized and reprimanded for not meeting their rate, and Ms. Obrien was eventually terminated for not meeting the quota. *Id*. at ¶¶ 31-33.

Ms. Obrien was later re-hired by Amazon in 2019. *Id*. at ¶ 35. In this second period of employment, Ms. Obrien worked in Amazon's Moreno Valley, CA fulfillment center. *Id*. At the time of this employment, she was 49 years old. *Id*. Again, Amazon applied a quota to Ms. Obrien, other similarly situated employees aged 40 and over, and employees below the age of 40. *Id*. at ¶ 36. Ms. Obrien and other employees aged 40 and over again could not keep up with the quota due to their age. *Id*. at ¶ 37.

Again, Ms. Obrien and similarly situated employees were criticized and reprimanded by supervisors for being unable to keep up with the quota and suffered significant stress from the difficult work environment. *Id*. at ¶ 38. Because of the continuing pressure to meet her quota, Ms. Obrien again suffered work-related physical injuries. *Id*. at ¶ 39. Ms. Obrien needed to take time off to recover from her injuries, but she was warned that if she did so she would not meet the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

C:\Users\MP097697\Desktop\Obrien JointCMC
Statement.DOCX

1  quota and she would be fired for failing to meet the quota. *Id*. She was terminated in October

2  2019. *Id*.

3  **b.  Defendant's Statement of Facts**

4  The FAC pleads only conclusory facts that do not warrant a substantive response under

5  Rules 8 and 12.   As explained in Amazon's pending Rule 12 motion, the Court should dismiss

6  Plaintiff's First Amended Complaint ("FAC") because Plaintiff has failed to allege facts

7  sufficient to support her claim for disparate impact age discrimination under FEHA.  The Court

8  should also strike her class claims because the FAC pleads no plausible right to pursue relief on a

9  class-wide basis.  Because her discrimination claim fails, Plaintiff's derivative claims for failure

10  to prevent or correct discrimination and Unfair Competition Law ("UCL") also fail.

11  Amazon is an equal opportunity employer that does not discriminate on the basis of age or

12  any other category protected by law.  Amazon denies that it discriminated against Plaintiff on the

13  basis of her age.  Amazon denies that any alleged "quota" or any alleged "quota system" for

14  warehouse employees has a disparate impact on employees age 40 or older, including Plaintiff.

15  **III.    Legal Issues:**

16  **a.   Plaintiff's Statement of Legal Issues**

17  1.   Whether Defendants' application of its rate of production quota policy causes a

18  disparate impact on Plaintiff and other workers aged 40 and older experience in

19  violation of FEHA, Cal. Gov't Code § 12940, et seq.?

20  2.   Whether Amazon's rate of production quotas are a business necessity?

21  3.   Whether Defendants' use of its rate of production quota policy constitutes a failure

22  to prevent or correct discrimination in violation of FEHA, Cal. Gov't Code §

23  12940(k)?

24  **b.   Defendant's Statement of Legal Issues**

25  1.   Whether Plaintiff has pleaded a plausible claim for relief or a plausible class claim

26  under Rule 12;

27  2.   Whether Plaintiff's putative claims are suitable for resolution on a class basis

28  under Rule 23;

- 5 -

3.      Whether Amazon's yet-to-be-pleaded affirmative defenses would defeat or limit any purported liability;

4.      Whether Plaintiff and the putative class members are entitled to front- or back-pay, benefits, other economic or compensatory damages, or other equitable or monetary relief;

5.      Whether Plaintiff's allegations related to disparate impact have merit;

6.      Whether Plaintiff's allegations related to "failure to prevent or correct" age discrimination have merit;

7.      Whether Plaintiff's allegations related to purported violations of the Unfair Competition Law (Bus.& Prof. Code §§ 17200, et seq.) have merit;  and

8.      Whether Plaintiff and the putative class members are entitled to fees, costs, or other forms of relief.

**IV.    <u>Motions:</u>**

**a.      Plaintiff's Motions**

Plaintiff anticipates filing a motion for class certification within approximately10 months of the date of the Case Management Conference, should the Court order that Amazon file an answer to Plaintiff's FAC.

**b.      Defendant's Motions**

On February 8, 2022, Amazon filed a Rule 12 motion to dismiss and strike the class claims in response to the original complaint.  ECF 10.  On April 1, 2022, the Court granted the motion and dismissed Plaintiff's claims with leave to amend.   ECF 21.  On April 28, 2022, Plaintiff filed her FAC.  ECF 22.

On May 16, 2022, Amazon filed a Rule 12 motion to dismiss the FAC and to strike its class claims.  The motion is fully briefed and set for hearing at the same date and time as this Case Management Conference (i.e.,  June 30, 2022 at 9:30 a.m.).  At this time, Amazon anticipates filing some or all of the following motions, if the Court denies the pending motion (which it should not do):  (1) a motion to dismiss or strike in response to any Second Amended Complaint; (2) a motion for summary judgment or partial summary judgment; (3) discovery

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

C:\Users\MP097697\Desktop\O'Brien - Joint CMC
Statement.DOCX

JOINT CASE MANAGEMENT - CASE NO. 3:22-CV-00348-JSC

motions, as needed; and (4) motions *in limine*.

**V.**     **Amendment of Pleadings:**

     **a.**     **Plaintiff's Position**

Plaintiff anticipates that she may file an amended complaint, potentially to revise the class definition as discovery proceeds and to add additional plaintiffs seeking to represent the putative class.  Plaintiff proposes that this Court establishes January 20, 2023, as the deadline for seeking leave to amend the pleadings in this matter.

     **b.**     **Defendant's Position**

Amazon has not yet filed a responsive pleading and believes it is premature to set deadlines for the amendment of pleadings in light of its pending Rule 12 motion. If the Court is inclined to set a schedule, Amazon believes the deadline to amend pleadings should be November 18, 2022.

**VI.**     **Evidence Preservation:**  The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI") and conferred about the preservation of evidence pursuant to Rule 26.  At this time, the parties do not expect issues related to the disclosure or discovery of ESI.  The parties recognize that electronically stored information will be exchanged in a usable format when available.

**VII.**     **Disclosures:**  The parties have exchanged initial disclosures in compliance with Rule 26(f).

**VIII.**     **Discovery Plan:**

     **a.**     **Plaintiff's Position**

Plaintiff served Defendant with a focused set of initial interrogatories, document requests, and a Rule 30(b)(6) deposition notice for Defendant's person most knowledgeable after the Rule 26(f) early meeting of counsel.  Defendant served objections on May 13, 2022.  Plaintiff is willing to re-serve this discovery after the ruling on Defendant's motion to dismiss, if the Court believes that this is a preferable way to proceed.

Plaintiff believes it is necessary to conduct written discovery on Amazon's policies and practices regarding its rate of production quotas and the size and scope of the putative class,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

C:\Users\MP097697\Desktop\06.21 Jones CMC JOINT CASE MANAGEMENT - CASE NO. 3:22-CV-00348-JSC
Statement.DOCX

including, among other things, their hiring databases, historical databases, termination records, time and payroll databases, job categories, rates of pay, duration of employment, job hires/job terminations (including rate of production quota-related terminations), job quits, age distribution of workers compensation injuries, and contact information of putative class members.  Plaintiff also intends to conduct a 30(b)(6) deposition of Defendant to take place after the responses to written discovery have been received.

The parties can focus their discovery on class certification issues, though some merits and damages discovery is intrinsically included in class certification discovery.  Plaintiff does not believe that formal phasing is needed.  Plaintiff expects she can complete class certification discovery within 10 months after the date of the Case Management Conference, should the Court order that Amazon file an answer to Plaintiff's FAC.  If the class is certified, the parties can focus primarily on merits and damages discovery, and Plaintiff believes that it would be helpful to set pretrial and trial-related deadlines at a post-certification status conference.

Plaintiff does not believe changes to the discovery rules are needed.

If Defendant claims privilege, Plaintiff requests that Defendant identify such information at the earliest date possible.  As noted below, Plaintiff is willing to enter into a protective order to facilitate the production of confidential information.

The parties met and conferred and agreed to stipulate to a general electronic service agreement, including discovery, and have exchanged electronic service lists.

### b.    Defendant's Position

Plaintiff should make no further attempts to conduct discovery because she has failed to allege any plausible claim.  In its order dismissing the original complaint, the Court rejected Plaintiff's request to take discovery in order to try to discover the basis for a claim.  The Court explained, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions . . . .  [P]leadings must assert well-pleaded factual allegations to advance to discovery."  ECF 21 at ¶ 8.

Nevertheless, on April 4, 2022, with no pleading on file, Plaintiff served voluminous written discovery, including a Rule 30(b)(6) deposition notice, requests for production, and

C:\Users\MP097697\Desktop\Joren Jones CMC
Statement.DOCX

interrogatories on Amazon.  Amazon objected to this discovery for a variety of reasons, including that it was premature and ran afoul of the Court's order.

If this case proceeds to discovery, the Parties should conduct discovery in two phases with the first phase focusing on discovery needed for a class certification motion and a second phase, if any, focusing on additional merits issues.

Amazon anticipates taking discovery on all issues raised by Plaintiff in her then-operative complaint.  Amazon anticipates serving written discovery and deposing Plaintiff, any individual who files a declaration in support of or on behalf of Plaintiff's and her claims, and a portion of the putative class members.  Amazon does not believe the Court should modify any limits on discovery in the Federal Rules of Civil Procedure at this time.  If the case proceeds to discovery, Amazon anticipates the Parties will stipulate to the Northern District of California's standard protective order governing discovery.

## IX.     Class Actions:

The parties have reviewed the Procedural Guidance for Class Action Settlements.

### a.      Plaintiff's Position

**Class Description:**  Plaintiff brings this action on behalf of herself and "all current and former employees of Amazon, aged 40 and older, who worked at Amazon warehouses in California, including its fulfillment centers, distribution centers, and delivery centers, and who have been or continue to be subjected to a quota policy and practice or had to meet a quota, during the period from January 1, 2019, to the present (collectively, the "Class")."  FAC, ¶ 41. Discovery is ongoing and Plaintiff anticipates that she might need to amend the currently alleged class definition.

**Fed. R. Civ. P. 23:**  Plaintiff believes that she can maintain a class action under Fed. R. Civ. P 23(a), 23(b)(2), and 23(b)(3).  Plaintiff believes the members of the class exceed 1,000 persons and thus, joinder of all members would be impractical, if not impossible.  Further, Plaintiff's claims are typical of the class and common questions predominate.  Here, Plaintiff alleges that it is Amazon's common practice that employees are required to meet an hourly quota of items moved through their respective work posts or suffer an adverse employment action if

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -

C:\Users\MP097697\Desktop\Jones CMC
Statement.DOCX

JOINT CASE MANAGEMENT - CASE NO. 3:22-CV-00348-JSC

they fail to do so.  FAC, p. 2, lines 12-14, ¶¶ 2, 13, 16, 54.  Amazon's use of this quota system drives employees excessively and causes work injuries far greater than other businesses' warehouses, which causes a disparate impact on employees aged 40 and older.  Older workers aged 40 and above are more likely to develop injuries and when they do, they require more time away from work than younger workers.  *Id*. at ¶¶ 65-67.  Older workers aged 40 and over therefore are less likely to be able to meet their quotas and thus, more likely to suffer adverse employment actions such as terminations.  *Id*. at ¶¶ 65, 68-70.

The case turns on this contention – does Defendant's rate of production quota policy have a disproportionately adverse effect on workers aged 40 and above?  If so, it is a discriminatory practice in violation of FEHA.  *See* FAC, ¶ 45; *see also* Cal. Gov't Code §§ 12940(a), 12941.  Defendant can argue it does not but, regardless of truth or falsity, it is a common issue on which liability turns and is capable of class-wide resolution.

**Proposed Timeline for Certification:**  Plaintiff anticipates that she can file a motion for class certification on or before ten months from the current CMC Conference or from the date that Defendant files an answer to the FAC, and accordingly would ask that the Court set a date for hearing on Plaintiff's motion for class certification on or after May 1, 2023.

### b.    Defendant's Position

Amazon's pending motion requests dismissal without leave to amend, which is the appropriate disposition in light of the FAC's poor condition and the Court's order dismissing the original complaint.  ECF No. 24.  Thus, Amazon believes it is premature to set a deadline for a motion to certify a class.  Indeed, there is no reason to believe Plaintiff could satisfy her burden under Rule 23 for the FAC's proposed class (or any other class similar in scope to the one she proposes in the FAC).

If the Court is inclined to grant Amazon's Rule 12 motion with leave to amend, Amazon asks the Court to continue this initial CMC until the hearing date on Amazon's presumptively forthcoming Rule 12 motion in response to any Second Amended Complaint.  If the Court is inclined to set a case schedule now, Amazon believes the Court should set a deadline for Plaintiff to file any motion for class certification in approximately April 2023.

- 10 -

**X.**   **Related Cases:**  The parties are not aware of any related cases or proceedings.

**XI.**   **Relief:**

a. **Plaintiff's Position**

Plaintiff is seeking for herself and the putative class lost back wages, lost front wages, lost raises, and compensatory damages, including but not limited to emotional distress.  Plaintiff believes that it would be appropriate for the trier of fact to award lost back wages in a range of anywhere from six months of pay to one year of pay for herself and each member of the putative class.  Additionally, Plaintiff could establish lost front wages of the difference between the last day of work at Amazon and the next hire date and calculate the average amount of lost wages from the average rate of pay while at Amazon multiplied by the months out of work.  Similarly, based on discriminatory work schedules and lower pay to the putative class, Plaintiff can use the records of Amazon to calculate the damages.  Plaintiff also seeks compensatory damages for pain and suffering and emotional distress, and anticipates using an expert and depositions to determine these on a class wide basis.

Plaintiff does not currently have in her possession the documents relating to Defendants' policies, practices, and procedures regarding the damages sought, or the records, such as time worked, rates of pay, periods of employment, specific to Plaintiff and the putative class members.   Accordingly, without the full records she is unable to calculate the exact damages owed to Plaintiff and the putative class at present, however, Plaintiff currently estimates that for herself, she is owed approximately $30,000-$60,000 in lost wages and an additional amount of compensation for emotional distress damages.  Plaintiff believes that once provided the further documents, data, and information from Defendant Plaintiff will more precisely estimate Plaintiff's damages and will calculate the damages owed to the class(es). Plaintiff will supplement the damages amount and calculations when she receives such data from Defendants. Plaintiff believes these damages can be ascertained and calculated from Defendants' records for Plaintiff and the putative class, including but not limited to time and payroll databases, historical hiring and termination data, representative testimony, a sampling of putative class and subclass members, expert testimony, and statistical evidence.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

JOINT CASE MANAGEMENT - CASE NO. 3:22-CV-00348-JSC

C:\Users\MP097697\Desktop\06.21 Jones CMC
Statement.DOCX

1

**b.     Defendant's Position**

2

Defendant denies that Plaintiff and any putative class members is entitled to relief.

3

**XII.     Settlement and ADR:**

4

**a.     Plaintiff's Position**

5

The parties met and conferred as to ADR on March 30, 2022, but at that time Defendant

6

indicated it felt it premature to commit to an ADR process.

7

Plaintiff believes that the most successful ADR process would be private mediation with a

8

mutually agreed-upon private mediator.  To facilitate a meaningful mediation session, Plaintiff

9

requests a formal exchange of (a) Plaintiff's full employment file and records; (b) Amazon's

10

policies on rate of production quotas and the jobs, and time periods, to which they are applied in

11

California; (c) the number of persons age 40 and over during the putative class period, their time

12

periods of work, average pay, and number of terminations and quits; and (d) a sample of putative

13

class members with whom Plaintiff may communicate.

14

Plaintiff is amenable to private mediation either prior to filing her motion for class

15

certification, prior to a ruling on her motion for class certification, or within 90 days of the

16

Court's ruling on her motion for class certification.  During the meet and confer regarding ADR,

17

Plaintiff proposed the names of Anthony Piazza and Jeff Krivis to counsel for Defendant as

potential mediators for this case.

18

**b.     Defendant's Position**

19

Amazon believes settlement and ADR efforts are premature at this time.  The parties have

20

complied with ADR L.R. 3.5.

21

**XIII.     Consent to Magistrate Judge For All Purposes:**  The parties previously

22

consented to Magistrate Judge Corley, now U.S. District Judge Corley, for all purposes in this

23

proceeding.

24

**XIV.     Other References:**  The parties do not believe this case is suitable for reference to

25

binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

26

**XV.     Narrowing of Issues:**

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 12 -

C:\Users\MP097697\Desktop\06.16 Joint CMC
Statement.DOCX

JOINT CASE MANAGEMENT - CASE NO. 3:22-CV-00348-JSC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### a.    Plaintiff's Position

After the Court's ruling on Defendant's pending motion to dismiss or strike, Plaintiff does not believe there are presently any issues which may be narrowed to expedite this case.

### b.    Defendant's Position

Amazon believes the issues in this case will be narrowed through its pending motion to dismiss, any future amended complaint, and any subsequent motions to dismiss.

**XVI.    Expedited Trial Procedure:**  The parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**XVII.    Scheduling:**

### a.    Plaintiff's Proposed Schedule

|  | Plaintiff's Proposal |
|---|---|
| Initial ADR Session | January – February 2023 |
| Last Day to Seek Leave to Amend Pleadings and/or Add Parties | January 20, 2023, to allow for amendment or potential addition of additional class representatives after some discovery has been completed |
| Designation of Experts | February 5, 2024, except for rebuttal witnesses |
| Discovery Cut-Off | April 8, 2024 |
| Last Day to File Dispositive Motions | March 1, 2024 |
| Pretrial Conference | April 22, 2024 |
| Trial | May 6, 2024, for class action trial if a class is certified |

### b.    Defendant's Proposed Schedule:

As noted above, if the Court is inclined to grant Amazon's Rule 12 motion with leave to amend, Amazon asks the Court to continue this initial CMC until the hearing date on Amazon's presumptively forthcoming Rule 12 motion in response to any Second Amended Complaint.  If the Court is inclined to set a case schedule now, Amazon proposes the following schedule:

| Event | Defendant's Proposal |
|---|---|
| L/D to Seek Leave to Amend Pleadings and/or Add Parties. | November 18, 2022 |
| L/D for Plaintiff to Disclose Experts (Class Cert.) | March 25, 2023 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

C:\Users\MP097697\Desktop\06 - Jones CMC
Statement.DOCX

JOINT CASE MANAGEMENT - CASE NO. 3:22-CV-00348-JSC

| | |
|---|---|
| L/D for Plaintiff to Disclose Names and Deposition Availability for Declarants Who May Support Motion to Certify Class | April 15, 2023 |
| L/D for Plaintiff to File Motion to Certify Class | April 22, 2023 |
| L/D for Parties to Submit Joint Scheduling Proposal for (i) Opposition, Reply, and Hearing on Motion to Certify Class, (ii) Completion of Plaintiff's Declarant Depositions, (iii) Defendant's Disclosure of Expert Reports (Class Cert.), and (iv) Completion of Expert Depositions (Class Cert.) | May 6, 2023 |
| Other Dates | TBD after order on class certification motion. |

**XVIII.     Trial:**

> **a.     Plaintiff's Position:**

Plaintiff believes a jury trial of the claims is appropriate and has requested jury trial. Plaintiff estimates 10-15 court days for trial.

> **b.     Defendant's Position:**

Amazon believes it is premature to approximate the length of any trial in this action.

**XIX.     Disclosure of Non-Party Interested Entities or Persons:**

Plaintiff certifies that no non-party interested entities or persons are known other than that of the named Plaintiff.

Amazon filed its Certificate of Interested Parties on January 18, 2022.  In its certificate, Amazon identified the following entities or parties that have any financial interest in the subject matter in controversy or in a party to this proceeding, or have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Plaintiff, Defendant, and Amazon.com Sales, Inc.  Additionally, Amazon disclosed that Amazon.com, Inc. is a publicly held corporation that has no parent corporation nor publicly held

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

C:\Users\MP097697\Desktop\06Hern_Jones CMC
Statement.DOCX

JOINT CASE MANAGEMENT - CASE NO. 3:22-CV-00348-JSC

corporation that owns 10% or more of its stock.  Amazon also disclosed that Amazon.com Services LLC is wholly owned by Amazon.com Sales, Inc.

**XX.**     **Professional Conduct:**  Counsel for all parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XXI.**     **Other Matters that may Facilitated the Disposition of this Matter:**

   **a.**     **Plaintiff's Position:**

Plaintiff believes it would be helpful to have a protective order in place to expedite the full production of information needed for class certification and/or trial.  Plaintiff suggests that the parties seek to agree on the terms of a Protective Order governing confidential documents and will submit any agreed order to the Court for approval.

   **b.**     **Defendant's Position:**

If this case proceeds to discovery, Defendant agrees to enter a protective order consistent with the Northern District of California's Model Protective Order.

Dated:  June 23, 2022                              LAW OFFICE OF ERIC HONIG AND
                                                   LAW OFFICES OF PETER M. HART

                                                   By: _/s/ Eric S. Honig_
                                                       Eric S. Honig
                                                       Ashlie E. Fox
                                                       Peter M. Hart
                                                       Attorneys for Plaintiff
                                                       MICHELE OBRIEN

Dated:  June 23, 2022                              MORGAN, LEWIS & BOCKIUS LLP

                                                   By  _/s/ Brian D. Berry_
                                                       Brian D. Berry
                                                       Sarah Zenewicz
                                                       Roshni C. Kapoor
                                                       Anahi Cruz
                                                       Attorneys for Defendant
                                                       AMAZON.COM SERVICES LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

JOINT CASE MANAGEMENT - CASE NO. 3:22-CV-00348-JSC

C:\Users\MP097697\Desktop\obrien Joint CMC
Statement.DOCX